**NATALIE K. WIGHT, OSB # 035576**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **THRIVE HOOD RIVER; OREGON WILD; SIERRA CLUB; OREGON NORDIC CLUB; FRIENDS OF MOUNT HOOD; OREGON KAYAK AND CANOE CLUB;** and **MIKE MCCARTHY**,<br><br>    Plaintiffs,<br><br>v.<br><br>**META LOFTSGAARDEN;** and **UNITED STATES FOREST SERVICE**,<br><br>    Defendants. | Case No. 3:22-cv-01981-AR<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants answer Plaintiffs' first amended complaint, ECF 4.  The numbered paragraphs of this answer correspond to the numbered paragraphs of the first amended complaint.  To the extent that the section headings used in this answer follow the section headings used in the first amended complaint, they are used solely for the purpose of organizational convenience.

## INTRODUCTION

1. Regarding the first sentence, Defendants admit that in 2009 Congress passed legislation regarding an exchange of Federal (U.S. Forest Service-administered) and non-Federal parcels of land in the Government Camp and Cooper Spur areas at Mt. Hood; Defendants deny any characterizations contrary to the legislation's plain language, meaning, and context, including the land-exchange clarification legislation that Congress passed in 2018.  Regarding the second through fourth sentences, Defendants admit that Plaintiffs purport to characterize the intent and substance of the 2009 legislation; Defendants deny any characterizations contrary to the legislation's plain language, meaning, and context, including the land-exchange clarification legislation that Congress passed in 2018.  Regarding the fourth sentence, Defendants deny that the 2009/2018 legislation mandated a "Clean Sweep," which would involve the exchange of all

Federal land and all land owned by Mt. Hood Meadows contemplated in the legislation.

2. Regarding the first sentence, Defendants deny that there a legal or legislative requirement for a "Clean Sweep" and otherwise deny as speculative. Regarding the second sentence, Defendants deny, but admit that in 2022 the U.S. Forest Service reached a formal decision on an exchange of Federal and non-Federal parcels of land in the Government Camp and Cooper Spur areas, and admit that the Forest Service and Mt. Hood Meadows executed a formal Exchange Agreement regarding the parcels. Regarding the third and fourth sentences, Defendants deny. Regarding the fifth sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations, except Defendants admit that Plaintiffs are bringing this suit. Regarding the sixth and seventh sentences, Defendants deny.

3. Regarding the first and second sentences, Defendants admit that Plaintiffs identify the parties to this action. Regarding the third sentence, Defendants admit that Plaintiffs characterize the relief they are seeking in their lawsuit. Regarding the fourth sentence, Defendants admit that Plaintiffs acknowledge they are challenging the U.S. Forest Service's May 3, 2022 final Record of Decision and the

underlying Environmental Impact Statement. Regarding the fifth sentence, Defendants deny.

## JURISDICTION AND VENUE

4. Defendants admit that Plaintiffs assert legal conclusions regarding subject-matter jurisdiction and exhaustion of administrative remedies, to which no response is required.

5. Defendants admit that Plaintiffs assert legal conclusions regarding venue, to which no response is required. Defendants otherwise admit that Defendant Loftsgaarden resides in the District of Oregon. Regarding Plaintiffs' allegations of unidentified/unspecified "events or omissions giving rise to the claims," Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

6. Defendants admit that Plaintiffs assert legal conclusions regarding divisional venue, to which no response is required. Defendants otherwise admit that the Mt. Hood National Forest Supervisor signed the challenged Record of Decision and she is headquartered in Sandy, Oregon, within Clackamas County.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief

regarding the truth of the allegations.

8. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

9. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

10. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

11. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

12. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

13. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

14. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

15. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

16. Regarding the first three sentences, Defendants admit that Plaintiffs McCarthy and Thrive Hood River are plaintiffs in pending litigation in Hood River County Circuit Court in which the U.S. Forest Service is

not a party, but Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations. Regarding sentences four through six, Defendants admit that Plaintiffs assert legal conclusions, to which no response is required, and to the extent Plaintiffs' assertions are factual allegations, Defendants deny as speculative.

