**STEPHEN J. ODELL, OSB #903530**
MARTEN LAW LLP
1050 SW Sixth Ave., Ste. 2150
Portland, Oregon 97204
Telephone: (503) 241-2648
E-mail: sodell@martenlaw.com

*Attorney for Defendant-Intervenor Mt. Hood Meadows OREG., LLC*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **THRIVE HOOD RIVER; OREGON WILD; SIERRA CLUB; OREGON NORDIC CLUB; FRIENDS OF MOUNT HOOD; OREGON KAYAK AND CANOE CLUB;** and **MIKE MCCARTHY**, | Case No. 3:22-cv-01981-AR |
| Plaintiffs, | **ANSWER OF DEFENDANT-INTERVENOR MT. HOOD MEADOWS OREG., LLC TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **META LOFTSGAARDEN;** and **UNITED STATES FOREST SERVICE**, | |
| Defendants, | |
| and | |
| **MT. HOOD MEADOWS OREG., LLC**, | |
| Defendant-Intervenor. | |

Pursuant to Federal Rules of Civil Procedure 7(a)(2) and 8, Defendant-Intervenor Mt.

Hood Meadows OREG., LLC ("MHMO" or "Meadows") hereby respectfully submits this

Page 1 – DEFENDANT-INTERVENOR MT. HOOD MEADOWS OREG., LLC'S ANSWER

Answer to the First Amended Complaint for Declaratory and Injunctive Relief, Vacatur of Illegal Agency Decision ("Complaint") (Dkt. #4) that Plaintiffs filed in the above-captioned action. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

1. With respect to the allegations in the first sentence of Paragraph 1 of the Complaint, MHMO admits that, in 2009, the Congress enacted legislation ("Original Exchange Act") directing the Forest Service to engage in an exchange of certain federal lands for certain other private lands within MHMO's ownership that resulted in the Government Camp-Cooper Spur Land Exchange that Plaintiffs challenge in this case ("Exchange"), but further aver in this regard that such legislation was amended in several important respects in 2018 in the Mount Hood Cooper Spur Land Exchange Clarification Act ("Exchange Clarification Act"). Most importantly with respect to such allegations, the Exchange Clarification Act expressly authorized that a lesser area of Federal land or non-Federal land prescribed for exchange in the Original Exchange Act could be conveyed if necessary to equalize the appraised values of the lands to be exchanged, "without limitation," which manifestly contradicts Plaintiffs' characterization of the legislatively prescribed Exchange as intending a "Clean Sweep" (a term that appears nowhere in either the Original Exchange Act or Exchange Clarification Act). The allegations in the second and third sentences of Paragraph 1 reflect Plaintiffs' characterizations of the Original Exchange Act, which speaks for itself and is the best evidence of its content, and to which no response is therefore required. MHMO denies the allegations in the fourth sentence of the paragraph.

2. MHMO admits the allegations in the first and third sentences of Paragraph 2 of the Complaint, but further avers in response to such allegations that the legislation prescribing the Exchange does not require the "Clean Sweep" Plaintiffs apparently would have preferred, based on its averments set forth in Paragraph 1, above, and thus, that no action from this Court to direct

such an outcome is either required by the legislation or would be justified or appropriate. MHMO admits the allegations in the second sentence of Paragraph 2.  MHMO denies the allegations in the fourth sentence, and avers further in this regard that the Exchange is wholly consistent with the legislation that prescribed it and that the Exchange will offer significant and historic protections for the north side of Mt. Hood, by among other reasons:  prescribing that more than 1700 acres of the Mt. Hood National Forest become part of the Mt. Hood Wilderness-Tilly Jane Area; designating another 2700 acres both within the existing Forest and from the lands MHMO provided under the Exchange as the Crystal Springs Watershed Special Resources Management Unit; acquisition by the Forest Service of more than 600 acres that will be added to the boundaries of the Mt. Hood National Forest and managed pursuant to the conservation standards in the Land and Resource Management Plan; and because of local Hood River County zoning regulations that will continue to apply to the lands that MHMO owns on the north side of the mountain that were not included in the Exchange.  The allegations in the fifth and seventh sentences of the paragraph represent Plaintiffs' characterization of their case, to which no response is required.  MHMO denies the allegations in the sixth sentence of the paragraph.

