1   Jesse A. Buss, OSB No. 122919
    Willamette Law Group, PC
2   411 Fifth Street
    Oregon City OR 97045-2224
3   Tel: 503-656-4884
    Fax: 503-608-4100
4   Email: jesse@WLGpnw.com

5   Karl G. Anuta, OSB No. 861423
    Law Office of Karl G. Anuta, P.C.
6   735 S.W. First Ave.
    Portland OR 97204
7   Tel: 503-827-0320
    Fax: 503-386-2168
8   Email: kga@integra.net

9   *Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,<br><br>Plaintiffs,<br><br>v.<br><br>META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,<br><br>Defendants,<br>and<br><br>MT. HOOD MEADOWS OREG., LLC,<br><br>Defendant-Intervenor. | Case No. 3:22-cv-01981-AR<br><br>**PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND PRODUCTION OF PRIVILEGE LOG** |

**TABLE OF CONTENTS**

**Page Nos.**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

MOTION ............................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

    A. Introduction ................................................................................................................ 2

    B. Legal Standards under the APA's "Whole Record" Rule ......................................... 4

    C. Argument ................................................................................................................... 6

        1. The Forest Service's failure to include certain documents in the AR rebuts the agency's presumption of completeness ...................................... 6

        2. A privilege log is necessary in this matter whether or not deliberative documents must be included in that log ................................................... 8

            i. Allowing agencies to be the final arbiter of proper withholding invites unreviewable error in AR preparation ........................................ 10

            ii. Even if deliberative documents may be properly omitted from a privilege log, a party must still affirmatively assert and adequately describe materials withheld under any other claim of privilege ............................. 11

        3. The role of deliberative documents in the AR and their inclusion on privilege logs ......................................................................................... 12

            i. Deliberative documents should be considered part of the "whole record" and logged when excluded on a claim of privilege ................................. 12

            ii. The Deliberative process privilege is a qualified privilege and can be overcome ............................................................................................... 13

CONCLUSION ................................................................................................................. 15

**TABLE OF AUTHORITIES**

**Case** **Page Nos.**

*Ariz. Rehab. Hosp., Inc. v. Shalala*, 185 F.R.D. 263 (D. Ariz. 1998)............................14

*Bartell Ranch v. McCullough,* 2022 WL 2093053 (D. Nevada June 10, 2022) ............................11

*Blue Mountains Biodiversity Project v. Jeffries et al.,* 72 F.4th 991
 (9th Cir. 2023).................................................................................8, 9, 10, 11, 12, 13

*Byrd v. Jossie*, 2008 WL 4274432 (D. Or. Sept. 17, 2008) .............................................................13

*Ctr. for Biological Diversity v. Bernhardt*, 2020 WL 1130365 (D. Mont. Mar. 9, 2020).............13

*Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C-06-4884-SI,
 2007 WL 3049869, at *4 (N.D. Cal. Oct. 18, 2007)..............................................................5

*Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) ................................................4

*Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368 (N.D. Cal. 2017)...........13, 14

*Doe v. Trump*, No. 3:19-CV-1743-SE, 2020 WL 1853657 (D. Or. April 13, 2020)........................5

*F.T.C. v. Warner Comms., Inc.*, 742 F.2d 1156 (9th Cir. 1984)......................................................14

*Gill v. Dep't of Justice*, No. 14-CV-03120-RS (KAW), 2015 WL 9258075
 (N.D. Cal. Dec. 18, 2015) ......................................................................................................6

*Goffney v. Becerra*, 995 F.3d 737 (9th Cir. 2021) .......................................................................5, 6

*In re Nielsen,* No. 17-3345 (2d Cir. Dec. 27, 2017) ......................................................................11

*Inst. For Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003
 (N.D. Cal. Jan. 10, 2017) ......................................................................................................14

*Nat. Res. Def. Council v. Gutierrez*, No. C 01-0421 JL, 2008 WL 11358008
 (N.D. Cal. Jan. 14, 2008) ........................................................................................................5

