Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,

Plaintiffs,

v.

META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,

Defendants,

and

MT. HOOD MEADOWS OREG., LLC,

Defendant-Intervenor

Case No. 3:22-cv-01981-AR

**DECLARATION OF JESSE A. BUSS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND PRODUCTION OF PRIVILEGE LOG**

**DECLARATION OF JESSE A. BUSS**

I, Jesse A. Buss, declare as follows:

1. I am over the age of eighteen and I make this declaration based on my own personal knowledge of the facts set forth below. I am one of the attorneys for the Conservation Plaintiffs in this case. If called to testify in this matter, I could and would testify as follows.

2. The Forest Service lodged its proposed Administrative Record (AR) in this case on September 7, 2023 (the "2023 AR"), and Conservation Plaintiffs received that AR on a flash drive via mail several days later.

3. Conservation Plaintiffs' counsel noted the absence of a privilege log and requested that the Forest Service provide one.

4. Upon reviewing the proposed 2023 AR and index, Conservation Plaintiffs' counsel identified materials that were omitted from the 2023 AR and should be added to it. On November 10, 2023, Conservation Plaintiffs provided the Forest Service and Defendant-Intervenor Mt. Hood Meadows Oregon, LLC ("Meadows"), with a conferral letter requesting the production of a privilege log and identifying certain documents missing from the proposed AR. With regard to the privilege log issue, Plaintiffs notified the Forest Service that "A privilege log has not been provided by the Forest Service. One should be prepared immediately and provided to Plaintiffs for evaluation and potential challenge. The log should disclose the types of privileges asserted, as well as brief descriptions of the documents withheld. […] In summary, Plaintiffs request that the Forest Service immediately prepare and provide to Plaintiffs a privilege log describing all allegedly deliberative documents, and all other documents withheld under any claim of privilege of any kind."

5.    On December 8, 2023, Conservation Plaintiffs sent a letter to the Forest Service and Meadows following up on the status of the AR conferral. On December 11, 2023, counsel for Conservation Plaintiffs, the Forest Service, and Meadows conferred telephonically regarding issues related to the AR. *Id.* Following the call, counsel for Conservation Plaintiffs provided counsel for the Forest Service and Meadows with a spreadsheet listing all documents that Conservation Plaintiffs believe were included in the AR for related Case No. 3:15-cv-01397 but which appeared to be omitted from the proposed AR in this matter.

6.    The parties' conferral was largely successful, with the Forest Service agreeing to include in the AR many additional documents identified by Conservation Plaintiffs, including but not limited to all documents that had been included in the AR for related Case No. 3:15-cv-01397 (the "related 2015 AR"), and all five supplements filed into that AR. However, the parties have been unable to agree on some documents or issues.

7.    At Conservation Plaintiffs' request, the Forest Service has agreed to include the following documents in the AR, and has agreed to do so on or before January 18, 2023:

   a. All appraisals and appraisal review reports prepared by or for the agency in the land-exchange process.

   b. Forest Service Handbook 1909.154, chapter 10.

   c. The October 2016 draft Environmental Impact Statement.

   d. The 2009 and 2016 Cultural Resource Reports (redacted).

   e. The May 10, 2021 Biological Opinion.

   f. The March 14, 2022 Biological Opinion.

   g. The AREMP 6th-field Watershed Assessment.

       h. The agenda and all agency notes documenting the May 5, 2021 objection resolution meeting.

i. Thrive Hood River et al.'s administrative objections with full exhibits.

j. The Clackamas County Dev. Agency Government Camp revitalization plan (amended April 2005).

k. The AR and five supplements from related case 3:15-cv-1397.

8. During conferral, the Forest Service indicated that it is withholding documents that it deems to be "deliberative," and materials it deems to be privileged, from the AR. However, despite the Conservation Plaintiffs' repeated requests, the Forest Service has categorically refused to provide a privilege log of any kind. As a result, Conservation Plaintiffs have no way of knowing what documents are being withheld from the AR, and under which claim(s) of privilege.

9. The Conservation Plaintiffs requested that the following documents be added to the AR, but the Forest Service has not agreed to do so. These documents are the subject of Conservation Plaintiffs' Motion:

a. The Clackamas County Comprehensive Plan. With regard to this document, the Forest Service agreed in its December 12, 2023, letter that "Defendants would not object to any party's citing or [hyper]linking to any portions of the Plan in its briefing." Unfortunately, hyperlinks can be changed, expire, or break. To ensure a complete AR, the Plan should be included in the AR lodged with the Court.

b. The non-protected/privileged portions of the documents from meetings/discussions from tribal consultations & ongoing communications

with tribes. With regard to these documents, the Forest Service stated in its December 12, 2023, letter that "The Forest Service does not agree to revise the [AR] to include documents regarding private meetings and communications with tribes. These documents are not necessary for judicial review of the claims and issues presented; none of the claims and issues relate to tribal involvement. Further, no tribal issues were raised in the formal administrative objection process for the land-exchange decision."

c. Video recording of 5/5/2021 objection resolution meeting/hearing. With regard to this document, in its December 12, 2023, conferral letter the Forest Service stated the "The Forest Service did not record the meeting and there is no transcript of the meeting." Plaintiffs have recently provided the Forest Service with a video recording of that meeting, and anticipate that the Forest Service will not object to its inclusion in the AR. However, counsel for the Forest Service was traveling in the days leading up to the filing of Plaintiff's objections, and likely has not had time to review the video recording yet or to provide a position regarding its inclusion in the AR. In any event, this video is a recording of the objection resolution meeting/hearing for this very land exchange, was organized by the Forest Service for the express purpose of considering objections to the land exchange, and it is therefore appropriately included as part of the AR.

10. As part of the certified AR for related case No. 3:15-cv-01397, the Forest Service provided an AR index which acted as its privilege log ("the 2015 AR Index"). That index includes a column for "privilege" with notes for documents either withheld or redacted based on

numerous claims of privilege. The index indicated that some documents were withheld as deliberative (2015 AR Index at 23-24, 87, 123, 138, 155, 166, 172, 193, 196, 216-18), others were omitted or redacted under alleged attorney-client privilege (2015 AR Index at 118-19, 155, 166-67, 169-70, 174, 176, 184, 188, 205-11, 215-18), others under a business financial information privilege (2015 AR Index at 67-68, 100, 138, 179, 214-15), some were under a personal private information privilege (2015 AR Index at 66, 68, 128, 133), and others were under the Archeological Resources Protection Act (2015 AR Index at 67-68, 76).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of January 2024 in Oregon City, Oregon.

*s/ Jesse A. Buss*

Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City, OR 97045-2224
Telephone: 503-656-4884
Fax: 503-608-4100
E-mail: jesse@WLGpnw.com