Jesse A. Buss, OSB No. 122919
Bridgett A. Chevallier, OSB No. 204997
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,

Plaintiffs,

v.

META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,

Defendants,

and

MT. HOOD MEADOWS OREG., LLC,

Defendant-Intervenor.

Case No. 3:22-cv-01981-AR

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND PRODUCTION OF PRIVILEGE LOG**

# TABLE OF CONTENTS

**Page Nos.**


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. The presumption of regularity has been overcome and the AR should be completed with the record materials identified by Plaintiffs ........ 2

a. The Clackamas County Comprehensive Plan ........ 2

b. Non-protected and non-privileged tribal consultation and communication documents ........ 4

c. Video recording of the May 5, 2021, Objection Resolution Meeting/Hearing ........ 5

II. Plaintiffs need not meet an additional burden to demonstrate that omitted record documents are necessary for review of Plaintiffs' claims or the challenged agency decision ........ 6

III. A privilege log is necessary in this matter whether or not deliberative documents must be included in that log ........ 8

CONCLUSION ........ 10

**TABLE OF AUTHORITIES**


| **Case** | **Page Nos.** |
|---|---|
| *Blue Mountains Biodiversity Project v. Jeffries et al.,* 72 F.4th 991 (9th Cir. 2023) | 8, 9, 10 |
| *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) | 5 |
| *Fence Creek Cattle v. U.S. Forest Serv.,* 602 F.3d 1125 (9th Cir. 2010) | 7, 8 |
| *Gill v. Dep't of Justice*, No. 14-CV-03120-RS (KAW), 2015 WL 9258075 (N.D. Cal. Dec. 18, 2015) | 2 |
| *Goffney v. Becerra*, 995 F.3d 737 (9th Cir. 2021) | 1 |
| *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733 (N.D. Cal. June 21, 2017) | 2 |
| *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551 (9th Cir. 1989) | 5 |
| *Xerces Soc'y for Invertebrate Conservation v. Shea,* -- F. Supp. 3d--, No. 3:22-cv-790-HZ, 2023 WL 4941221 (D. Or. July 17, 2023) | 7, 8, 9 |

| **Other** | |
|---|---|
| Fed. R. Civ. P. 26(b)(5) | 9, 10 |

## INTRODUCTION[1]

Plaintiffs' Motion to Compel Completion of the Administrative Record requested two things. First, that the Forest Service be compelled to "complete the Administrative Record ('AR') by adding certain documents that were improperly omitted from the AR." And second, that the Service be compelled to "prepare and file a privilege log identifying with specificity the documents withheld from the AR on the basis of deliberative process, attorney work product, or *any other privilege*, such that those withheld documents may be evaluated for possible inclusion in the AR and subject to a further Motion to Complete." ECF 23 at 5 (emphasis added). To ensure that the Court has before it the complete AR for review, Plaintiffs' Motion should be granted.

## ARGUMENT

The Service claims that the revised AR is "adequate" for judicial review, ECF 29 at 10, while simultaneously refusing to add materials to that AR which the Service admits it relied on during its decision-making process. *Id.* Under the APA, judicial review of agency action must be based upon the "whole record," not merely an allegedly "adequate" one. *See* ECF 23 at 8–9 (outlining legal standards under the APA's "whole record" rule).

While "an agency's statement of what is in the record is subject to a presumption of regularity[,]" that presumption may be rebutted by "clear evidence to the contrary." *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021). Here, Plaintiffs have provided clear evidence rebutting the presumption of completeness. An incomplete record is not the "whole record"

---

[1] Plaintiffs do not here respond to any statements or arguments made in the "Background" section of the Service's Response to Motion to Compel, ECF 29 at 5–7, as they go to the merits of the case and will be addressed during the merits briefing on this matter, as appropriate.

required for APA review. Here, the record is incomplete whether or not allegedly deliberative documents are considered part of that "whole record" and a privilege log is still necessary in this matter whether or not allegedly deliberative documents must be included in that log.

## I. The presumption of regularity has been overcome and the AR should be completed with the record materials identified by Plaintiffs.

To overcome the presumption of completeness, Plaintiffs must identify the allegedly omitted documents with "sufficient specificity" and "identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v.* Pritzker, No. 16-CV_06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (quoting *Gill v. Dep't of Justice,* No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015)). Here, Plaintiffs have provided clear evidence that the record is incomplete because the Forest Service omitted from the AR (1) the Clackamas County Comprehensive Plan, (2) non-protected and non-privileged portions of the documents from meetings and discussions from tribal consultations and ongoing communications with tribes, and (3) a video recording of the May 5, 2021, resolution meeting/hearing. ECF 23 at 10–12.

### a. The Clackamas County Comprehensive Plan

The Clackamas County Comprehensive Plan (the "Plan") was identified with "sufficient specificity." ECF 23 at 10–11; ECF 24, ¶9(a). The Service *acknowledges* that it relied on the Plan as part of its decision-making process and does not deny that a copy of the Plan is not currently included in the AR. ECF 29 at 10 (noting that the challenged decision references and hyperlinks to this document); ECF 30 ¶3 (same). This alone rebuts the presumption of

completeness. Instead, the Service takes issue with Plaintiffs' request that a copy of the Plan itself, and not merely a hyperlink, be included as part of the certified AR. ECF 29 at 10–11. The Service implies that it would have to "create a PDF copy of the Plan" which would "create a new record in the litigation." *Id.* at 11. Plaintiffs are not requesting that the Service "create" anything. The Plan already exists as several PDFs which are available to download from the webpage cited by the Service. It is irrelevant whether the Service had itself downloaded a copy of the Plan in its PDF form (although it should have done so for inclusion in its project file) – the PDFs exist, and the content of the Plan was relied on by the Forest Service in its decision-making process. It is therefore part of the "whole record" for judicial review.

The Service states it would not object to "any party's referencing a new or different hyperlink to the online Plan if the existing hyperlink is changed, expires, or breaks[,]" ECF 29 at 11, however, this only addresses potential issues with the *link* itself. It does nothing to ensure that the content *being linked to* has not been changed, removed, or otherwise altered. The webpage linked to by the Service (i.e. https://www.clackamas.us/planning/comprehensive.html) is maintained by Clackamas County, not the Forest Service, therefore the Service has no control over the content of that webpage nor the Plan documents linked to. Further, the webpage itself (as of the date of this filing) includes the disclaimer that "Every effort is made to keep this site accurate and up to date, however the current version on file at the offices of the Department of Transportation and Development is the final authority." At the very least, this underscores the concern that the content and/or documents linked to on that webpage are subject to change. Judicial review must be based upon the "whole record" – this includes documents as they were at the time of the agency decision-making, not just any version of those documents included on a hyperlinked third-party webpage subject to periodic change.

### b. Non-Protected and Non-Privileged Tribal Consultation and Communication Documents

The Service has acknowledged that at least some records from this category of documents are already included in the AR, ECF No. 29 at 12[2], implicitly acknowledging that tribal consultation and related documents *were* considered during the decision-making process and are rightly part of the AR. Therefore, the remaining tribal consultation and related documents should also be included in the AR. If all such documents had already been included in the AR, the Service would have indicated this during the parties' conferral, but it made no such assertion, instead arguing that the documents were not relevant to Plaintiffs' claims and/or were protected or privileged. To the extent that the Service is continuing to withhold any *protected and/or privileged* documents or portions of documents, those withheld materials should be identified in a privilege log. And to the extent that the Service is continuing to withhold any *non-protected and/or non-privileged* documents or portions of documents, those withheld materials should be added to the record now.

The Service also argues that the Court should deny Plaintiffs' request to add tribal consultation and communication documents to the AR because Plaintiffs "fail to explain why documents regarding tribal communications are needed for judicial review of *Plaintiffs' claims*." ECF 29 at 11–12 (emphasis added). But whether a defendant thinks certain documents will ultimately relate to a plaintiff's claims has nothing to do with defining the scope of an administrative record. Indeed, whether an AR is complete or not is analyzed completely separately from the nature or scope of a plaintiff's claims; the AR is either complete, or it is not.

---

[2] The documents identified by the Service in the revised 2024 AR were already part of the original 2023 AR, therefore they are not "new" documents that were added after Plaintiffs filed their AR motion.

An AR is a defined set of documents – all materials relied upon by the agency in its decision-making process unless otherwise excluded by law. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–420 (1971) (Judicial review under the APA must be based upon the review of the "whole record" developed during the agency's decision-making process.), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record . . . consists of all the documents and materials directly or *indirectly* considered by agency decision-makers [.]" (internal quotation marks omitted)). Even assuming that the Service's speculation about how Plaintiffs will ultimately develop their claims is correct, the AR should not be tailored in any way, and documents should not be included nor excluded, based on specific claims brought to challenge a final agency action.

**c. Video Recording of the May 5, 2021, Objection Resolution Meeting/Hearing.**

The Service argues that "the deciding official did not have a recording of the meeting" and "therefore did not, and could not, rely upon the video recording" in reaching their decision. ECF 29 at 13. This ignores the critical fact that the Forest Supervisor, who is and was the official responsible for signing the challenged decision, attended that meeting. So, even if the decision-maker did not specifically rely on the *video* recording of that meeting, they most certainly relied on the content of the discussion of that meeting – objections to the proposed agency action – because that official participated in the Objection Resolution Meeting, which took place during the decision-making process and before the final challenged decision was issued.

The Forest Service organized, facilitated, and participated in the May 5, 2021, Objection Resolution Meeting. According to the Service's own notes, the meeting was attended by nine

Forest Service employees, including the decision-making official, Duane Bishop, listed as the "responsible official" and then-acting Forest Supervisor for the Mt. Hood National Forest.[3] Rev. AR 49622–26. The video is a recording of that objection resolution discussion, is more complete than the Service's agenda or notes summarizing the meeting (which *are* included in the AR), and should appropriately be included in the AR. While the Service suggests that it is unsure "whether it is a complete recording of the meeting[,]" ECF 29 at 13, the Service produces no evidence that the recording is materially incomplete, and does not argue that the recording is inaccurate in any way. And in any event, the video is certainly more accurate and complete than the minutes of that meeting, which the Service did include in the AR. If the necessarily limited and incomplete minutes are included in the AR, then the video should also be included. There is no doubt that the Service considered this meeting as part of its decision-making process.

Plaintiffs have presented clear evidence overcoming the presumption that the AR is complete. Accordingly, the Court should compel the Service to complete the record with the omitted materials addressed above.

## II. Plaintiffs need not meet an additional burden to demonstrate that omitted record documents are necessary for review of Plaintiffs' claims or the challenged agency decision.

In addition to the requirement that Plaintiffs overcome the presumption of completeness, the Service attempts to impose another burden on Plaintiffs where none exists, demanding that Plaintiffs explain why certain documents are needed for judicial review of Plaintiffs claims, ECF

---

[3] Meta Loftsgaarden took over as Ms. Hood National Forest Supervisor after the Objection Resolution Meeting but before the final decision was issued in 2022. This change in the guard makes no difference to the analysis.

29 at 11–12, or to explain why material is necessary to "adequately review" the challenged agency decision. *Id.* at 13.

For the reasons already outlined above, a plaintiff's specific *claim* should in no way impact the content of an administrative record. The contours of the AR are legally defined by reference to the agency decision-making process itself, not by a plaintiff's challenge to the ultimate agency decision. Further, if a plaintiff has overcome the presumption of completeness by demonstrating that a sufficiently identified document was considered by the agency yet omitted from the AR, then that party has already demonstrated why that document is necessary for judicial review – because judicial review must be based on the "whole record" – and the record is not "whole" while that document is absent.

In support of its position the Service cites to *Xerces Soc'y for Invertebrate Conservation v. Shea,* -- F. Supp. 3d--, No. 3:22-cv-790-HZ, 2023 WL 4941221, at *2 (D. Or. July 17, 2023), ECF 29 at 11, 13, which states that "[a] party who moves to supplement or 'complete' the record must 'show that the additional materials sought are necessary to adequately review the [agency's] decision[.]'" *Id.* (quoting *Fence Creek Cattle v. U.S. Forest Serv.,* 602 F.3d 1125, 1131 (9th Cir. 2010)). This is a misreading of the law. There is a significant difference between a motion to "complete" an AR and a motion to "supplement" an AR, and they have different standards.

*Fence Creek Cattle* involved supplementation, not completion. There, the District Court had already found the record to be complete, and the court of appeals was discussing the "four narrowly construed circumstances" under which "expansion" or supplementation of that already complete record may be permitted. *Fence Creek,* 602 F.3d at 1131. It was these "additional materials" for which the court required that plaintiffs demonstrate necessity for adequate judicial

review, and the "four narrowly construed circumstances" provided the avenues to demonstrate that necessity. *Id.* The *Xerces* court may have been imprecise in its use of language, but that was also an AR supplementation case, not an AR completion case. *Xerces Soc'y*, 2023 WL 4941221 at *3–4. To the extent the Service reads *Xerces* as extending the holding in *Fence Creek Cattle* to AR completion motions, the Service is wrong.

This is an AR completion motion. Plaintiffs have met their burden under that standard, which is to overcome the presumption of completeness by showing that the materials requested to be included in the AR were part of the "whole record" before the agency before it made its challenged decision. That is all. Plaintiff is not also required to explain how it may eventually use the requested documents in its briefing on the merits. That is not required until summary judgment.

**III. A privilege log is necessary in this matter whether or not deliberative documents must be included in that log.**

The Service's argument is that *Blue Mountains Biodiversity Project v. Jeffries et al.,* 72 F.4th 991 (9th Cir. 2023) "resolved" the issue of privilege logs in record review cases. ECF 29 at 14. However, in reality *Jeffries* merely addressed the propriety of *including deliberative documents in a privilege log.* The case expressly did not address the use of privileges logs for documents withheld under privileges *other than* deliberative process. *See Jeffries,* 72 F.4th at 997 ("We leave for another day a detailed exploration of the precise circumstances under which a district court can order the production of a privilege log[.]").[4]

[4] Further, the quoted portion of *Xerces* that the Service cites to was regarding the role of deliberative documents in the administrative record generally; it was not addressing the role of privilege logs in record review cases. *See* ECF 29 at 14, citing *Xerces Soc'y*, 2023 WL 4941221 at *3. The Service later quotes *Xerces* again for the proposition that absent a "showing of bad

Plaintiffs' Motion asks this court to compel the Forest Service to "prepare and file a privilege log identifying with specificity the documents withheld from the AR on the basis of deliberative process, attorney work product, *or any other privilege*[.]" ECF 23 at 5 (emphasis added).[5] The Service focuses its Response on why *deliberative* documents should not be included in the AR or on a privilege log. ECF 29 at 14–18. However, beyond its sweeping mischaracterization of *Jeffries*, the Service does not address Plaintiffs' argument regarding the need for a privilege log to account for *non-deliberative* materials excluded from the record under *any other* claim of privilege.

Not all allegedly privileged documents are deliberative. For the reasons already outlined by Plaintiffs (ECF 23 at 12–16), a privilege log is necessary whether or not deliberative documents must be included on that log. Further, even if this Court finds that Fed. R. Civ. P.

---

faith or improper behavior, this Court recognizes that 'requiring a privilege log would be without useful purpose and would undermine the limited scoped of the Court's APA review.'" ECF 29 at 18, quoting *Xerces Soc'y*, 2023 WL 4941221 at *4. That quote is missing important context. First, it was pulled from the Court's discussion that was limited to excluding deliberative documents from privilege logs but did not address documents withheld on *any other claim of privilege*. Second, that section of *Xerces* itself quotes to *Jeffries* which, again, only addressed the intersection of deliberative documents and privilege logs, not all types of privileges. *See Jeffries*, 72 F.4th at 997.

[5] Plaintiffs once again acknowledge, as they did in their Motion, that *BMBP v. Jeffries* is currently the authority regarding the role of *deliberative* documents in AR and their inclusion on privilege logs. ECF 23 at 12, 15, 16. Plaintiffs clearly stated that their deliberative documents-related arguments were merely included to preserve their arguments in this regard should *Jeffries* be modified upon review, if *en banc* review (which is still pending) is granted in that case. *Id.* at fn.2, 16. Plaintiffs are not suggesting that the Court take action contrary to *Jeffries* while that opinion still controls. But as explained in the Motion and in this Reply, *Jeffries* does not control every aspect of Plaintiffs' Motion, including in particular the portion of the Motion that requests a privilege log documenting *non*-deliberative materials that the Service has withheld from the AR as it is currently filed.

26(b)(5) does not apply to APA cases such as this, at the very least Rule 26(b)(5) offers persuasive authority regarding the propriety and importance of privilege logs in APA matters.

**CONCLUSION**

For the reasons set forth above and in Plaintiffs' Motion to Compel Completion of the Administrative Record and Production of a Privilege Log, the Motion should be granted. The requested documents should be added to the AR, and the Forest Service should be instructed to file a privilege log identifying those documents it withheld from the AR due to its unilateral and impenetrable determination that they are "deliberative," and identifying any other documents withheld under any claim of privilege. Even if the Court, under *Jeffries*, declines to compel any action related to allegedly "deliberative" materials, the Court can and should still grant Plaintiffs' Motion as to all non-deliberative materials.

Respectfully submitted this 26th day of February 2024.

*/s/ Bridgett Chevallier*
Bridgett Chevallier, OSB #204997
Jesse A. Buss, OSB # 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

*/s/ Karl G. Anuta*
Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs*