UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY, | Case No. 3:22-cv-01981-AR<br><br>**OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| META LOFTSGAARDEN, *Forest Supervisor for the Mt. Hood National Forest*, UNITED STATES FOREST SERVICE, and MT. HOOD MEADOWS OREG., LLC, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy (together, plaintiffs) challenge the legality of defendants Meta Loftsgaarden's and the United States Forest Service's

Page 1 – OPINION AND ORDER

approval of Government Camp/Cooper Spur land exchange (the Proposed Exchange) between the Forest Service and a private entity, defendant Mt. Hood Meadows Oreg., LLC. Plaintiffs contend that the agency's record of decision, environmental impact statement, and various appraisals greenlighting the Proposed Exchange are arbitrary and capricious under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), and violate the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370(h), and the Omnibus Public Land management Act of 2009 (Pub. L. 111-11, 123 Stat. 1018), as amended by the Mt. Hood Cooper Spur Land Exchange Clarification Act of 2018 (Pub. L. 115-110, 131 Stat. 2270). Plaintiffs' claims are governed by the APA, and the court, therefore, limits its review to the administrative record to the challenged agency decisions.

The court addresses here plaintiffs' motion to compel defendants to complete the administrative record and to require defendants to produce a privilege log of documents omitted from the administrative record based on deliberative process privilege, attorney-client privilege, or any other privilege. As explained below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In 2009 and 2018, Congress passed legislation that directed the Forest Service to complete a Government Camp/Cooper Spur land exchange on Mt. Hood with Mt. Hood Meadows. On May 3, 2022, the Forest Service issued a Record of Decision (ROD) and underlying environmental impact statement (EIS) approving the Proposed Exchange, which permits the Forest Service to convey federal lands it owns in Government Camp to Mt. Hood Meadows in exchange for Mt. Hood Meadows conveying private lands it owns in Cooper Spur to

the government. Plaintiffs contend that the Proposed Exchange fails to adequately preserve and protect wildlife habitat and water quality on the north side of Mt. Hood in favor of development of a destination ski resort, and thus fails to implement the legislation's purpose. Defendants' actions are arbitrary and capricious under the APA and NEPA in plaintiffs' view because the ROD and EIS approving the Proposed Exchange unreasonably implement and fail to satisfy the legislation's purpose and need statement, fail to consider an adequate range of alternatives, and improperly reduced the acreage to be exchanged. Also contended by plaintiffs is that defendants failed to publish a complete appendix, provide complete appraisals, or utilize national appraisal standards, contrary to the legislation and the APA. (ECF No. 11-20, ECF No. 4.)

On September 7, 2023, defendants filed a Notice of Lodging of the Administrative Record. (Notice of AR, ECF No. 18.) On January 8, 2024, plaintiffs filed this motion to compel. (Mot. to Compel, ECF No. 23.) Ten days later, after conferring with plaintiffs, defendants filed a revised administrative record, which spans more than 83,000 pages. (Rev. AR, ECF No. 28.)

Plaintiffs contend that the revised administrative record remains incomplete because defendants have refused to include three categories of documents: (1) the Clackamas County Comprehensive Plan; (2) nonprivileged portions of documents from meetings and discussions with tribes and tribal organizations; and (3) a video recording of the May 5, 2021, Objection Resolution hearing. Plaintiffs also seek an order requiring defendants to produce a privilege log of any documents that have been withheld or redacted from the administrative record based on deliberative process privilege, attorney-client privilege, work-product privilege, or other privilege.

Page 3 – OPINION AND ORDER

## LEGAL STANDARD

Under the APA, courts review agency action based on the "whole record" developed during the agency's decision-making process. 5 U.S.C. § 706; *Goffney v. Beccera*, 995 F.3d 737, 748 (9th Cir. 2021). The whole record consists of all documents and materials that were "directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S.402, 420 (1971) (holding that the "whole record" is based on "the full administrative record that was before the [agency] at the time [it] made [the] decision"), *abrogated on other grounds by*, *Califano v. Sanders*, 430 U.S. 99, 105 (1977). "[L]ike other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity." *Goffney*, 995 F.3d at 748.

## DISCUSSION

**A.    *Plaintiffs' Motion to Compel to Complete Record***

    **1.    Legal Standard**

To overcome the presumption of regularity and completeness given to an agency's production of an administrative record, the plaintiff must present "clear evidence to the contrary." *Goffney*, 995 F.3d at 748; *Oceana, Inc. v. Raimondo*, Case No. 21-cv-05407-VKD, 2022 WL 17178301, at *3 (N.D. Cal. Nov. 23, 2022). To satisfy "clear evidence to the contrary," district courts have required that the plaintiff identify "the allegedly omitted materials with sufficient specificity" and "reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Ross*, Case No. 19-cv-03809-LHK (SVK), 2020 WL 511899, at *2 (N.D. Cal. Jan. 31, 2020); *Save the Colorado*

*v. U.S. Dep't of Interior*, 517 F. Supp. 3d 890, 900 (D. Ariz. 2021); *Sierra Club v. Zinke*, Case No. 17-cv-07187-RS, 2018 WL 3126401, at * 2 (N.D. Cal. June 26, 2018); *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017), *recon. denied by*, 2017 WL 894895 (Aug. 15, 2017). On a motion to complete the record, "[p]laintiffs need not show bad faith or improper motive to rebut the presumption." *People of Cal. ex rel. Lockyer v. U.S. Dep't Agric.*, Case No. C05-3508 EDL, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006) (discussing standard on motion to complete administrative record).

    2.    Analysis

        a.    **Clackamas County Comprehensive Plan**

Plaintiffs request the court to require the Forest Service to include a PDF of the Clackamas County Comprehensive Plan (CCCP) in the administrative record. As plaintiffs highlight, the ROD references the CCCP, and the revised administrative record includes a hyperlink to the CCCP. (Rev. AR 50388, 12438, ECF No. 26.) In its briefing, the Forest Service does not deny that it referenced the CCCP in the ROD; instead, it contends that it does not have a "hard" copy of that document and that a hyperlink is sufficient. (Lombardo Decl. ¶ 3, ECF No. 30.) The court finds the Forest Service's argument problematic, for three primary reasons.

First, by referencing the CCCP in the ROD and including a hyperlink in the administrative record, the Forest Service reveals that its decision-makers directly or indirectly considered the CCCP. Merely because the Forest Service does not possess a paper copy or PDF of the CCCP does not mean that the materials were not considered online. Second, the Forest Service's concession that it would not object to a party referencing a new hyperlink should the previously-provided link change, expire, or break misses the point. (Defs.' Resp. at 11, ECF No.

Page 5 – OPINION AND ORDER

29.) As plaintiffs contend, the fact that the hyperlink currently is functional does not guarantee that the *content* to which it is linked will remain unchanged or unaltered in perpetuity. Third, the hyperlink is hosted by Clackamas County, not the Forest Service. That fact reinforces the need to include a complete PDF of the CCCP in the AR before the county amends or alters the underlying content of the CCCP while judicial review of this action is pending.

In short, the court finds that plaintiffs have identified clear evidence and reasonable, nonspeculative grounds to support their belief that the CCCP was considered by the Forest Service, but not included in the administrative record. Therefore, to ensure completeness on review, a PDF of the CCCP must be included in the administrative record. *Oceana v. Pritzker*, 2017 WL 2670733, at *5 (requiring materials be included in administrative record because there was direct evidence they were considered by the agency).

### b. Tribal Communications

Plaintiffs argue that the administrative record is incomplete because it does not include all communications between the Forest Service and various tribal entities. The administrative record already includes some tribal communications. (Defs.' Resp. at 8 (citing AR 29856-57, 30072-74, 30702, 38168-70, 38436-908, 39860-62, 39866-68, 39904-07, 39908-09, 39937-38, 39950, 39973).) Additional tribal communications exist and should be included, in plaintiffs' view, because the Forest Service made the following statement during conferral:

> The Forest Service does not agree to revise the [AR] to include documents regarding private meetings and communications with tribes. These documents are not necessary for judicial review of the claims and issues presented; none of the claims and issues relate to tribal involvement. Further no tribal issues were raised in the formal administrative objection process for the land exchange decision.

(Pls.' Mot. Compel at 7 (citing Buss Decl. ¶ 9(b)), ECF No. 24.) According to plaintiffs, whether the tribal communication documents are relevant to the merits of their claims is unrelated to whether they were considered by decision-makers. Plaintiffs argue that because defendants do not deny that tribal communication documents were considered, they must be included in the administrative record. If any tribal communication documents are withheld based on privilege, plaintiffs also argue that those documents must be identified on a privilege log. (Pl.'s Reply at 4.)

Defendants respond that no tribes or tribal groups raised any issues during the administrative objection process for the proposed land exchange, plaintiffs do not represent tribal interests, and plaintiffs' claims do not relate to tribal meetings, discussions, or communications with tribes, and therefore the documents are not necessary for judicial review. Defendants also contend that the revised administrative record already "includes the documents at issue" related to tribal communications. (Defs.' Resp. at 7-8.)

As plaintiffs argue, there is a distinction between relevance and completion of the record. The "whole record" includes all the documents directly and indirectly considered – not just those documents that are related to the merits of plaintiffs' claims. *See Oceana v. Pritzker*, 2017 WL 2670733, at *5 (distinguishing between relevance and completion of administrative record). Even so, plaintiffs have not identified with sufficient specificity that *additional* tribal consultation and communication documents exist. They also have not provided reasonable, non-speculative grounds to believe such documents were considered by the Forest Service when deciding the ROD, EIS, or appraisals, and were omitted from the administrative record. Plaintiffs' belief that additional materials exist is grounded solely on the conferral correspondence quoted above. They have not identified any specific documents or provided

Page 7 – OPINION AND ORDER

details about which tribes were consulted, or when such consultations and communications occurred. Thus, plaintiffs have not overcome the presumption of regularity and completeness with clear evidence with respect to this category of documents, and their motion on this basis is denied. *Oceana v. Raimondo*, 2022 WL 17178301, at **9-10 (denying that administrative record needed to be completed with documents related to implicit building measures because plaintiff did not present clear evidence to overcome burden of regularity).

      c.    **Video Recording**

Plaintiffs request the court to compel inclusion in the administrative record of a video recording of the May 5, 2021, Objection Resolution hearing. The Forest Service organized that hearing, and the administrative record includes the meeting agenda and minutes. (Defs.' Resp. at 8 (citing Rev. AR 49621, 49622-26).) Although no contemporaneous recording of the May 2021 hearing was made, plaintiffs located a video recording and provided it to the Forest Service on January 8, 2024. (Lombardo Decl. ¶ 6.) Plaintiffs argue that the video recording should be included because (1) the hearing was considered as part of the decision-making process, and (2) the hearing was attended by nine Forest Service employees, including Duane Bishop, who was then the Forest Supervisor for the Mt. Hood National Forest and the "responsible official." (Pls.' Reply at 6.) The video recording is more accurate and complete than the agenda and minutes of the meeting, and, in plaintiffs' view, should be included in the administrative record.

Plaintiffs have not overcome the presumption of regularity and completion here. Because no contemporaneous recording or transcript of the May 2021 hearing was made or provided, the Forest Service's decision-maker Bishop could not have directly or indirectly considered the 2024 video when making the 2022 ROD. Instead, he would have relied on his memory of the meeting,

Page 8 – OPINION AND ORDER

the agenda, and meeting minutes. Defendants already have included the agenda and meeting minutes in the revised administrative record. Plaintiffs identify no authority requiring that a recording of meetings attended by decision-makers must be included in administrative records when no contemporaneous transcript or recording was made, and the court declines to undertake such a search. *See Nat. Res. Def. Council v. Zinke*, Case No. 1:05-cv-01207 LJO-EPG, 2017 WL 3705108, at *3, 9 (E.D. Cal. Aug. 28, 2017) (stating that record "need not include documents that became available after the agency's decision had already been made" and that record need not include document that was presented at a workshop attended by staff). *See also Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 555 (1978) (holding that judicial review is "limited [ ] by the time at which the decision was made"). Therefore, plaintiffs' request for inclusion of the post-decisional materials is denied. *See Oceana v. Pritzker*, 2017 WL 2670733, at *6 (concluding that documents that post-dated decision could not have been considered by agency, denying request to include them in administrative record).

**B.    *Privilege Log***

    **1.    Legal Standard**

The court assesses "the lawfulness of agency action based on the reasons offered by the agency." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 50 (1983)), *cert. filed*, (Sept. 17, 2024). Documents that are prepared to assist the decisionmaker in reaching a decision, known as deliberative documents, therefore, "are ordinarily not relevant to that analysis." *Jeffries*, 99 F.3d at 445; *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). "Because deliberative materials are 'not part of the administrative record to begin with,'

they are 'not required to be placed on a privilege log.'" *Jeffries*, 99 F.4th at 445 (quoting *Oceana v. Ross*, 920 F.3d at 865 (simplified)). An agency's determination that documents are, in fact, deliberative is subject to judicial review, and the court may require production of a privilege log to aid that analysis. *Id.* The *Jeffries* court also observed that "'a showing of bad faith or improper behavior' might justify production of a privilege log to allow the district to determine whether excluded documents are actually deliberative." (quoting *Oceana v. Ross*, 920 F.3d at 865).

2.  **Analysis**

Plaintiffs contend that the privileged documents may not be withheld from the administrative record absent a privilege log. Plaintiffs acknowledge that *Jeffries* conclusively determined that deliberative documents are not part of the administrative record, and that withholding deliberative documents, without more, does not require production of a privilege log.[1] *Jeffries*, 99 F.4th at 445. Nevertheless, plaintiffs argue that *Jeffries* did not resolve under what circumstances privilege logs may be required for privileges *other than* deliberative process. (Pls.' Reply at 8 (quoting *Jeffries*, 99 F.4th at 445 ("[W]e leave for another day a detailed exploration of the precise circumstances under which a district court can order the production of a privilege log[.]")).) According to plaintiffs, despite *Jeffries*, any documents withheld based on *other* privileges, should be accounted for in a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5). The court disagrees that a different standard applies to privileges other than deliberative process.

---

[1] The parties' briefing discussed the panel decision, *Blue Mountains Biodiversity Project v. Jeffries*, 74 F.4th 991 (9th Cir. 2023). The panel decision was amended and superseded on denial of rehearing *en banc*, *Jeffries*, 99 F.4th 438, after briefing concluded. (Notice of Supplemental Authority, ECF No. 32.)

Plaintiffs rely on *Regents of Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, Case No. C 17-cv-05211 WHA, 2018 WL 1210551, at *6-7 (N.D. Cal. Mar. 8, 2018) (discussing documents withheld on basis of "attorney-client, deliberative process, and other privileges"), and *Washington v. U.S. Dep't of Homeland Sec.*, Case No. 4:19-cv-5210-RMP, 2020 WL 4667543, at *4-5 (E.D. Wash. Apr. 17, 2020) (discussing deliberative process privilege and attorney-client privilege), to contend that if agencies are unilaterally permitted to withhold documents it purports to be based on privilege, it "opens the door to abuse or inadvertent exclusion by the government." Those two cases, however, were determined before *Jeffries* and do not distinguish documents withheld based on deliberative process privilege from documents withheld based on *other* privileges. In other words, plaintiffs have not identified cases where courts have applied a different standard to documents based on attorney-client privilege. For those reasons, they are unhelpful.

Next, contrary to plaintiffs' suggestion, *Jeffries* does not give the government unchecked authority with respect to privileged documents. The *Jeffries* court agreed with the D.C. Circuit that "'a showing of bad faith or improper behavior' might justify production of a privilege log to allow the district court to determine whether excluded documents are actually deliberative." *Id.* (quoting *Oceana v. Ross*, 920 F.3d at 865). There, the plaintiff did not identify any agency misconduct, and therefore, the district court did not abuse its discretion when it declined to require privilege log. *Id.* at 445.

A recent case in this district applied *Jeffries*[2] when it declined to require production of a privilege log. In *Xerces Soc'y for Invertebrate Conservation v. Shea*, District Judge Marco A.

---

[2] *Xerces* also relied on the panel decision, *Jeffries*, 74 F.4th at 997.

Hernández concluded that deliberative process documents need not be included on a privilege log because "[p]laintiffs present no evidence that Defendant act[ed] in bad faith or wrongfully withheld any particular documents," and thus denied the request to supplement the record. 682 F. Supp. 3d 948, 956 (D. Or. 2023).

Plaintiffs argue that Rule 26(b)(5) requires defendants to affirmatively assert withheld documents based on privilege, and adequately describe them in privilege log. Where documents are withheld, plaintiffs contend, "'the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege' so that it may be challenged by plaintiffs and assessed by the Court." (Pls.' Mot. Compel at 14 quoting *Inst. for Fisheries v. Burwell*, Case No. 16-cv-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017).) The court is unconvinced.

Rule 26(b)(5) does not supply the correct framework because it discusses shielding privileged documents from discovery, which is not typically applicable in an APA record review case. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). And administrative records are entitled to a presumption of regularity, unlike documents produced in litigation. *Goffney*, 995 F.3d at 444. As one court aptly observed, the *Jeffries* rationale avoids "entertaining Rule 26 discovery-style disputes unless the record reveals that factual information was withheld or some other substantial showing of incompleteness." *Sierra Club v. U.S. Army Corps of Eng'rs*, Case No. 2:20-cv-00396-LEW, 2023 WL 6260728, at *6-7 (D. Me. Sept. 26, 2023) (discussing that the *Jeffries* approach leaves "room for a district court to exercise discretion" and "teach[es] that an agency cannot presume to have the authority

Page 12 – OPINION AND ORDER

to determine the contents of the record unilaterally," and instructs that the challenging party "must come to the court with more than a fishing pole" and make a significant showing of irregularity).

Privileged materials have been considered and improperly omitted, plaintiffs contend, pointing to earlier litigation. Plaintiffs argue that in a 2015 case related to the Proposed Exchange (*Hood River Valley Resident's Comm. v. Pena*, 3:15-cv-01397-BR), defendants produced an index that served as a privilege log, and identified documents withheld on basis of deliberative process, attorney-client privilege, business financial information privilege, personal private information privilege, and Archeological Resources Protection Act privilege. (Buss Decl. ¶ 10, ECF No. 24.) Because the agency considered those privileged documents to be part of the administrative record in the 2015 case, in plaintiffs' view, it is reasonable to presume that defendants have continued to communicate with their attorneys regarding the agency actions at issue, and that such communications might be omitted from the administrative record. Plaintiffs remonstrate that they cannot assess the veracity of any claims of privilege without a privilege log. (Pls.' Mot. Compel at 11-12.)

Under *Jeffries*, plaintiffs' contentions are insufficient. Plaintiffs' reliance on the 2015 materials fails to show misconduct or impropriety. A review of the 2015 docket does not reveal that motions were filed regarding the propriety of the asserted privileges at the time.[3] Plaintiffs also do not identify with reasonable specificity that documents here have been withheld improperly based on attorney-client privilege or allege that defendants have engaged in

---

[3]   The court takes judicial notice of the motions filed in the case docket, but not the truth of their contents. *Khoja v. Orexigen Therapeutics, Inc.*, 889 F.3d 988, 1000 (9th Cir. 2018) (holding courts may take judicial notice of matters of public record).

Page 13 – OPINION AND ORDER

misconduct. Rather they surmise that based on the ongoing litigation, privileged documents exist and should be logged. Therefore, plaintiffs have not made significant showing of irregularity with respect to withholding documents based on privileges other than deliberative process. Accordingly, plaintiffs have not overcome the presumption of completeness given to the revised administrative record, and their request that defendants produce a privilege log is denied.

## CONCLUSION

For the above reasons, plaintiff's motion to compel (ECF No. 23) is GRANTED IN PART and DENIED IN PART. The parties are DIRECTED TO CONFER regarding a proposed joint case management schedule for the remainder of the proceedings through resolution of plaintiffs' claims on the merits and to submit that schedule (or competing schedules if unable to reach agreement) to the court within seven days. (Unpposed Mot. for Timely Conferral re: Litigation Schedule, ECF No. 34).

DATED: November 18, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge