Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,<br><br>Plaintiffs,<br><br>v.<br><br>META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,<br><br>Defendants,<br><br>and<br><br>MT. HOOD MEADOWS OREG., LLC,<br><br>Defendant-Intervenor. | Case No. 3:22-cv-01981-AR<br><br>**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE ARMISTEAD'S NON-DISPOSITIVE PRETRAIL OPINION AND ORDER DENYING IN PART PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND PRODUCTION OF PRIVILEGE LOG** |

Page 1:  PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE ARMISTEAD'S NON-
         DISPOSITIVE PRETRIAL OPINION AND ORDER

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a),[1] Plaintiffs object to Magistrate Judge Armistead's Opinion and Order filed November 18, 2024 (the "Order")(ECF No. 36). While that Order granted one of Plaintiffs' specific requests by directing the Forest Service to add the Clackamas County Comprehensive Plan to the Administrative Record (AR), ECF No. 36 at 6, the Order declines to provide Plaintiffs with any of the other relief it sought in its Motion to Compel Completion of the Administrative Record ("Motion to Complete" or "Motion")(ECF No. 23).

When a non-dispositive pretrial matter is referred to a magistrate judge, that judge must conduct required proceedings and issue a written order stating their decision, where appropriate. Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy [of the order,]" and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1). "The 'contrary to law' standard applies to conclusions of law and allows for *de novo* review." *Nationstar Mortg., LLC v. Decker,* 3:13-CV-1793-PK, 2015 WL 519884, at *1 (D. Or. Feb. 9, 2015). "The 'clearly erroneous' standard applies to findings of fact." *Id.* "There is clear error when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. Nov. 5, 2009) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

---

[1] Rule 72(a) provides, in part, that "[a] party may not assign as error [on appeal] a defect in [a magistrate judge's] order not timely objected to."

Now, therefore, Plaintiffs specifically object to the following portions of the Order:

(1) The portion of the Order declining to compel the Forest Service to complete the AR with tribal communications. ECF No. 36 at 6-8. The Forest Service has not denied that these documents exist, and it does not argue that the requested documents are privileged. Rather, the Forest Service seeks to exclude these documents because they—according to the Service—are not "relevant" to Plaintiffs' claims in this case. But whether documents are "relevant" to Plaintiffs' claims is not relevant to whether they are part of the "whole record" under the Administrative Procedures Act (APA). And without access to the documents themselves, which the Forest Service has apparently withheld, it is impossible to determine whether the requested documents *are* relevant to Plaintiffs' claims.

(2) The portion of the Order declining to compel the Forest Service to complete the AR with the video recording of the Forest Service's formal May 5, 2021, objection resolution meeting. ER No. 36 at 8-9. Judge Armistead found that "the Forest Service's decision-maker Bishop could not have directly or indirectly considered the 2024 video when making the 2022 [Record of Decision]. Instead, he would have relied on his memory of the meeting, the agenda, and meeting minutes." *Id.* at 8-9. But the video is a recording of a videoconference, Zoom-style meeting that the decision maker participated in, which was held remotely. And the video is not a "2024" video; it was recorded on May 5, 2021, well before the 2022 decision was made. Accordingly, the decisionmaker *did* consider the things shown in the video, as it is undisputed that the decisionmaker attended the meeting and watched the images and listened to the audio that are in this video on their own computer screen, in real time.

(3) The portion of the Order declining to compel the Forest Service to produce a privilege log detailing other material excluded from the record as deliberative or under other claims of privilege. ECF No. 36 at 9-14. In rejecting the request for a privilege log, Judge Armistead relied heavily on the Ninth Circuit's recent decision in *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438 (9th Cir. 2024), *petition for cert. filed*, No. 24-300 (U.S. Sept. 13, 2024) ("*Jeffries*"). To be sure, *Jeffries* is binding on this Court. As noted, however, *Jeffries* has been appealed to the United States Supreme Court. In order to preserve the error in the event that the Supreme Court grants certiorari and reverses or modifies the Ninth Circuit decision, Plaintiffs object to the portions of the Order relying on *Jeffries* and its progeny. Further, and even if the Supreme Court does not take up and modify *Jeffries*, Judge Armistead has expanded *Jeffries* well beyond its holding by applying it to privileges *other than* the deliberative process privilege. ECF No. 36 at 10-14. That ruling is clearly erroneous, as *Jeffries* applies only to documents covered by the deliberative process privilege, and does not address other privileges like, as relevant here, the attorney-client privilege, the business financial information

      privilege, the personal private information privilege, and the Archeological Resource Protection Act privilege. *See* ECF No. 36 at 13 (referencing these privileges).

The Order is clearly erroneous and contrary to law, enabling this Court to set aside these portions of the Order. Fed. R. Civ. P. 72(a).

    In objecting to the Order, Plaintiffs specifically rely upon and incorporate herein the arguments and authorities cited in their Motion to Complete, ECF No. 23; the supporting Buss Declaration, ECF No. 24; and their Reply in Support of Motion to Compel Completion of the Record, ECF No. 31.

    For these reasons, Plaintiffs respectfully request that the Court modify or set aside the portions of the Order, ECF No. 36, declining to compel the Forest Service to complete the AR with certain missing documents and declining to compel the Forest Service to produce a privilege log to detail the material the Forest Service unilaterally excluded from the AR (whether excluded as "deliberative" or otherwise).

    Respectfully submitted this 2nd day of December 2024.

                                            */s/ Jesse A. Buss*
                                       Jesse A. Buss, OSB # 122919
                                       Bridgett Chevallier, OSB #204997
                                       Willamette Law Group, PC
                                       411 Fifth Street
                                       Oregon City OR 97045-2224
                                       Tel: 503-656-4884
                                       Fax: 503-608-4100
                                       Email: jesse@WLGpnw.com

                                       */s/ Karl G. Anuta*
                                       Karl G. Anuta, OSB No. 861423
                                       Law Office of Karl G. Anuta, P.C.
                                       735 S.W. First Ave.
                                       Portland OR 97204
                                       Tel: 503-827-0320
                                       Fax: 503-386-2168
                                       Email: kga@lokga.net