# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THRIVE HOOD RIVER**, **OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB,** and **MIKE McCARTHY,**<br><br>  Plaintiff,<br><br>  v.<br><br>**META LOFTSGAARDEN,** Forest Supervisor for the Mt. Hood National Forest, and the **UNITED STATES FOREST SERVICE**,<br><br>  Defendants,<br><br>and<br><br>**MT. HOOD MEADOWS OREG., LLC,**<br><br>  Defendant-Intervenor. | Case No. 3:22-cv-1981-AR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeffrey Armistead issued an Opinion and Order in this case on November 18, 2024. ECF 36. Judge Armistead granted in part and denied in part Plaintiffs' motion to compel Defendants to complete the administrative record and require

PAGE 1 – ORDER

Defendants to produce a privilege log of documents omitted from the administrative record. Plaintiffs timely appealed Judge Armistead's Opinion and Order.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of*

PAGE 2 –  ORDER

*Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997) (quotation marks omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

The Court concludes that Judge Armistead's factual findings regarding Plaintiffs' motion to compel Defendants to complete the administrative record are not clearly erroneous. The Court next turns to a *de novo* review of the legal issues regarding Plaintiffs' motion to compel Defendants to produce a privilege log of documents omitted from the administrative record. In their motion to compel, Plaintiffs argue that Defendants must file a privilege log that enumerates documents withheld or redacted from the administrative record because they are deliberative process documents,[1] or implicate attorney-client or other privileges, or the attorney work-product doctrine.

In 2024, the Ninth Circuit decided *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438 (9th Cir. 2024). In that case, the plaintiff argued that deliberative process documents are part of the whole record and that a privilege log is required if they are not included in the administrative record. *See Jeffries*, 99 F.4th at 444. At the outset, the Ninth Circuit held, following the D.C. Circuit, that "deliberative materials are generally not part of the

---

[1] The deliberative process privilege "shields from disclosure documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (cleaned up).

[administrative record] absent impropriety or bad faith by the agency." *Id* (citing *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019)). In reaching this holding, the court turned to two "well-settled principles." *Id.* First, the court cited the "presumption of regularity," meaning that "barring 'clear evidence to the contrary,' [courts] 'presume that an agency properly designated the Administrative Record.'" *Id.* at 445 (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)). Second, the court explained that "[d]eliberative documents, which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant" to a court's analysis of whether an agency's actions were lawful based on the reasons offered by that agency. *Id.* The court then concluded that "*[b]ecause* deliberative materials are 'not part of the administrative record to begin with,' they are 'not required to be placed on a privilege log.'" *Id.* at 445 (emphasis added) (quoting *Oceana*, 920 F.3d at 865). Finally, the Ninth Circuit noted that "in appropriate circumstances"—for example, when a plaintiff can make "a showing of bad faith or improper behavior"—a district court may choose to order a privilege log. *Id.* The court declined, however, to conduct "a detailed exploration of the precise circumstances" under which a district court may order the production of a privilege log of deliberative process materials. *Id.*

      In their Objections to Judge Armistead's Opinion and Order, Plaintiffs argue that although *Jeffries may*[2] apply to deliberative process documents, it does *not* extend to documents that are privileged on other grounds. The Court agrees. As illustrated above, the *Jeffries* court emphasized the fact that deliberative process materials were not part of the administrative record in concluding that they need not be included in a privilege log. *Id.* at 444-45. When documents that otherwise *would* be in the administrative record are withheld on privilege grounds, however,

---

[2] Plaintiffs note in their Objections that they seek to preserve their objections to Judge Armistead's application of *Jeffries* and its progeny even to deliberative process documents in the event that the Supreme Court grants certiorari in *Jeffries*.

then they are distinguishable from the documents described in *Jeffries* and the Court holds that such documents must be described in a privilege log. In other words, documents that an administrative agency considers properly part of the administrative record must either be placed in the administrative record or in a privilege log, if withheld on the basis of some privilege.

With respect to this case, because thus far there is no showing of bad faith or impropriety, the Court follows *Jeffries* and declines to order Defendants to create a privilege log of deliberative process materials or other privileged materials that generally would *not* be part of the administrative record. Defendants must, however, produce a privilege log for materials that ordinarily would be part of the administrative record but are being withheld or redacted based on the grounds of privilege or the attorney work-product doctrine.

The Court OVERRULES IN PART and SUSTAINS IN PART Plaintiffs' objections, ECF 42, and AFFIRMS IN PART Judge Armistead's Opinion and Order, ECF 36, as discussed herein. Defendants are directed to produce a privilege log for materials that would otherwise have been a part of the administrative record but were withheld on the basis of privilege or the attorney work-product doctrine.

**IT IS SO ORDERED**.

DATED this 6th day of January, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge