1   Jesse A. Buss, OSB No. 122919
    Willamette Law Group, PC
2   411 Fifth Street
    Oregon City OR 97045-2224
3   Tel: 503-656-4884
    Fax: 503-608-4100
4   Email: jesse@WLGpnw.com

5   Karl G. Anuta, OSB No. 861423
    Law Office of Karl G. Anuta, P.C.
6   735 S.W. First Ave.
    Portland OR 97204
7   Tel: 503-827-0320
    Fax: 503-386-2168
8   Email: kga@lokga.net

9   *Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

10                  UNITED STATES DISTRICT COURT

11                  FOR THE DISTRICT OF OREGON

12                      PORTLAND DIVISION

13

| | |
|---|---|
| 14   THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY, | Case No. 3:22-cv-01981-AR |
| 15 | |
| 16 | **PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD WITH 13 NEWLY-DISCLOSED DOCUMENTS AND PRIVILEGE LOG** |
| 16           Plaintiffs, | |
| 17 | |
| 18           v. | |
| 19   META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE, | |
| 20 | |
| 21           Defendants, and | |
| 22 | |
| 23   MT. HOOD MEADOWS OREG., LLC, | |
|              Defendant-Intervenor. | |

**MOTION**

Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy (collectively "Conservation Plaintiffs") respectfully move for an Order requiring Defendants U.S. Forest Service and Meta Loftsgaarden (collectively the "Forest Service"): (1) to complete the Administrative Record ("AR") by adding to it 13 documents recently disclosed by the Forest Service on a privilege log (*see* Buss Decl., Ex 1); and (2) to prepare and file a full privilege log identifying with specificity the documents withheld from the AR because Forest Service staff determined they were "deliberative" or withheld on the basis of any privilege.

In compliance with LR 7-1(a), the parties made a good faith effort to resolve the dispute through multiple communications on multiple days, including email and telephone communications, and have been unable to do so.

**MEMORANDUM**

**A. Introduction**

This is not the first record-related motion in this case. Conservation Plaintiffs previously filed a Motion to Compel Completion of the Administrative Record and Production of Privilege Log (ECF 23), which this Court granted in part and denied in part. ECF 36 (Judge Armistead's Opinion & Order); ECF 45 (Judge Simon's Order).[1] In response to the Court's direction, the Forest Service recently provided Conservation Plaintiffs with a short privilege log identifying 13 documents. Buss Decl., Ex. 1 (privilege log). Those documents—with sensitive tribal-related

---

[1] Because the present Motion is essentially an extension and continuation of the previous dispute about the AR and privilege log, Conservation Plaintiffs hereby incorporate their relevant prior briefing. ECF 23 (Motion to Compel); ECF 31 (Reply in Support of Motion).

1    information redacted, at least for now—should all be included in the AR because the Forest

2    Service considered them before making the decision challenged in this case. And because it is

3    now clear—for the first time—that the Forest Service's certifications of record to this Court were

4    erroneous, there is now adequate justification for this Court to require the preparation of a *full*

5    privilege log detailing the alleged "deliberative" and other documents withheld by the Forest

6    Service.

7

8    **B.  Legal Standards**

9        Judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*,

10    must be based upon the review of the "whole record" developed during the agency's decision-

11    making process. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–420 (1971),

12    *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). If the administrative

13    record is incomplete, the Court will be unable to determine "whether the decision was based on a

14    consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* A

15    complete administrative record is thus essential for effective review.

16        The proper scope of an administrative record is broad and includes "everything that was

17    before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y v.*

18    *Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). The administrative record is

19    "not necessarily those documents that the *agency* has compiled and submitted as 'the'

20    administrative record." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)

21    (emphasis in original). Rather, "[t]he 'whole' administrative record . . . consists of all the

22    documents and materials directly or *indirectly* considered by agency decision-makers and

23    includes evidence contrary to the agency's position." *Id.* (internal quotation marks omitted).

Page 2:        PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE
               RECORD AND MEMORANDUM IN SUPPORT

1  Because the administrative record must include materials both directly *and* indirectly considered

2  by agency decisionmakers, it "naturally encompasses the underlying work and recommendations

3  of agency subordinates." *Nat. Res. Def. Council v. Gutierrez*, No. C 01-0421 JL, 2008 WL

4  11358008, at *6 (N.D. Cal. Jan. 14, 2008) (internal citations omitted); *see also Regents of the*

5  *Univ. of California v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324,

6  at *2 (N.D. Cal. Oct. 17, 2017) (the "whole record" includes "documents that literally passed

7  before the eyes of the final agency decision maker but also documents that were considered and

8  relied upon by subordinates who provided recommendations." (internal quotation marks

9  omitted)). While "an agency's statement of what is in the record is subject to a presumption of

10  regularity[,]" that presumption may be rebutted by "clear evidence to the contrary." *Goffney v.*

11  *Becerra*, 995 F.3d 737, 748 (9th Cir. 2021).

12      Once the movant has shown that the record is incomplete, the Court may order the

13  agency to complete the administrative record. *See, e.g., Doe v. Trump*, No. 3:19-CV-1743-SE,

14  2020 WL 1853657, *5 and n.1 (D. Or. April 13, 2020); *Ctr. for Biological Diversity v. U.S.*

15  *Bureau of Land Mgmt.*, No. C-06-4884-SI, 2007 WL 3049869, at *4 (N.D. Cal. Oct. 18, 2007).

16      Deliberative documents "are ordinarily not relevant" in APA cases. *Blue Mountains*

17  *Biodiversity Project v. Jeffries*, 99 F.4[th] 438, 445 (9th Cir. 2024), *cert. denied*, ___ S. Ct. ___,

18  2025 WL 76440 (January 13, 2025) (quoting *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir.

19  2019). "Because deliberative materials are 'not part of the administrative record to begin with,'

20  they are 'not required to be placed on a privilege log.'" *Jeffries*, 99 F.4th at 445 (quoting

21  *Oceana*, 920 F.3d at 865 (simplified)).

22      However, importantly, an agency's determination that documents are, in fact, deliberative

23  is subject to judicial review, **and** the court may require production of a privilege log to aid that

1   analysis. *Id.* The *Jeffries* court also observed that "'a showing of bad faith *or improper behavior*'

2   might justify production of a privilege log to allow the district to determine whether excluded

3   documents are actually deliberative." *Id.* (emphasis added) (quoting *Oceana*, 920 F.3d at 865).

### C. Argument

    1. **The Forest Service's failure to include in the AR the 13 documents described in the privilege log rebuts the agency's presumption of completeness.**

7   While "an agency's statement of what is in the record is subject to a presumption of

8   regularity[,]" that presumption may be rebutted by "clear evidence to the contrary." *Goffney v.*

9   *Becerra*, 995 F.3d 737, 748 (9th Cir. 2021). To overcome the presumption, a plaintiff must

10  identify the alleged omitted documents with "sufficient specificity" and "identify reasonable,

11  non-speculative grounds for the belief that the documents were considered by the agency and not

12  included in the record." *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL

13  2670733, at *2 (N.D. Cal. June 21, 2017) (quoting *Gill v. Dep't of Justice*, No. 14-CV-03120-RS

14  (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015)). Conservation Plaintiffs have met

15  this standard.

16  Here the Court now knows that the AR is incomplete. That is clear, because the Forest

17  Service now admits that it completely omitted from the AR 13 documents, which the agency also

18  admits *were considered* by the agency before the challenged decision was issued. Those 13

19  documents are all described in—and constitute the whole of—the recent privilege log provided

20  by the Forest Service in compliance with Judge Simon's Order. Buss Decl., Ex. 1. And, notably,

21  the Forest Service does not claim that any of those documents are "deliberative."

22  Conservation Plaintiffs requested in their previous record-related motion that additional

23  tribal communication documents be included in the AR. ECF 23 at 10-12. This Court denied that

1    part of the motion because Conservation Plaintiffs had not identified the tribal documents with

2    specificity and had not shown that the Forest Service had considered those documents. *See* ECF

3    36 at 6-8. This Court said:

> "As plaintiffs argue, there is a distinction between relevance and completion of the record. The "whole record" includes all the documents directly and indirectly considered – not just those documents that are related to the merits of plaintiffs' claims. See *Oceana v. Pritzker*, 2017 WL 2670733, at *5 (distinguishing between relevance and completion of administrative record). Even so, plaintiffs have not identified with sufficient specificity that additional tribal consultation and communication documents exist. They also have not provided reasonable, nonspeculative grounds to believe such documents were considered by the Forest Service when deciding the ROD, EIS, or appraisals, and were omitted from the administrative record. Plaintiffs' belief that additional materials exist is grounded solely on the conferral correspondence quoted above. They have not identified any specific documents or provided details about which tribes were consulted, or when such consultations and communications occurred. Thus, plaintiffs have not overcome the presumption of regularity and completeness with clear evidence with respect to this category of documents, and their motion on this basis is denied."

12    *Id.* at 7-8.

13        But circumstances have changed. Based on the privilege log recently provided by the

14    Forest Service in response to this Court's direction, Plaintiffs can now identify these documents

15    with specificity: the documents sought to be included in the AR are the 13 documents described

16    in the privilege log. Buss Decl., Ex. 1. And the Forest Service admits that those 13 documents

17    are "properly part of the administrative record." Buss Decl., Ex 2 (letter from Forest Service's

18    attorney submitted with privilege log).

19        Therefore, the reasons for this Court's previous denial of Conservation Plaintiffs' request

20    no longer apply. Since the 13 specifically-identified documents were "directly or indirectly

21    considered by agency decision-makers[,]" *Thompson*, 885 F.2d at 555, they should be added to

22    the AR—either with sensitive tribal-related information redacted as appropriate, or under seal.

23    But it is impossible to assess the Forest Service's claims of privilege with regard to these

1  documents without seeing them, at least in redacted form. And it is hard to see how all 13

2  documents—and every word they contain—are fully privileged as "Sensitive Tribal Sites

3  Information," which is the only privilege the Forest Service invokes. *See* Buss Decl., Ex. 1.

4

### 2. A full privilege log is now warranted.

5

6      This Court has already acknowledged that an agency's classification of documents as

7  "deliberative" is subject to judicial review, and that the Court may require production of a

8  privilege log to aid that review. ECF 36 at 10 (Opinion and Order). But, as noted, the Court

9  previously ordered the Forest Service to produce only a limited privilege log which did not

10  address documents withheld as "deliberative."

11      In declining at that time to order a *full* privilege log, the Court said:

12      "With respect to this case, because thus far there is no showing of bad faith or
       impropriety, the Court follows *Jeffries* and declines to order Defendants to create a
13      privilege log of deliberative process materials or other privileged materials that
       generally would not be part of the administrative record. Defendants must,
14      however, produce a privilege log for materials that ordinarily would be part of the
       administrative record but are being withheld or redacted based on the grounds of
15      privilege or the attorney work-product doctrine."

16  ECF 45 at 5. Here again, things have changed since then. A full privilege log is now warranted

17  under *Jeffries* because it is now clear that the Forest Service's previously-filed certifications of

18  record were erroneous. That is, they contained material misrepresentations. That constitutes

19  "impropriety" under the new *Jeffries* standard and a full privilege log is, therefore, appropriate.

20      When the Forest Service filed the original AR and the amended AR in this case, it

21  submitted certifications—in the form of declarations—from agency employee Stacey Grimes,

22  which stated that the AR was prepared under her "direction and oversight." ECF 19 at 2; ECF 27

23  at 2. In those declarations Ms. Grimes certified under penalty of perjury that the AR she

Page 6:        PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE
               RECORD AND MEMORANDUM IN SUPPORT

1    compiled was complete. *See* ECF 27 at 3 ("To the best of my knowledge and belief, the revised

2    administrative record documents provided on the thumb drive are the materials considered, either

3    directly or indirectly, by the relevant Forest Service officials in connection with the challenged

4    decision."); ECF 19 at 2 (similar language).

5          But we now know definitively that the AR (both original and revised) that Ms. Grimes

6    certified to the Court were *not in fact* the full record considered by the agency, and that the

7    Forest Service was withholding (but not disclosing) at least 13 documents that it now admits are

8    properly part of the AR. Those are the 13 documents described in the recently provided privilege

9    log. Buss Decl., Ex. 1. Although probably not rising to the level of "bad faith" under *Jeffries*,

10    Conservation Plaintiffs submit that the filing of two inaccurate AR certification documents at a

11    minimum constitutes "impropriety" under *Jeffries* that justifies the Court requiring preparation of

12    a full privilege log.

13          To be clear, Conservation Plaintiffs are not accusing Ms. Grimes of perjury. It is almost

14    certainly true that she *believed* she was filing the full AR. Nonetheless, Ms. Grimes' declarations

15    are demonstrably unreliable. The filing of two inaccurate AR certifications raises serious

16    questions about how the agency went about preparing the AR here, and about how that apparent

17    process undermines confidence that the agency properly classified documents as "deliberative"

18    or otherwise privileged.

19          As illustrated by *Bartell Ranch LLC v. McCullough*, No. 321CV00080, 2022 WL

20    2093053 (D. Nev. June 10, 2022), serious problems arise when documents are excluded as

21    "deliberative" without proper and adequate review. In *Bartell Ranch* many thousands of

22    documents were initially excluded by the agency as "deliberative" *without review by the agency*

23    *or its counsel*. A similarly problematic situation may have occurred here.

1    Although it's not entirely clear, based on available information it appears that Ms.

2    Grimes (who is apparently not a lawyer) was responsible—as she worked to assemble the AR in

3    this case—for evaluating and classifying the agency's documents as either "deliberative" or not.

4    But whether a document is "deliberative" (or not) is a *legal question* that requires review by—

5    and the judgment of—a trained lawyer. The same is true of review of documents for possible

6    privilege.

7    And yet the only information the Forest Service provided about the preparation and

8    submission of the AR suggests that if those reviews occurred at all, they were performed by a

9    non-lawyer. And that non-lawyer has now been shown to have certified and filed an incomplete

10   AR without disclosing the withheld documents. That was done not just once, but twice. As a

11   result, Conservation Plaintiffs (and likely this Court) justifiably do not have confidence that the

12   "deliberative" and "privileged" determinations made by the agency were subject to adequate

13   internal oversight.

14   To avoid a *Bartell Ranch* situation, this Court should require the Forest Service to

15   prepare a full privilege log explaining the basis for withholding documents as "deliberative" or

16   under any claim of privilege. Only that process will ensure proper legal review of the other

17   withheld documents. And to the extent it is ultimately shown that the agency improperly

18   classified documents as "deliberative," those documents should be included in the AR.

19   "[W]hether materials are in fact deliberative is subject to judicial review, and in

20   appropriate circumstances district courts may order a privilege log to aid in that analysis. . . . [A]

21   showing of bad faith *or improper behavior* might justify production of a privilege log to allow

22   the district [court] to determine whether excluded documents are actually deliberative." *Jeffries*,

23

1    99 F.4th at 445 (emphasis added, internal quotation marks omitted). Conservation Plaintiffs

2    respectfully suggest that these are "appropriate circumstances" to require a full privilege log.

3                                    **CONCLUSION**

4

5          For the above reasons, the 13 documents listed in the Forest Service's privilege log

should be added to the AR. Further, the Forest Service should be instructed to file a full privilege

6    log identifying each of the documents the agency withheld from the AR due to its unilateral

7    determination that they were "deliberative." The agency should also be required to identify in

8    that log any documents withheld under any other claim of privilege.

9

10         Respectfully submitted this 21st day of March 2025.

11

12                                  */s/ Jesse A. Buss*
                                    Jesse A. Buss, OSB # 122919
13                                  Willamette Law Group, PC
                                    411 Fifth Street
14                                  Oregon City OR 97045-2224
                                    Tel: 503-656-4884
15                                  Fax: 503-608-4100
                                    Email: jesse@WLGpnw.com
16
                                    */s/ Karl G. Anuta*
17                                  Karl G. Anuta, OSB No. 861423
                                    Law Office of Karl G. Anuta, P.C.
18                                  735 S.W. First Ave.
                                    Portland OR 97204
19                                  Tel: 503-827-0320
                                    Fax: 503-386-2168
20                                  Email: kga@lokga.net

21                                  *Attorneys for Plaintiffs*

22

23

Page 9:        PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE
               RECORD AND MEMORANDUM IN SUPPORT