**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Sean E. Martin
Assistant United States Attorney
Sean.martin@usdoj.gov
(503) 727-1000



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 14, 2025

*Via email only*

Steve Odell, Esq.
Marten Law
1050 SW 6th Avenue, Suite 2150
Portland, Oregon 97204
sodell@martenlaw.com

Jesse A. Buss, Esq.
Willamette Law Group
411 Fifth Street
Oregon City, Oregon 97045
jesse@WLGpnw.com

Re:  Privilege Log, *Thrive v. Loftsgaarden,* No. 3:22-cv-1981-AR (D. Or.)

Dear Steve and Jesse:

    Please find attached Federal Defendants' privilege log, pursuant to the Court's order (ECF 45) in this matter.  Per the Court's order, "documents that an administrative agency considers properly part of the administrative record must either be placed in the administrative record or in a privilege log, if withheld on the basis of some privilege."  ECF 45 at 5.  The Court "decline[d] to order Defendants to create a privilege log of deliberative process materials or other privileged materials that generally would *not* be part of the administrative record."  *Id.*

    Per the Court's order, the attached privilege log does not include documents that the administrative agency considers *not* properly part of the administrative record.  In accordance with that direction and to avoid any potential confusion, I wanted to quickly advise and explain that the privilege

Letter to Odell and Buss
Page 2
February 14, 2025
_____

log therefore does not encompass predecisional attorney-client communications to/from the U.S. Attorney's Office to the administrative agency, and predecisional attorney-client communications to/from the administrative agency's Office of General Counsel and agency officials with the U.S. Forest Service.

As recent binding precedent establishes, there is good reason for the administrative agency not to consider such documents to be properly part of the administrative record. The Court in this case will assess the lawfulness of the agency's action based on the reasons offered by the agency, not by examining the mental processes of decisionmakers or by reviewing pre-decisional attorney-client communications. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024), *cert. denied*, - S. Ct. -, 2025 WL 76440 (January 13, 2025).

Attorney-client communications are not evidence supporting or detracting from the agency's reasons or findings in its ultimate record of decision. Instead, they are deliberative documents including recommendations, proposals, and suggestions, "rather than the policy of the agency." *Xerces Soc'y for Invertebrate Conservation v. Shea*, 682 F. Supp. 3d 948, 954 (D. Or. 2023) (cleaned up). The attached privilege log therefore does not include such communications because the Forest Service considers them *not* properly part of the administrative record.

                Sincerely,

                NATALIE K. WIGHT
                United States Attorney
                District of Oregon

                */s/ Sean E. Martin*
                SEAN E. MARTIN
                Assistant United States Attorney

cc: Karl G. Anuta, Plaintiffs' counsel

    Clients