17. Regarding the first sentence, Defendants lack knowledge or information regarding the truth of the allegations addressing a 2005 settlement agreement to which Defendants are not parties.  Regarding the second and third sentences, Defendants admit that the Forest Service is generally aware of the existence of a 2005 agreement, although it is not a party to the agreement and not familiar with the details and further history of such agreement.  Regarding the fourth and fifth sentences, Defendants admit that Plaintiffs assert legal conclusions regarding supposed interference with their contractual relationships, to which no response is required.  To the extent that these conclusions are deemed factual allegations, Defendants deny.

18. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

19. Defendants admit that Plaintiffs assert legal conclusions regarding

their supposed legal interests and injuries, to which no response is required.

20. Regarding the first sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Plaintiffs' participation in unidentified/unspecified "administrative actions."  Regarding the second sentence, Defendants admit that Plaintiffs participated in the U.S. Forest Service administrative objection process that preceded the Forest Service's May 3, 2022 Record of Decision.  Also regarding the second sentence, Defendants admit that Plaintiffs assert legal conclusions regarding their exhaustion of administrative remedies, to which no response is required; to the extent Plaintiffs' assertions are deemed factual, Defendants deny that Plaintiffs exhausted their administrative remedies regarding all the claims in their first amended complaint.  Regarding the third sentence, Defendants admit that Plaintiffs assert legal conclusions regarding subject-matter jurisdiction, to which no response is required.

21. Defendants admit.

22. Defendants admit, except they deny the allegation that Defendant is "the official responsible for deciding whether the Proposed Exchange is

compliant with law." Instead, Defendants aver that Defendant is the official responsible for issuing the Record of Decision with its associated findings.

## STATUTORY AND REGULATORY FRAMEWORK

### The National Environmental Policy Act ("NEPA")

23. Defendants admit that Congress enacted NEPA in 1969, and that Plaintiffs purport otherwise to characterize NEPA and NEPA regulations and their legal import, but Defendants deny any characterizations contrary to the plain language, meaning, and context of NEPA, the applicable regulations, and other relevant authorities.

24. Defendants admit that Plaintiffs assert legal conclusions regarding this Court's subject-matter jurisdiction, to which no response is required.

25. Defendants admit that Plaintiffs purport to characterize a NEPA provision and NEPA requirements, but Defendants deny any characterizations contrary to the plain language, meaning, and context of NEPA, the applicable regulations, and other relevant authorities.

*Environmental Impact Statement*

26. Defendants admit that Plaintiffs purport to characterize an uncited NEPA legal requirement, but Defendants deny any characterizations contrary to the plain language, meaning, and context of NEPA, the

applicable regulations, and other relevant authorities.

27. Defendants admit that Plaintiffs purport to characterize uncited NEPA legal requirements, but Defendants deny any characterizations contrary to the plain language, meaning, and context of NEPA, the applicable regulations, and other relevant authorities.

### *United States Forest Service Project-Level Pre-decisional Administrative Review Process Regulations*

28. Defendants admit that Plaintiffs purport to characterize the process established by the U.S. Forest Service regulations codified at 36 C.F.R. § 218.1, but deny any characterizations contrary to the plain language, meaning, and context of the regulations and other relevant authorities.

29. Defendants admit that Plaintiffs purport to define "objections" under the 36 C.F.R. § 218 process, but deny any definition contrary to the plain language, meaning, and context of the regulations and other relevant authorities.

### **The 2009 Omnibus Act and the 2018 Clarification Act**

30. Regarding the first sentence, Defendants admit that in 2009 Congress passed the Omnibus Public Land Management Act of 2009, Pub. L. 111-11, 123 Stat. 991 (the "Omnibus Act"), and that the Omnibus Act addressed a potential land exchange between Mt. Hood Meadows and the U.S. Forest Service, but Defendants otherwise deny.  Regarding the

second sentence, Defendants admit that part of the Omnibus Act was clarified and amended in 2018 by the Mount Hood Cooper Spur Land Exchange Clarification Act, Pub. L. 115-110, 131 Stat. 2270 (the "Clarification Act"). Regarding the third sentence, Defendants admit that Plaintiffs describe their own naming convention.

31. Regarding the first sentence, Defendants admit that Plaintiffs have attached legislative text as exhibit A to their first amended complaint, but Defendants deny that this exhibit contains all of the operative and salient language that Congress passed in the Omnibus Act and/or Clarification Act regarding the Mount Hood land exchange. Regarding the second sentence, Defendants admit that Plaintiffs discuss and characterize the Omnibus Act and Clarification Act in their claims for relief.

## The Administrative Procedure Act ("APA")

32. Defendants admit that Plaintiffs purport to characterize legal rights established by the APA, but Defendants deny any characterizations contrary to the plain language, meaning, and context of the APA and other relevant authorities. To the extent that Plaintiffs assert legal conclusions regarding the APA, those require no response.

33. Defendants admit that Plaintiffs purport to characterize judicial review

provisions in the APA and the legal definition of "final agency action," but Defendants deny any characterizations contrary to the plain language, meaning, and context of the APA and other relevant authorities. To the extent that Plaintiffs assert legal conclusions regarding the APA and "final agency action," those require no response.

34. Defendants admit that Plaintiffs purport to characterize judicial review provisions in the APA, but Defendants deny any characterizations contrary to the plain language, meaning, and context of the APA and other relevant authorities.

35. Defendants admit that Plaintiffs assert a legal conclusion regarding the judicial reviewability of the U.S. Forest Service's May 3, 2022 Record of Decision, to which no response is required.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (NEPA and APA)

36. Defendants incorporate by reference their responses to all preceding paragraphs in the first amended complaint.

37. Defendants admit that Plaintiffs assert a hypothetical legal conclusion regarding their entitlement to costs/expenses/fees if they prevail in this lawsuit, which requires no response.

## Count 1

### *(Purpose and Need statement)*

38. Defendants admit that Plaintiffs assert legal conclusions regarding judicial review of a portion of an Environmental Impact Statement and regarding the governing context for the U.S. Forest Service's Record of Decision, which require no response.

39. Defendants deny.

40. Regarding the first sentence, Defendants admit that Plaintiffs assert a legal conclusion regarding particular agency NEPA duty, to which no response is required. Regarding the second sentence, Defendants admit that Plaintiffs quote from a single sentence in the Environmental Impact Statement but deny any characterizations contrary to the plain language, meaning, and context of that document and other relevant documents and authorities. Regarding the third through fifth sentences, Defendants deny.

41. Defendants deny.

42. Defendants deny.

## Count 2

### *(The selected alternative/purpose and need)*

41. Regarding the first sentence, Defendants admit that Plaintiffs quote

from a single sentence in the Environmental Impact Statement, but deny any characterizations contrary to the plain language, meaning, and context of that document and other relevant documents and authorities. Regarding the second and third sentences, Defendants deny.

42. Defendants deny.

## Count 3

### *(Range of alternatives)*

43. Defendants admit that Plaintiffs purport to characterize uncited NEPA legal requirements regarding alternatives analysis in an Environmental Impact Statement, but Defendants deny any characterizations contrary to the plain language, meaning, and context of NEPA, the applicable regulations, and other relevant authorities.

44. Defendants deny.

47. Defendants deny.

48. Defendants deny.

49. Defendants deny.

50. Defendants deny, except regarding the second sentence Defendants admit that Plaintiffs quote from a portion of a provision in the Omnibus Act, but deny any characterization contrary to the plain language,

meaning, and context of the entire provision.

## Count 4

### *(Publication of appendix)*

51. Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize a NEPA regulation, but deny any characterization contrary to the plain text, meaning, and context of the regulation and other relevant authorities. Regarding the second sentence, Defendants admit. Regarding the remaining sentences, Defendants deny.

## Second Claim for Relief
### (Omnibus Act/Clarification Act and APA)

52. Defendants incorporate by reference their responses to all preceding paragraphs in the first amended complaint.

## Count 1

### *(Number of Federal and non-Federal acres subject to land exchange)*

53. Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize statements in the Environmental Impact Statement and Record of Decision, but deny any characterizations contrary to the plain language, meaning, and context of these documents and other relevant documents and authorities. Regarding the remaining sentences, Defendants deny.

54. Regarding the first sentence, Defendants admit that Plaintiffs purport

to characterize the contents of the Environmental Impact Statement and Record of Decision, but deny any characterizations contrary to the plain language, meaning, and context of these documents and other relevant documents and authorities; Defendants also deny Plaintiffs' allegations regarding "no actual need."  Regarding the remaining sentences, Defendants deny.

## Count 2

### *(Availability of complete appraisals)*

55. Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize a legal requirement in the Omnibus Act/Clarification Act, but deny any characterization contrary to the plain language, meaning, and context of the legislation.  Regarding the second sentence, Defendants deny.

## Count 3

### *(Supposed flaw(s) in appraisals)*

56. Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize a legal requirement in the Omnibus Act/Clarification Act, but deny any characterization contrary to the plain language, meaning, and context of the legislation.  Regarding the remaining sentences, Defendants deny.

Page 15    Defendants' Answer to First Amended Complaint; *Thrive Hood River, et al. v. Loftsgaardem, et al.*, Case No. 3:22-cv-01981-AR

## Count 4

### *(Supposed requirement to update appraisals)*

57. Defendants admit that Plaintiffs purport to characterize a supposed requirement in the Omnibus Act/Clarification Act, but deny any characterization contrary to the plain language, meaning, and context of the legislation.

58. Defendants admit.

59. Defendants admit that Plaintiffs filed this action on December 24, 2022, and that the date that Plaintiffs filed this action is more than three years after the Secretary approved the final appraised value. Defendants also admit that the U.S. Forest Service and Mt. Hood Meadows executed a formal Exchange Agreement on May 4, 2022, and that these parties have not yet transferred title to the exchange parcels.  Defendants admit that the U.S. Forest Service has not reappraised or updated the final appraised value.

60. Defendants deny.

The remainder of Plaintiffs' first amended complaint consists of their Prayer for Relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENDANTS' GENERAL DENIAL

Defendants deny each allegation in the first amended complaint that they have not specifically admitted or otherwise responded to in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs are barred from advancing claims or issues they failed to raise/exhaust in their formal administrative objections, including the fourth count of their second claim for relief.

2. Plaintiffs cannot demonstrate standing or legal injury with regard to their use/enjoyment of the privately-held Cooper Spur parcels.

3. Plaintiffs' desired "Clean Sweep" remedy is contradictory to Plaintiffs' allegations that exchange of the Government Camp Federal parcels harms their interests because it excludes them from those currently-public lands.

4. Plaintiffs challenge the U.S. Forest Service's May 3, 2022 Record of Decision as a final agency action and therefore may not rely on post-decisional evidence to attack the Record of Decision.

5. Plaintiffs' action is brought inequitably and/or with unclean hands and/or their position is subject to estoppel.  Plaintiffs themselves allege they are pursuing legal remedies in state court that would alter the ownership status of the exchange lands identified by Congress in the

Omnibus Act/Clarification Act. Plaintiffs' state-court lawsuit is inconsistent with their position in the instant case and would frustrate and prevent Congressional intent in the land exchange, and Plaintiffs therefore may not claim in this action that they would seek to preserve Congressional intent regarding the exchange.

6. Plaintiffs' action is brought inequitably and/or with unclean hands and/or their position is subject to estoppel; Plaintiffs earlier sued the U.S. Forest Service for delaying the land exchange, but Plaintiffs themselves are now delaying the completion of the land exchange. Plaintiffs have filed a *lis pendens* against exchange property parcels because of the state-court litigation they are pursuing, and that *lis pendens* has created a cloud on title that prevents title transfer of the exchange parcels. Plaintiffs have attempted to drag out the state court litigation to forestall the land exchange.

7. Plaintiffs cannot seek summary judgment on any supposed violations that are not identified or specified in their complaint.

8. Plaintiffs' NEPA claims fail in relying on a supposed duty to undertake economic/valuation/monetary compensation analysis, because they fail to identify any environmental effects inherent to these purely economic factors.

9. Plaintiffs have no viable claim against Defendants for supposed interference with contractual relationships, and therefore have no valid claim of injury in this action related to this supposed tort.

DATED this 1st day of May, 2023.

                                          Respectfully submitted,

                                          NATALIE K. WIGHT
                                          United States Attorney
                                          District of Oregon

                                          */s/ Sean E. Martin*
                                          SEAN E. MARTIN
                                          Assistant United States Attorney
                                               Attorneys for Defendants