3.  The allegations in the first four sentences of Paragraph 3 of the Complaint consist of a characterization of Plaintiffs' case to which no response is required.  The allegations in the fifth sentence of Paragraph 3 comprise legal conclusions to which no response is required, but insofar as any response may be required, MHMO denies all such allegations.

4.  The allegations in Paragraph 4 of the Complaint comprise legal conclusions to which no response is required.

5.  The allegations in Paragraph 5 of the Complaint comprise legal conclusions to which no response is required, although MHMO admits in regard to such allegations that the

headquarters of the Mt. Hood National Forest for which Defendant Meta Loftsgaarden is the Supervisor is located in the District of Oregon and that the Forest Service's decision to approve the Exchange that Plaintiffs challenge in this case also occurred in the District.

6.  MHMO admits the allegations in Paragraph 6 of the Complaint.

7.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

8.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

9.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

10.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

11.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

12.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

13.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

14.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

15.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

16.  MHMO admits the allegations in the first sentence of Paragraph 16 of the Complaint. The allegations in the second sentence of Paragraph16 represent Plaintiffs' characterization of the cited case and the documents Plaintiffs have filed in that case speak for themselves and are the best evidence of their contents, and thus, no response is required to such allegations.  The allegations in the third, fourth, and fifth sentences of the paragraph comprise wholly speculative legal conclusions or projections to which no response is required, although MHMO would aver in this regard that unwinding its 2002 land exchange with Hood River County ("Hood River County-MHMO Exchange") is not legally required and would be wholly unjustified.

17.  With respect to the allegations in the first sentence of Paragraph 17 of the Complaint, MHMO admits that Plaintiff Michael McCarthy and the Hood River Valley Residents Committee, along with MHMO and the Board of County Commissioners of Hood River County, entered into a settlement agreement in 2005, but would aver in this regard that the referenced 2005 Settlement Agreement is no longer in effect.  MHMO further avers in regard to such allegations that the referenced 2005 Settlement Agreement is no longer in effect for, at a

minimum, one or more of the following reasons:  (1) Plaintiff Thrive (when it still referred to itself as the Hood River Valley Residents Committee) effectively abandoned the 2005 Agreement when its counsel jointly developed in conjunction with counsel for MHMO, and then submitted to the Oregon congressional delegation, proposed language for what the Congress eventually enacted as the Exchange Clarification Act that is directly contrary to and explicitly inconsistent with the "Proposed Solution" as defined in the Agreement and which serves as the substantive foundation on which the entire Agreement was predicated; (2) Paragraph 5 of the Agreement notes that the parties' obligations are conditioned on abatement of the proceedings in the two state court cases referenced therein and, on February 18, 2021, the Oregon Supreme Court rescinded the abatement then pending in one of the cases, *Hood River Valley Residents' Cmte. v. Board of Cty. Comm'rs of Hood River Cty*, Case No. 020029CC (Hood River Cty. Circuit Ct.), whereupon the Court of Appeals reactivated that case, thereby invalidating that condition of the Agreement; (3) Plaintiffs Thrive and McCarthy have engaged in one or more material breaches of the 2005 Settlement Agreement by, among other things, having made various independent public statements regarding the agreement and taking actions to oppose the federal land exchange at issue in this case; and/or (4) one or more necessary preconditions as prescribed by the Agreement have failed to occur.  MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 17, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  The allegations in the third sentence of the paragraph purport to describe the cited 2005 Settlement Agreement, which speaks for itself and is the best evidence of its contents, and therefore, MHMO denies any such allegations insofar as they are inconsistent with that document's plain meaning.  The fourth sentence of the paragraph comprise legal conclusions, to

which no response is required.  MHMO denies the allegations in the fifth sentence of the paragraph, in part because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations related to the benefit of the bargain that Plaintiffs were seeking to achieve by entering into the cited 2005 Settlement Agreement, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of such allegations.  Finally, MHMO avers further in regard to the allegations in this paragraph that Plaintiffs cannot suffer the injuries they allege they have sustained related to the 2005 Settlement Agreement given that the agreement is no longer in effect on the basis of MHMO's averments, above.

18.    MHMO lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

19.    The allegations in Paragraph 19 of the Complaint comprise legal conclusions to which no response is required and, to the extent any response may be required, MHMO denies all such allegations or lacks information or knowledge sufficient to form a belief as to their truth or falsity, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

20.    MHMO admits the allegations in the first sentence of Paragraph 20 of the Complaint. The allegations in the second and third sentences of Paragraph 20 comprise legal conclusions to which no response is required.

21.    MHMO admits the allegations in Paragraph 21 of the Complaint.

22.    With respect to the allegations in the first sentence of Paragraph 22 of the Complaint, MHMO admits that Defendant Meta Loftsgaarden signed the Final Record of Decision authorizing the Exchange at issue in this case (ROD"), but otherwise lacks information or

knowledge sufficient to form a belief as to the truth or falsity of the remainder of such allegations, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  The allegations in the second sentence of Paragraph 22 represent a characterization of Plaintiffs' case, to which no response is required.

23.  With respect to the allegations in the first sentence of Paragraph 23 of the Complaint, MHMO avers that the Congress enacted the National Environmental Policy Act ("NEPA") in 1970 (not 1969, as Plaintiffs allege) upon President Nixon's signing it into law, see Pub. L. No. 91-190 (Jan. 1, 1970), while the remainder of such allegations comprise legal conclusions or purport to describe that statute, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with that document's plain meaning.  MHMO would further aver in regard to such allegations that the Congress recently amended NEPA.  Pub. L. No. x-y.  The allegations in the second, third, and fourth sentences of Paragraph 23 comprise legal conclusions or purport to describe the cited provisions of NEPA or broadly characterize non-specific regulations that have been issued pursuant to that statute, all of which speak for themselves and are the best evidence of their contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of the cited statutory provisions or referenced regulations.

24.  The allegations in Paragraph 24 of the Complaint comprise legal conclusions to which no response is required but, insofar as any response is required, MHMO admits such allegations.

25.  The allegations in the first sentence of Paragraph 25 of the Complaint comprise legal conclusions and/or purport to describe the cited provision of NEPA, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they

are inconsistent with the plain meaning of the cited provision.  MHMO admits the allegations in the second sentence of Paragraph 25.

26.  The allegations in Paragraph 27 of the Complaint comprise legal conclusions to which no response is required and, insofar as any response is required, MHMO denies such allegations.

27.  The allegations in Paragraph 27 of the Complaint comprise legal conclusions to which no response is required.

28.  The allegations in Paragraph 28 of the Complaint comprise legal conclusions and/or purport to describe the cited regulation, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of the cited provision.

29.  The allegations in Paragraph 29 of the Complaint comprise legal conclusions to which no response is required.

30.  With respect to the allegations in the first sentence of Paragraph 30 of the Complaint, MHMO admits that in 2009 the Congress enacted the Omnibus Public Land Management Act, while the remainder of such allegations comprise legal conclusions and/or purport to describe that statute, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with that document's plain meaning. MHMO admits the second sentence of Paragraph 30.  The allegations in the third sentence of the paragraph describe the manner in which Plaintiffs choose to refer to the cited statutes in the Complaint, and thus, does not require or warrant any response.

31. The allegations in Paragraph 31 of the Complaint simply describe Exhibit A to the Complaint and explain that Plaintiffs have chosen to refer to the statutes referenced in Paragraph 30 of the Complaint in their claims for relief, and thus, does not require or warrant any response.

32. The allegations in Paragraph 32 of the Complaint comprise legal conclusions and/or purport to describe the cited section of the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of the cited provision.

33. The allegations in Paragraph 33 of the Complaint comprise legal conclusions and/or purport to describe the cited section of the APA, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of the cited provision.

34. The allegations in Paragraph 34 of the Complaint comprise legal conclusions and/or purport to describe the cited section of the APA, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of the cited provision.

35. The allegations in Paragraph 35 of the Complaint comprise legal conclusions to which no response is required but, insofar as any response is required, MHMO admits such allegations.

36. In response to Paragraph 36 of the Complaint, MHMO restates and incorporates by reference its responses to all preceding paragraphs of this Answer.

37. The allegations in Paragraph 37 of the Complaint comprise legal conclusions to which no response is required and, insofar as any response is required, MHMO denies such allegations.

38.  The allegations in Paragraph 38 of the Complaint comprise legal conclusions to which no response is required, although insofar as such allegations require a response, MHMO admits the allegations in the second sentence of Paragraph 38 and denies the allegations in the paragraph's third sentence.

39.  The allegations in the first sentence of Paragraph 39 of the Complaint comprise legal conclusions to which no response is required and also purport to describe the Final Environmental Impact Statement the Forest Service prepared for the Government Camp-Cooper Spur Land Exchange and Forest Plan Amendment #21 ("FEIS"), which speaks for itself and is the best evidence of its contents, and thus, MHMO denies such allegations insofar as they are inconsistent with the plain meaning of that document.  The second and third sentences of Paragraph 39 comprise legal conclusions to which no response is required and, insofar as a response may be required, MHMO denies all such allegations.

40.  The allegations in the first sentence of Paragraph 40 of the Complaint comprise legal conclusions and/or purport to describe NEPA, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of that statute.  MHMO admits the allegations in the second sentence of Paragraph 40.  With respect to the allegations in the third sentence of the paragraph, including the two subparagraphs numbered 1 and 2 thereunder, MHMO admits that the quoted excerpts from the FEIS are in that document, but denies such allegations' characterization and framing of those excerpts and the remainder of such allegations comprise legal conclusions to which no response is required and, insofar as any response may be required, denies all such allegations.  The allegations in the fourth and fifth sentences of the paragraph comprise legal conclusions to which

no response is required and, insofar as a response may be required, MHMO denies such allegations.

41. The allegations in the first sentence of Paragraph 41 of the Complaint comprise legal conclusions to which no response is required and, insofar as a response may be required, MHMO denies such allegations. With respect to the allegations in the second sentence of Paragraph 41, MHMO admits that the quoted excerpts from the Original Exchange Act and FEIS are in those documents, respectively, but denies such allegations' characterization and framing of those excerpts and the remainder of such allegations comprise legal conclusions to which no response is required and, insofar as any response may be required, denies all such allegations. The allegations in the third sentence of the paragraph comprise legal conclusions to which no response is required and, insofar as a response may be required, MHMO denies such allegations.

42. The allegations in the first, second, fourth, and fifth sentences of Paragraph 42 of the Complaint comprise legal conclusions to which no response is required and, insofar as a response may be required, MHMO denies such allegations. MHMO denies the allegations in the third sentence of Paragraph 42, in part because the FEIS's Purpose and Need statement cannot, and is not designed to, ensure any ultimate decision arising from the FEIS's analysis, but rather to help frame that analysis and evaluation of potential alternatives to be considered in the FEIS.

43. The allegations in the first and fourth sentences of Paragraph 43 of the Complaint purport to purport to describe the FEIS, which speaks for itself and is the best evidence of its contents, and insofar as a response may be required, MHMO denies such allegations, in particular the extent that such allegations are inconsistent with the plain meaning of that document. The allegations in the second and third sentences of Paragraph 43 purport to describe the Exchange Clarification Act, which speaks for itself and is the best evidence of its contents,

and therefore, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of that act, but does admit that the quoted excerpt from that act set forth in the third sentence accurately reflects the snippet of the provision from which it is excerpted. The allegations in the fourth and fifth sentences of the paragraph comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.

44. MHMO admits the allegations in the first sentence of Paragraph 44 of the Complaint. The allegations in the second and third sentences of Paragraph 44 comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.

45. The allegations in Paragraph 45 of the Complaint comprise legal conclusions and/or purport to describe NEPA, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of that statute.

46. The allegations in the first sentence of Paragraph 46 of the Complaint comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations. The allegations in the second sentence of Paragraph 46, including the subparagraphs numbered 1-4 thereunder, purport to describe the FEIS, which speaks for itself and is the best evidence of its contents and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of that document. With further respect to the allegations in the subparagraphs of the paragraph's second sentence, MHMO also avers as follows: (a) the FEIS did expressly consider the proposal described at subparagraph 1 whereby MHMO would continue to operate the Cooper Spur Ski Area, on p. 52 of the FEIS, but reasonably rejected it from detailed consideration; (b) the proposal described at subparagraph 2

whereby MHMO would retain Tract 5 on which the Inn at Cooper Spur is located so as to continue to own and operate the inn is in fact a part of the Exchange as adopted by the Forest Service, and thus, was also expressly considered; (c) the proposal described at subparagraph 3 whereby MHMO would donate one or more of the parcels it is retaining under the Exchange is obviously not within the authority of the Forest Service to compel and, moreover, is no longer an acceptable option to MHMO given the extensive time, money, and resources it has had to devote simply to seeing the Exchange through to completion, and thus, the proposal is clearly outside the Purpose and Need to which the Forest Service was responding in preparing the FEIS; (d) the proposal described at subparagraph 4 whereby MHMO would retain a portion of Tract 7 that is adjacent to Tract 5 and/or authorizing timber harvest on the Tracts the Forest Service is acquiring pursuant to the Exchange are inconsistent with Forest Service regulations, Hood River County land-use regulations, or both; and (e) none of the referenced alternatives in this paragraph are reasonably acceptable to MHMO, which, given MHMO's role as a party to the Exchange, was a necessary prerequisite to ultimate execution of the Exchange the Congress directed the Forest Service to proceed with and consummate consistent with all applicable terms and conditions in the Original Exchange Act and Exchange Clarification Act if at all possible. Therefore, in sum with respect to the allegations in the subparagraphs of the paragraph's second sentence, MHMO avers that the FEIS did consider the proposals described in the subparagraphs or that such proposals are encompassed within the range of environmental effects of the alternatives the FEIS considered and/or do not constitute reasonable alternatives the environmental effects of which the Forest Service had an obligation to consider in detail in the FEIS.

47.  MHMO denies the allegations in the first sentence of Paragraph 47 of the Complaint. The allegations in the second and fourth sentences of Paragraph 47 purport to characterize the

FEIS and the ROD, which speak for themselves and are the best evidence of their contents, and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of the contents of those documents and otherwise denies such allegations on other grounds. The allegations in the third sentence of the paragraph comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.

48.   The allegations in the first sentence of Paragraph 48 of the Complaint comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations. The allegations in the second, third, and fourth sentences of Paragraph 48 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of the contents of that document and otherwise denies such allegations on other grounds except to admit that the FEIS contains the excerpted quote set forth in the fourth sentence.

49.   The allegations in the first and second sentences of Paragraph 49 of the Complaint purport to characterize the ROD, which speaks for itself and is the best evidence of its contents and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of the contents of that document and otherwise denies such allegations on other grounds. The allegations in the third sentence of Paragraph 49 comprise legal conclusions to which no response is required and otherwise purport to characterize the ROD, which speaks for itself and is the best evidence of its contents and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of the contents of that document, and otherwise denies all such allegations in the sentence on other grounds as well. The allegations in

the fourth and fifth sentences of the paragraph comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies all such allegations.

50.  The allegations in the first and fourth sentences of Paragraph 50 of the Complaint comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies all such allegations.  With respect to the allegations in the second sentence of Paragraph 50, MHMO admits that the Exchange Clarification Act contains the language the sentence sets forth in the excerpted quote from the Act.  The allegations in the third sentence of the paragraph purport to describe the FEIS, which speaks for itself and is the best evidence of its contents and therefore MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of the contents of that document except to admit that the FEIS contains the language the sentence sets forth in the excerpted quote from the FEIS and would further aver in this regard that such allegations misrepresent the referenced statement in the FEIS given that it actually (and correctly) recounts that both the Forest Service and MHMO "mutually agreed" not to have the wetland conservation easement reserved as opposed to the decision's having been made unilaterally solely by the Forest Service.  The allegations in the fourth sentence of the paragraph comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.

51.  The allegations in the first sentence of Paragraph 51 of the Complaint comprise legal conclusions and/or purport to describe the referenced NEPA implementing regulation, which speaks for itself and is the best evidence of its contents, and thus, MHMO denies all such allegations insofar as they are inconsistent with the plain meaning of that statute except to admit that the regulation contains the language the sentence sets forth in the excerpted quote.  With respect to the allegations in the second sentence of Paragraph 51, MHMO admits that the Forest

Service prepared a series of Appendices A-C to the FEIS, but the remainder of such allegations purport to describe and characterize such appendices and therefore MHMO denies all such allegations insofar as they are inconsistent with the content of those administrative documents. The allegations in the third, fourth, and fifth sentences of the paragraph comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.

52.  In response to Paragraph 52 of the Complaint, MHMO restates and incorporates by reference its responses to all preceding paragraphs of this Answer.

53.  The allegations in the first sentence of Paragraph 53 of the Complaint purport to describe and characterize the FEIS, which speaks for itself and is the best evidence of its contents, and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of the contents of those document other than to admit that the FEIS contains the language includes in the quoted excerpt from that administrative document.  The allegations in the second and fourth sentences of Paragraph 53 comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.  The allegations in the third sentence of the paragraph purports to describe the referenced provision of the Exchange Clarification Act, which speaks for itself and is the best evidence of its contents, and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of that act.

54.  The allegations in the first sentence of Paragraph 54 of the Complaint purport to characterize the FEIS and the ROD, which speak for themselves and are the best evidence of their contents, and MHMO therefore denies such allegations insofar as they are inconsistent with the plain meaning of the contents of those documents and otherwise denies such allegations on

other grounds.  The allegations in the second, third, and fourth sentences of Paragraph 54

comprise legal conclusions to which no response is required and, insofar as a response is

required, MHMO denies such allegations.

55.  The allegations in the first sentence of Paragraph 55 of the Complaint purport to

describe the referenced provision of the Exchange Clarification Act, which speaks for itself and

is the best evidence of its contents, and MHMO therefore denies such allegations insofar as they

are inconsistent with the plain meaning of the referenced provision other than to admit that it

contains the quoted excerpt set forth in the first sentence.  The allegations in the second sentence

of Paragraph 55 comprise legal conclusions to which no response is required and, insofar as a

response is required, MHMO denies such allegations.

56.  The allegations in the first sentence of Paragraph 56 of the Complaint purport to

describe the referenced provision of the Original Clarification Act, which speaks for itself and is

the best evidence of its contents, and MHMO therefore denies such allegations insofar as they

are inconsistent with the plain meaning of the referenced provision other than to admit that it

contains the quoted excerpt set forth in the sentence.  The allegations in the second and third

sentences of Paragraph 56 comprise legal conclusions to which no response is required and,

insofar as a response is required, MHMO denies such allegations.

57.  The allegations in Paragraph 57 of the Complaint purport to describe the referenced

provision of the Exchange Clarification Act, which speaks for itself and is the best evidence of

its contents, and MHMO therefore denies such allegations insofar as they are inconsistent with

the plain meaning of the referenced provision other than to admit that it contains the quoted

excerpt set forth in the paragraph.

58.  MHMO admits the allegations in Paragraph 58 of the Complaint.

59.  With respect to the allegations in Paragraph 59 of the Complaint, MHMO admits that Plaintiffs filed their original Complaint initiating this action on December 24, 2022, which was more than three years after the Secretary approved the final appraised values for the lands involved in the Exchange at issue in this case, on November 30, 2019, but aver further in this regard that the date Defendant Forest Supervisor Loftsgaarden executed the ROD, on May 3, 2022, and the date she executed the Exchange Agreement binding the parties to execute the Exchange at issue, were both well less than three years from the date of the Secretary's approval. With further respect to such allegations, MHMO admits that the parties to the Exchange Agreement have not yet conveyed title to the lands involved in the Exchange at issue and that no reappraisal or appraisal update has been undertaken since the Secretary's approval of the final appraised values for the lands involved in the Exchange at issue in this case, but denies the remainder of all such allegations in this paragraph.

60.  The allegations in Paragraph 60 of the Complaint comprise legal conclusions to which no response is required and, insofar as a response is required, MHMO denies such allegations.

The remaining paragraphs of the Complaint, denominated as a. through f. on pp. 20-21, constitute Plaintiffs' Prayer for Relief to which no response is required. To the extent a response may be required, MHMO denies that Plaintiffs are entitled to the relief they expressly request or any relief whatsoever.

**GENERAL DENIAL**

MHMO denies each and every allegation of the Complaint not otherwise expressly and specifically admitted, qualified, or denied herein.

**AFFIRMATIVE DEFENSES**

1.  Plaintiffs have failed to exhaust their administrative remedies with respect to and/or forfeited or waived their rights to seek judicial review of one or more of the claims or issues set forth in their

Complaint because they failed to adequately raise them during the numerous administrative processes and opportunities for public involvement that the Forest Service provided in the steps it took leading to approval of the Exchange that Plaintiffs seek to challenge in this case.

2.  Plaintiffs lack standing to bring one or more of the claims in their Complaint based on, but not limited to, one or more of the following grounds:  (a) they cannot establish a legally cognizable injury arising from their use or enjoyment of the non-federal lands involved in the Exchange, nor can they do so from their use or enjoyment of the Federal Lands involved in the Exchange insofar as they have been seeking completion of the Exchange and more particularly for it to include all such Federal lands; (b) the injuries of which they complain arising from the alleged breach of the 2005 Settlement Agreement are moot because Plaintiffs breached the agreement such that it is no longer in effect; (c) the injuries of which they complain in their Complaint are not caused by the Forest Service's approval of the Exchange in the ROD, but rather by the Original Exchange Act and Clarification Exchange Act, the language of both of which Plaintiffs' counsel jointly developed along with counsel for MHMO and that collectively prescribe the very Exchange that Plaintiffs now seek to challenge; (d) the judicial remedy that Plaintiffs seek of vacating the ROD and enjoining the Forest Service from proceeding with the Exchange at issue does not provide a remedy for the injuries of which Plaintiffs complain which they allege stem from the fact that the Exchange does not include all of the non-federal lands originally identified as forming the basis of the prospective exchange; and (e) the Court lacks the authority to provide the ultimate remedy that Plaintiffs seek by compelling the parties to engage in a land exchange that would represent the so-called "Clean Sweep" involving all of the federal lands being exchanged for all of the non-federal lands identified as forming the basis of the prospective exchange in the Original Exchange Act, in particular because the Exchange Clarification Act expressly superseded and amended that original formulation.

3.  Plaintiffs bring their action inequitably and/or with "unclean hands" and/or their claims are subject to estoppel based on, but not limited to, one or more of the following grounds:  (a) Plaintiffs themselves conceded in their Complaint that they are pursuing claims and remedies in state court that would alter the ownership status of the prospective non-federal lands originally identified for exchange in

the Exchange Act and their arguments in the pending state court action are wholly inconsistent with their

position in this case and, if successful, would frustrate the remedies they are seeking in this case; and (b)

WHEREFORE, having answered the Complaint, MHMO respectfully requests that this Court:

A.  Dismiss the Complaint with prejudice;

B.  Enter judgment against Plaintiffs and for Defendants;

C.  Award Defendants their costs in this action, and

D.  Provide Defendants with such other relief as this Court deems just and equitable.


Respectfully submitted this 30th day of August 2023.




s/ Stephen J. Odell
Stephen J. Odell
MARTEN LAW, LLP

Attorney for Defendant-Intervenor Mt. Hood Meadows OREG., LLC