*Nw. Envtl. Advocs. v. U.S. Envtl. Prot. Agency,* 2008 WL 111054 (D. Or. Jan. 7, 2008).........9, 13

*Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733
 (N.D. Cal. June 21, 2017) .......................................................................................................6

1    *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534 (9th Cir. 1993) ..............5

2    *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA
          2017 WL 4642324 (N.D. Cal. Oct. 17, 2017).........................................................................5
3
     *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 2018 WL 1210551
4         (N.D. Cal. Mar. 8, 2018).....................................................................................................10

5    *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551 (9th Cir. 1989) ...............................................5, 6

6    *Washington v. U.S. Dep't of Homeland Sec.*, 2020 WL 4667543 (E.D. Wash Apr. 17, 2020).....10

7
     **Codes and Regulations**
8
     5 U.S.C. §§ 551 *et seq*.................................................................................................................2, 4
9
     5 U.S.C. § 706....................................................................................................................................4
10
     5 U.S.C. § 706(2)(A).........................................................................................................................3
11
     42 U.S.C. §§ 4321-4370(h)...............................................................................................................2
12
     Pub. L. 111-11, 123 Stat. 1018 .........................................................................................................2
13
     Pub. L. 115-110, 131 Stat. 2270 .......................................................................................................2
14

15   **Other**

16   Fed. R. Civ. P. 26(b)(5)................................................................................................................9, 11

17

18

19

20

21

22

23

**MOTION**

Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy (collectively "Conservation Plaintiffs") respectfully move for an Order requiring that Defendants U.S. Forest Service and Meta Loftsgaarden (collectively the "Forest Service"): (1) complete the Administrative Record ("AR") by adding certain documents that were improperly omitted from the Forest Service's AR; and (2) prepare and file a privilege log identifying with specificity the documents withheld from the AR on the basis of deliberative process, attorney work product, or any other privilege, such that those withheld documents may be evaluated for possible inclusion in the AR and subject to a further Motion to Complete. The specific documents that should be added to the AR are described in the Declaration of Jesse A. Buss ("Buss Decl.") at ¶ 9.

Conservation Plaintiffs' undersigned counsel conferred with counsel for the Forest Service regarding the contents of the AR several times, via both telephone conference and written correspondence. *See id.* at ¶¶ 4–6. That conferral was largely successful. The Forest Service agreed to include in the AR many additional documents identified by Conservation Plaintiffs. *Id.* ¶¶ 6–7. However, the parties have been unable to agree on all matters related to this Motion. *Id.* ¶¶ 8–9. The Court's involvement is, therefore, respectfully requested.

Conservation Plaintiffs request an Order from this Court requiring that the Forest Service complete or supplement the current AR with all records listed in paragraph 9 of the Buss Declaration, and requiring the Forest Service to provide Conservation Plaintiffs with a privilege log identifying with specificity the documents or information withheld from the AR on the basis of deliberative process, attorney work product, or any other privilege. Conservation Plaintiffs should then be allowed to review that privilege log and, if necessary, raise legal challenges to the

1  Forest Service's exclusion of any document listed therein. The grounds for Plaintiffs' Motion are
2  set forth in the following Memorandum and the Declaration of Jesse Buss filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

This case involves Conservation Plaintiffs' challenge to the Forest Service's May 3, 2022, final Record of Decision (ROD) approving a Government Camp/Cooper Spur Land Exchange ("the Proposed Exchange"), as well as the underlying Environmental Impact Statement (EIS). In the merits briefing, Plaintiffs plan to show that the ROD and the EIS violate the National Environmental Policy Act (NEPA) (42 U.S.C. §§ 4321-4370(h)) and the Omnibus Public Land Management Act of 2009 (Pub. L. 111-11, 123 Stat. 1018), as amended by the Mt. Hood Cooper Spur Land Exchange Clarification Act of 2018 (Pub. L. 115-110, 131 Stat. 2270). The Conservation Plaintiffs seek vacatur of an illegal agency decision, as well as declaratory and injunctive relief under the Administrative Procedure Act (APA) (5 U.S.C. §§ 551 *et seq.*).

In 2009, Congress passed legislation directing the Forest Service to complete the Proposed Exchange on Mt. Hood. The legislation, and the land exchange it described, were intended to resolve a decades-long dispute over the future of the north side of Mt. Hood, namely: whether the relatively undeveloped north side should be conserved to protect wildlife habitat and water quality, or instead developed in a way that includes a destination ski resort (along with all the foreseeable ancillary development it would bring to the area). The legislation resolved that dispute in favor of conservation: the north side would be protected from development via a public-private land exchange. Because it would so fully protect the north side of Mt. Hood from undesirable development, the land exchange mandated by Congress became known as the "Clean

Sweep."

The Clean Sweep has never been implemented, and without action from this Court it never will. In 2022, the Forest Service decided to move forward with a land trade with its private partner, Mt. Hood Meadows ("Meadows"). Unfortunately, the land trade that the Forest Service approved does not implement the Clean Sweep.

Going against Congress's instructions, the proposed trade will not protect the north side of Mt. Hood from commercial development. Plaintiffs, several of whom helped draft and negotiate the settlement that led to the legislation and the Clean Sweep, brought suit to enforce the legislation and the Congressional intent behind it.

Conservation Plaintiffs' claims under the APA and NEPA challenge the reasonableness of the Forest Service's purpose and need statement, the Forest Service's failure to consider an adequate range of alternatives, the failure of the Forest Service's chosen alternative to meet that purpose and need statement regardless of its inadequacy, and the failure to publish a complete appendix as required by NEPA. ECF No. 1 at 11–17; ECF No. 4 at 11–17. Conservation Plaintiffs' claims under the APA and the Omnibus Act/Clarification Act challenge the Forest Service's improper reduction of the number of Federal and non-Federal acres subject to the land exchange, the Forest Service's failure to provide complete appraisals to the public, the failure of the Forest Service's appraisals to comply with nationally recognized appraisal standards, and the need for the Forest Service to update their currently outdated appraisals. ECF No. 1 at 17–18; ECF No. 4 at 18–20.

All of Plaintiffs' claims challenging the legality of the Forest Service's 2022 ROD and underlying EIS and appraisals are under the APA's familiar "arbitrary and capricious" standard. *See* 5 U.S.C. § 706(2)(A). Such claims are reviewed on the basis of the Forest Service's

1   administrative record, subject to any order of the Court to complete the record or to supplement
2   it with extra-record evidence. *Id.* § 706 (providing that in reviewing such claims "the court shall
3   review the whole record or those parts of it cited by a party[.]").

4   The AR that the Forest Service filed with the Court is incomplete. Despite the anticipated
5   supplement to that AR, to be filed by the Forest Service on or before January 18, 2024, it will
6   remain incomplete. It is incomplete because (1) the Forest Service has not agreed to include in
7   that supplement documents that Plaintiff now seeks to have added to the AR, and (2) because the
8   Forest Service has refused to provide a privilege log of any kind.

9   The AR should be completed to include certain documents described in the Buss
10  Declaration, and the Forest Service should be ordered to produce a privilege log identifying
11  those documents withheld from the AR on the basis of the deliberative process, attorney-client,
12  or any other privilege. To ensure that the Court has before it the complete AR for review,
13  Plaintiffs' Motion should be granted.

**B.  Legal Standards under the APA's "Whole Record" Rule**

Judicial review under the APA, 5 U.S.C. § 551 *et seq.*, must be based upon the review of the "whole record" developed during the agency's decision-making process. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). If the administrative record is incomplete, the Court will be unable to determine "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* A complete administrative record is thus essential for effective review.

The proper scope of an administrative record is broad and includes "everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). The administrative record is "not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original). Rather, "[t]he 'whole' administrative record . . . consists of all the documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* (internal quotation marks omitted). Because the administrative record must include materials both directly *and* indirectly considered by agency decisionmakers, it "naturally encompasses the underlying work and recommendations of agency subordinates." *Nat. Res. Def. Council v. Gutierrez*, No. C 01-0421 JL, 2008 WL 11358008, at *6 (N.D. Cal. Jan. 14, 2008) (internal citations omitted); *see also Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *2 (N.D. Cal. Oct. 17, 2017) (the "whole record" includes "documents that literally passed before the eyes of the final agency decision maker but also documents that were considered and relied upon by subordinates who provided recommendations." (internal quotation marks omitted)). While "an agency's statement of what is in the record is subject to a presumption of regularity[,]" that presumption may be rebutted by "clear evidence to the contrary." *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021).

Once the movant has shown that the record is incomplete, the Court may order the agency to complete the administrative record. *See, e.g.*, *Doe v. Trump*, No. 3:19-CV-1743-SE, 2020 WL 1853657, *5 and n.1 (D. Or. April 13, 2020); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C-06-4884-SI, 2007 WL 3049869, at *4 (N.D. Cal. Oct. 18, 2007).

**C. Argument**

    **1. The Forest Service's failure to include certain documents in the AR rebuts the agency's presumption of completeness.**

While "an agency's statement of what is in the record is subject to a presumption of regularity[,]" that presumption may be rebutted by "clear evidence to the contrary." *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021). To overcome the presumption, Plaintiff must identify the alleged omitted documents with "sufficient specificity" and "identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (quoting *Gill v. Dep't of Justice*, No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015)). Conservation Plaintiffs have met this standard.

Here, the evidence shows that the record is incomplete because the Forest Service omitted from the AR (1) the Clackamas County Comprehensive Plan, (2) the non-protected and non-privileged portions of the documents from meetings and discussions from tribal consultations and ongoing communications with tribes, and (3) a video recording of the May 5, 2021 resolution meeting/hearing. Buss. Decl. at ¶ 9. Further, the Forest Service has withheld an unknown number of allegedly "deliberative" documents, and some allegedly privileged documents, without providing a privilege log to identify those withheld documents and the alleged bases for their omission.

The documents identified above were "directly or indirectly considered by agency decision-makers[,]" *Thompson*, 885 F.2d at 555. In the case of the Clackamas County Comprehensive Plan, that document is referenced and relied upon the Record of Decision itself.

*See, e.g.,* AR-41 (Record of Decision). Further, the Forest Service agreed in its December 12, 2023 conferral letter that "Defendants would not object to any party's citing or [hyper]linking to any portions of the Plan in its briefing." Buss Decl. ¶ 9(a). This is a clear acknowledgment that the Clackamas County Comprehensive Plan should be part of the AR in this case. Hyperlinks can be changed, expire, or break, and in any event agreeing not to object to a hyperlink to a document is not the same thing as including that document in the AR, where it belongs. Accordingly, the Plan should be included in the AR lodged with the Court.

As for the non-protected and non-privileged portions of the Forest Service's communications with Tribes, the Forest Service stated in its December 12, 2023 letter that "The Forest Service does not agree to revise the [AR] to include documents regarding private meetings and communications with tribes. These documents are not necessary for judicial review of the claims and issues presented; none of the claims and issues relate to tribal involvement. Further, no tribal issues were raised in the formal administrative objection process for the land-exchange decision." Buss Decl. ¶ 9(b). That is not a lawful basis for excluding documents from an AR.

First, the Forest Service has not denied that they considered these documents in making its challenged decision. If the Forest Service considered the documents, and they are not otherwise privileged (in which case they should be logged in a privilege log), then they are, by law, part of the AR.

Second, whether or not the Forest Service's communications with the tribes are *relevant* to Plaintiffs' claims in this case is not for the Forest Service to decide. Until Plaintiffs can see and evaluate those documents, the Plaintiffs will not know if they contain relevant material or not. At this point in the case (i.e. the settling of the AR), the point is not to evaluate documents for whether they will (or will not) eventually prove relevant during briefing on the merits. Rather

1  the purpose is to compile all documents that the government actually considered, reviewed or

2  relied on in making its decision. The requested documents clearly satisfy that standard and

3  should be included in the AR.

4  As for the video recording of the May 5, 2023, objection resolution meeting, the Forest

5  Service has reported that it did not record the meeting and there is no transcript of the meeting.

6  Buss Decl. ¶ 9(c). However, Plaintiffs have located and recently provided the Forest Service with

7  a video recording of that meeting.[1] The Forest Service organized and participated in the

8  Objection Resolution meeting. This video (which is a recording of that meeting) is, therefore,

9  appropriately included as part of the AR.

10  In sum, there is clear evidence that the record is incomplete. The record is further

11  incomplete because, by the Forest Service's own admission during conferral, they have omitted

12  allegedly deliberative documents from the record yet refuse to produce a privilege log listing the

13  allegedly deliberative documents withheld or otherwise omitted. Buss Decl. ¶ 8.

**2. A privilege log is necessary in this matter whether or not deliberative documents must be included in that log.**

16  As a preliminary matter, Conservation Plaintiffs are aware that the Ninth Circuit has

17  recently issued a decision in *Blue Mountains Biodiversity Project v. Jeffries et al.,* 72 F.4th 991

18  (9th Cir. 2023)(*Jeffries*), which holds that deliberative documents are generally not considered

19  part of the AR and that allegedly deliberative documents are not normally required to be

---

[1] Plaintiffs anticipate that the Forest Service will not object to its inclusion in the AR. Counsel for the Forest Service was traveling in the days leading up to the filing of Plaintiffs' objections, and likely has not had time to review the video recording yet or to provide a position regarding its inclusion in the AR. Buss Decl. ¶ 9(c).

Page 8:   PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT

disclosed in a privilege log.[2] That opinion, however, says nothing about privilege logs for other privileges – such as the attorney-client and work-product privileges.

"When a party withholds information otherwise discoverable by claiming that the information is privileged…the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that. . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Compliance with the rule commonly involves the production of a privilege log. "Because the agencies bear the burden of establishing that a privilege applies, they must reveal, through a detailed log, the documents excluded from the record. Absent such a log, plaintiff has no way to challenge assertion of the privilege, and this court has no way to evaluate the claim." *Nw. Envtl. Advocs. v. U.S. Envtl. Prot. Agency,* 2008 WL 111054, *4 (D. Or. Jan. 7, 2008).

As a practical matter, the filing of a privilege log is essential. Without it, neither plaintiffs nor courts would be able to test the invocation of the privilege in the first instance or determine whether the privilege must yield to greater policy interests. None of the privileges likely to be asserted by the Forest Service are absolute; some may be waived, and others may be overcome based upon circumstances of the case.

The Forest Service is apparently taking the position that *Jeffries* stands for the proposition that not only may agencies omit deliberative documents from ARs and privilege logs, but that the agency need not provide a privilege log at all, even when documents are withheld under other alleged privileges. *Jeffries* does not stand for that proposition, and allowing

---

[2] The appellants in *Jeffries* are seeking *en banc* review of the panel decision on this issue. Conservation Plaintiffs therefore include their deliberative documents-related arguments to preserve their arguments in this regard should *Jeffries* be modified upon review.

Page 9:     PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT

agencies to be the final arbiters of what may be withheld from an AR under any claim of privilege without providing a privilege log invites unreviewable error in the preparation of administrative records.

> **i. Allowing agencies to be the final arbiter of proper withholding invites unreviewable error in AR preparation.**

Purportedly privileged documents may not simply be withheld from the AR as if they do not exist. Rather the agency must assert and justify the privilege (i.e., in a privilege log), subject to appropriate judicial scrutiny.

By arguing that *Jeffries* stands for the proposition that agencies need not provide privilege logs for *any* asserted privileges the Forest Service effectively takes the position that only the agency compiling the AR should be able to decide whether any allegedly privileged documents were properly excluded, and that they should be able to do that without any mechanism for judicial oversight. Several District Courts have recognized that the unilateral withholding of purportedly privileged documents, if unchecked by litigants or reviewing courts, opens the door to abuse or inadvertent exclusion by the government. As one court explained:

> "As a practical matter, if agencies were permitted to withhold materials from the [AR] on the basis of privilege, but were not required to submit a privilege log, their withholding based on privilege would never surface and would wholly evade review. *This would invite all manner of mischief.*"

*Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 2018 WL 1210551, at *6 (N.D. Cal. Mar. 8, 2018)(emphasis added); *see also Washington v. U.S. Dep't of Homeland Sec.*, 2020 WL 4667543, at *5 (E.D. Wash Apr. 17, 2020) ("Without a privilege log, the Court is unable to evaluate whether documents already in existence at the time of the rulemaking process should be considered as part of the [AR] or whether they should be excluded as privileged.").

1    The Second Circuit has also noted the utility of privilege logs, stating that "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege." *In re Nielsen,* No. 17-3345, Dkt.171 at 3 (2d Cir. Dec. 27, 2017)(emphasis added). *Bartell Ranch v. McCullough* is particularly illustrative of the "pitfalls of deferring entirely to the agency to create its own ARs[.]" 2022 WL 2093053 at *2–4 (D. Nevada June 10, 2022). In *Bartell Ranch* approximately 6,000–8,000 documents were initially excluded as deliberative, but were never actually reviewed by the agency or its counsel.

It should be this Court, not the agency, that acts as final arbiter of what documents are privileged and correctly excluded from the AR, or whether, in appropriate situations, that privilege is erroneously asserted or may be overcome. This can only occur if the agency produces a privilege log listing which documents it is excluding and under what privilege.

> **ii. Even if deliberative documents may be properly omitted from a privilege log, a party must still affirmatively assert and adequately describe materials withheld under any other claim of privilege.**

Conservation Plaintiffs acknowledge that *Jeffries* is currently the law of the Ninth Circuit. However, even assuming the *Jeffries* panel opinion survives *en banc* review and agencies therefore remain allowed to omit deliberative documents from ARs without documenting them in privilege logs, Fed. R. Civ. P. 26(b)(5) still applies to other documents withheld on other claims of privilege.

As part of the certified AR for related case No. 3:15-cv-01397, the Forest Service provided an AR index which acted as its privilege log ("the 2015 AR Index"). Buss Decl. at ¶ 10. The index includes a column for "privilege" with notes for documents either withheld or redacted based on numerous claims of privilege. *Id.* Beyond just deliberative documents (2015 AR Index at 23-24, 87, 123, 138, 155, 166, 172, 193, 196, 216-18), the Forest Service also noted

Page 11:    PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT

that documents were omitted or redacted under alleged attorney-client privilege (2015 AR Index at 118-19, 155, 166-67, 169-70, 174, 176, 184, 188, 205-11, 215-18), business financial information privilege (2015 AR Index at 67-68, 100, 138, 179, 214-15), personal private information privilege (2015 AR Index at 66, 68, 128, 133), and under the Archeological Resources Protection Act (2015 AR Index at 67-68, 76). *Id.* Clearly the Forest Service considered these types of documents to be part of the AR for that related case, but omitted or redacted these materials based on these other privileges.

Due to the nature of agency action, the parties involved, and the ongoing litigation related to this matter, other relevant materials directly or indirectly considered by agency decision-makers were clearly excluded from the 2023 record under similar alleged privileges, but their exclusion was not disclosed nor their alleged privilege logged. For example, it is unlikely that the Forest Service ceased to have communications with their attorneys regarding the agency actions at issue. Such communications could potentially be omitted from the AR. However, neither plaintiffs nor this Court are able to assess a claim of privilege if the agency does not clearly assert that claim and sufficiently describe the material being withheld.

### 3. The role of deliberative documents in the AR and their inclusion on privilege logs.

The Forest Service has not denied that allegedly "deliberative" documents are being withheld, instead, it maintains under *Jeffries* that such documents are not part of the AR in the first place, and therefore need not be included on a privilege log.

#### i. Deliberative documents should be considered part of the "whole record" and logged when excluded on a claim of privilege.

Again, *Jeffries* is the law of the Ninth Circuit currently, but Conservation Plaintiffs offer this argument in order to preserve the issue in the event *Jeffries* is reversed *en banc*.

Page 12:   PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT

By their very nature, allegedly deliberative documents are defined by their role in the agency's decision-making process. Deliberative documents are "directly or indirectly" considered by agency decision-makers and should therefore be considered part of the "whole record" and noted on a privilege log when they are withheld from that record.

Prior to the opinion in *Jeffries,* District Courts within this Circuit have found that deliberative documents fit within the broad construction of the "whole record" for purposes of APA review, and that scrutiny of deliberative documents may be required to assess whether an agency acted contrary to law or in an arbitrary and capricious fashion. Purportedly deliberative documents were not simply withheld from the AR as if they do not exist, but rather the were treated like any other allegedly privileged materials: the agency must assert and justify the privilege in a document (i.e. a privilege log), subject to appropriate judicial scrutiny. *See Nw. Envtl. Advocs. v. U.S. Envtl. Prot. Agency,* 2008 WL 111054 (D. Or. Jan. 7, 2008), at *4; *Byrd v. Jossie*, 2008 WL 4274432, at *2–*3 (D. Or. Sept. 17, 2008). "[U]nder some circumstances, pre-decisional deliberative communications may go to the heart of the question of whether an agency action was arbitrary and capricious." *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 382 (N.D. Cal. 2017). For example, deliberative documents may show that the challenged decision was improperly "made on policy grounds before a meaningful review of a proposed action has taken place," rendering it arbitrary and capricious. *Ctr. for Biological Diversity v. Bernhardt*, 2020 WL 1130365, at *3 (D. Mont. Mar. 9, 2020).

      **ii. The Deliberative process privilege is a qualified privilege and can be overcome.**

Prior to the opinion in *Jeffries,* the Ninth Circuit had explained that the deliberative process privilege—which protects certain "documents that reflect advisory opinions,

recommendations and deliberations comprising part of a process by which government decisions and policies are formulated"— is a *qualified privilege* and may be overcome by a litigant if their "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *F.T.C. v. Warner Comms., Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Although *Warner Communications* was not an APA record review case, the analysis it provided for assessing whether the deliberative process privilege should be overcome in a particular situation had been applied to the administrative record context. *See, e.g.*, *Ariz. Rehab. Hosp., Inc. v. Shalala*, 185 F.R.D. 263, 270 (D. Ariz. 1998); *Desert Survivors*, 231 F. Supp. 3d at 382–83. But that analysis cannot be applied if neither the litigants nor the Court are aware of the existence and subject matter of the supposedly deliberative materials.

      To be sure, the Forest Service could likely legitimately withhold *some* privileged documents from the AR here. But if a privilege applies, "the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege" so that it may be challenged by plaintiffs and assessed by the Court. *Inst. For Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017).

      When documents are withheld from the record on a claim of privilege, that privilege must be asserted, and that material reasonably described, in order to allow plaintiffs and courts to assess that asserted privilege. Without this, agencies effectively make themselves the final arbiter of what is correctly withheld. This invites unreviewable error in AR preparation, making it difficult to ensure meaningful judicial review. Here, materials are certainly being withheld on claims of privilege (beyond merely deliberative documents). A privilege log should be produced so that Plaintiffs – and this Court – have the ability assess those asserted privileges.

Plaintiffs have, in this instance, rebutted the presumption of regularity of the current AR. Plaintiffs have done so by identifying with "sufficient specificity" and "reasonable, non-speculative grounds" documents which "were considered by the agency and not included in the record."

## CONCLUSION

For the forgoing reasons, Conservation Plaintiffs' Motion to Compel Completion of the Administrative Record and Production of a Privilege Log should be granted. The documents identified above should be added to the AR. Further, the Forest Service should be instructed to file a privilege log identifying those documents it withheld from the AR due to its unilateral determination that they were "deliberative," and identifying any documents withheld under any claim of privilege.

Respectfully submitted this 8th day of January 2024.

 /s/ Jesse A. Buss
Jesse A. Buss, OSB # 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

 /s/ Karl G. Anuta
Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs*

Page 15:    PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT