**WILLIAM M. NARUS, CAB # 243633**
Acting United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone:  (503) 727-1010
      Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **THRIVE HOOD RIVER; OREGON WILD; SIERRA CLUB; OREGON NORDIC CLUB; FRIENDS OF MOUNT HOOD; OREGON KAYAK AND CANOE CLUB;** and **MIKE MCCARTHY**,<br><br>    Plaintiffs,<br><br>v.<br><br>**META LOFTSGAARDEN;** and **UNITED STATES FOREST SERVICE**,<br><br>    Defendants,<br><br>and<br><br>**MT. HOOD MEADOWS OREG., LLC,**<br><br>    Defendant-Intervenor. | Case No. 3:22-cv-01981-AR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD** |

This Court should deny Plaintiffs' motion to compel, ECF 52. Plaintiffs seek an order 1) compelling a new and greatly expanded privilege log, and 2) requiring Defendants to "complete" the administrative record with further production of documents identified as confidential in the existing privilege log.

There are no appropriate grounds to grant Plaintiffs' motion.

## Factual Background

Under the Administrative Procedure Act ("APA"), Plaintiffs challenge the U.S. Forest Service's May 2022 record of decision implementing Congressional direction regarding a land exchange in the Mt. Hood area. *See* ECF 7 at ¶ 1; AR 50369-408 (record of decision).[1] Under the record of decision, the Forest Service is conveying federal lands near Government Camp to Mt. Hood Meadows, in return for Mt. Hood Meadows' conveying significantly more acres of private lands near Cooper Spur to the United States.

Congress specifically authorized—"without limitation"—the exchange of "a lesser area" of lands originally proposed to comprise the exchange "if necessary to equalize appraised values." Such an exchange also required the approval of both the government and Mt. Hood Meadows. Mt. Hood Cooper Spur Land Exchange Clarification Act, Pub. L. No. 115-110, § 2 ¶ (2)(B), 131 Stat. 2270 (2018).

---

[1] References to the administrative record ("AR") are to the certified Revised Administrative Record lodged with this Court via thumb drive on January 18, 2024. *See* ECF 26, 27.

Page 1      Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

The land exchange legislation does not authorize any "taking" of private lands and Congress did not compel Mt. Hood Meadows to agree to convey any of its lands. *See* Omnibus Public Land Management Act of 2009, Pub. L. No. 111-11, § 1206 ¶ (a)(2)(A), 123 Stat. 991 (2009) (requiring a land exchange only "if Mt. Hood Meadows offers to convey" its private land interests to the government).

In its May 2022 record of decision, the Forest Service found that the land exchange it approved was in the public interest and in accord with Congressional direction. AR 50376-77. Among other grounds in support of the public-interest finding, the exchange would result in a net increase in 538 acres of public land on the Mt. Hood National Forest, and also trigger the Congressionally-directed designation of further public lands as wilderness and for watershed-protection purposes. AR 50372, 50376.

**Procedural Background**

On December 24, 2022, Plaintiffs filed this action. ECF 1. On March 20, 2023, Plaintiffs filed their first amended complaint—the operative complaint. ECF 4. The main thrust of their claims turn on a challenge to the financial appraisals of land parcels and the equalization of the monetary values of the parcels associated with the exchange. *See, e.g., id.* ¶¶ 46-49, 51, 53-60.

In September 2023, the government lodged with this Court the administrative record ("AR") for judicial review of Plaintiffs' claims. ECF 18. After conferral with Plaintiffs and Defendant-Intervenor pursuant to an agreed

Page 2    Defendants' Response to Plaintiffs' Motion to Compel Completion of
         the Administrative Record; *Thrive Hood River, et al. v.*
         *Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

process designed to resolve record issues cooperatively and efficiently, *see* ECF 7, 10 & 21, the government in January 2024 filed a revised AR, comprising more than 80,000 pages. ECF 26.

In January 2024, Plaintiffs filed a motion to compel relating to the AR. ECF 23. Plaintiffs sought to "complete" the AR through the addition of three additional items and to compel the government to produce a log of any documents withheld under any privilege. *Id.*

On November 18, 2024, the Magistrate Judge issued an order granting Plaintiffs' motion to complete the AR regarding one of the three items but denied it regarding the other two. ECF 36 at 5-9. The Magistrate Judge also denied Plaintiffs' motion with regard to compelling a privilege log. *Id.* at 9-14. As the Magistrate Judge found, Plaintiffs acknowledged that *Blue Mountains Biodiversity Project v. Jeffries* ("*Jeffries*"), 99 F.4th 438 (9th Cir. 2024) "conclusively determined that deliberative documents are not part of the administrative record, and that withholding deliberative documents, without more, does not require production of a privilege log." *Id.* at 10. The Magistrate Judge disagreed with Plaintiffs that documents withheld based on privilege(s) other than deliberative process must be accounted for in a privilege log. *Id.* The Magistrate Judge "disagree[d] that a different standard applies to privileges other than deliberative process." *Id.*

On November 26, 2024, Defendants filed the one document that the

Page 3    Defendants' Response to Plaintiffs' Motion to Compel Completion of
         the Administrative Record; *Thrive Hood River, et al. v.
         Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

Magistrate Judge determined was necessary to complete the AR. ECF 40.

On December 2, 2024, Plaintiff objected to the Magistrate Judge's November AR order. ECF 42. On January 6, 2025, this Court upheld the Magistrate Judge regarding the completion of the AR but overruled the Magistrate Judge in part regarding production of a privilege log. ECF 45 at 3-5. This Court "decline[d] to order Defendants to create a privilege log of deliberative process materials or other privileged materials that generally would not be part of the administrative record." *Id.* at 5. Instead, this Court determined that "documents that an administrative agency considers properly part of the administrative record must either be placed in the administrative record or in a privilege log, if withheld on the basis of some privilege." *Id.* On that basis, this Court required the government to "produce a privilege log for materials that ordinarily would be part of the administrative record but are being withheld or redacted based on the grounds of privilege or the attorney work-product doctrine." *Id.*

On January 31, 2025, the parties submitted a proposed schedule under which the government agreed to produce this privilege log by February 14, 2025. ECF 48 at 2. Under the parties' proposed schedule, Plaintiffs agreed to "notify Federal Defendants about any concerns associated with the privilege log" by February 28, 2025. *Id.* This Court adopted the proposed schedule. ECF 49.

On February 14, 2025, the government produced the privilege log. *See*

Page 4    Defendants' Response to Plaintiffs' Motion to Compel Completion of
         the Administrative Record; *Thrive Hood River, et al. v.
         Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

ECF 52-1 and 52-2. The log identified 13 documents containing confidential and sensitive information regarding tribal sites/resources over which the government asserted privilege under the Cultural and Heritage Cooperation Authority and the National Historic Preservation Act. *See* ECF 52-1.

On February 28, 2025, Plaintiffs notified the government of their concerns associated with the privilege log. Exhibit A to Declaration of Sean E. Martin ("Martin Decl."). Plaintiffs raised three concerns. Their first concern raised questions about the identity of the individuals who reviewed deliberative documents and how such documents were reviewed. *Id*. at 1. Their second concern focused on the government's declining to include attorney work-product documents in the privilege log. *Id*. at 2.[2] Their third concern focused on whether the government had authority to completely withhold the 13 tribal-related documents referenced in Defendants' privilege log. *Id*.

On March 21, 2025, Plaintiffs filed the instant motion. ECF 51.

---

[2] The government subsequently informed Plaintiffs that there are no attorney work-product documents to potentially list in a privilege log or otherwise provide in the AR.

Page 5      Defendants' Response to Plaintiffs' Motion to Compel Completion of
            the Administrative Record; *Thrive Hood River, et al. v.
            Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

## Legal Standards

**A.    A court reviewing agency action may not compel production of a privilege log of deliberative materials in the absence of a strong showing of bad faith or improper behavior.**

Under the APA, courts assess the lawfulness of agency action based on the reasons offered by the agency. *Jeffries*, 99 F.4th at 445 (cleaned up), *cert. denied*, - S. Ct. -, 2025 WL 76440 (January 13, 2025). Judicial review "is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record" unless there is a "strong showing of bad faith or improper behavior." *Biden v. Texas*, 597 U.S. 785, 811 (2002) (cleaned up).

Deliberative documents, "which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant" to APA judicial review. *Jeffries*, 99 F.4th at 445. Because such materials "are not part of the administrative record to begin with, they are not required to be placed on a privilege log." *Id*. That said, a "showing of bad faith or improper behavior might justify production of a privilege log." *Id*. A similar showing must be made to warrant compelling an agency to produce a privilege log regarding other privileges. *See Save the Colorado v. Dep't of Interior*, 517 F. Supp. 3d 980, 902 (D. Ariz. 2021).

Page 6     Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

B. **The APA record for judicial review is the record the agency presents and is presumed complete absent clear evidence to the contrary.**

The "whole record," 5 U.S.C. § 706, is ordinarily "the record the agency presents." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (cleaned up). When reviewing an agency action, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Id.*

The AR "consists of all documents and materials directly or indirectly considered by agency decision-makers," no matter if those materials support or detract from the reasonableness of the decision at issue. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (cleaned up). Courts "presume that an agency properly designated" the AR "absent clear evidence to the contrary." *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (cleaned up).

"Completion" of the AR is appropriate only if the moving party presents "clear evidence" to overcome the presumption of regularity afforded the agency. *See Jeffries*, 99 F.4th at 445.

Page 7   Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

## Argument

**A.   Compelling a broad new privilege log of all deliberative documents and other privileged documents is inappropriate.**

Plaintiffs argue that a new and greatly expanded privilege log is needed, because the Forest Service supposedly acted improperly by not including in the AR the 13 documents listed in the February 2025 privilege log regarding tribal sites/resources. *See* Pls.' Mot. 4-5. But Plaintiffs fail to make a strong showing of any valid grounds on which this Court should compel Defendants to produce a new log.

**1. Plaintiffs failed to timely notify the government of their concerns.**

First, Plaintiffs did not notify Defendants of their key concern regarding the privilege log by the agreed February 28, 2025 deadline. *See* ECF 48, 49. Plaintiffs failed to timely notify the government of the concern that production of a greatly expanded log of all deliberative documents—and any other privileged documents—was warranted because of impropriety or any other reason. *See* Exhibit A to Martin Decl.

It is not appropriate for Plaintiffs to notify Defendants of particular concerns under the court deadline, but then later file a motion with different concerns when Plaintiffs did not timely notify Defendants of those concerns. Plaintiffs did not abide by the specific deadline that applies here, and this Court should reject their belated contentions.

Page 8    Defendants' Response to Plaintiffs' Motion to Compel Completion of
         the Administrative Record; *Thrive Hood River, et al. v.
         Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

## 2. Plaintiffs fail to show improper behavior by the Forest Service that warrants a greatly expanded privilege log.

Aside from their failure to timely notify, Plaintiffs fail to make any showing of impropriety by the Forest Service that provides a valid basis for this Court to compel an expansive new log.

Plaintiffs fall well short of showing impropriety, when the government's position regarding the need for a privilege log was accepted by the Magistrate Judge. The Forest Service was transparent and took a reasonable position—with which the Magistrate Judge agreed—that under *Jeffries* no privilege log was necessary. ECF 36 at 10. The Magistrate Judge disagreed with Plaintiffs that documents withheld based on privilege(s) other than deliberative process must be accounted for in a privilege log. *Id*. The Magistrate Judge did not accept Plaintiffs' argument that "a different standard applies to privileges other than deliberative process." *Id*.

When this Court later determined, on Plaintiffs' objections, that a limited privilege log was required, the Forest Service in direct response timely supplied the log in February 2025. This was proper—not improper—behavior by the agency. In sharp contrast, a bad faith/improper behavior showing is met by an accumulation of "unusual circumstances" that demonstrate an "explanation for agency action that [was] incongruent with what the record reveal[ed] about the agency's priorities and decisionmaking process." *Dep't of Com. v. New York*, 588

Page 9  Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

U. S. 752, 785 (2019). Similarly, a bad faith/improper behavior showing is met where there is a "significant mismatch between the decision the Secretary made and the rationale he provided." *Biden*, 597 U.S. at 812 (cleaned up).

Plaintiffs establish nothing of the sort here. Earlier in this case Defendants agreed to add a considerable number of materials to the originally-lodged AR, after conferral with Plaintiffs and Defendant-Intervenor. *See* ECF 7, 10, 21, 26. Plaintiffs never complained that those much larger additions somehow reflected impropriety on the Forest Service's part. But now, because the privilege log identifying tribal documents was "recently disclosed," Pls.' Mot. 1, Plaintiffs suggest the Forest Service acted improperly. They contend that the production of the log proves that the agency's previously-filed certifications of the record "contained material misrepresentations." *Id*. at 6. But the agency promptly supplied a log, as this Court required, and reasonably did not supply a log earlier; the Magistrate Judge had agreed that no log was necessary. The Forest Service did not describe the tribal materials in a privilege log, prior to this Court's order that it produce a log, because the agency's position as was articulated to this Court is that it did not have a duty to do so under *Jeffries*.

Further, relevant case does not support Plaintiffs' effort to finely parse and infer "material misrepresentations" from semantical nuances in AR certifications to meet their burden to show impropriety. *See Save The Colorado*, 517 F. Supp. at 899-900 (noting that plaintiff cited "no binding authority to show

Page 10 Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

that an inadequate certification, or the complete absence thereof, can overcome the presumption of regularity"); *Roe v. Mayorkas*, 2024 WL 5198705, *11 (D. Mass. Oct. 2, 2024) (ruling that two sets of documents initially withheld from the record failed to support requisite showing); *Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 18 (D.D.C. 2013) (noting the lack of "any authority for the proposition that a purportedly inadequately worded certification . . . defeats the presumption of regularity"), *vacated in part on other grounds*, 2013 WL 11241368 (D.D.C. July 30, 2013).

Further, the Forest Service's log of non-deliberative but confidential documents—withheld under identified statutory privileges—has nothing to do with deliberative-process documents and does not show improper behavior that now warrants an expansive log now of deliberative materials.

Plaintiffs offer little more than speculation in their attempt to convince this Court to yet again extend litigation over an AR in excess of 80,000 pages and to veer away from appropriate judicial review. *See* Pls.' Mot. 7 ("A similarly problematic situation may have occurred here."). This Court is to assess the lawfulness of the agency's record of decision based on the reasons offered by the agency, "not the mental processes of administrative decisionmakers or materials prepared to aid decisionmakers in arriving at a final decision." *Jeffries*, 99 F.4th at 445.

Page 11  Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

### 3. *Bartell Ranch* is unpersuasive and irrelevant here.

Plaintiffs attempt to liken this case to the "situation" in an irrelevant and obsolete case. Pls.' Mot. 7, 8 (citing *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-00080-MMD-CLB, 2022 WL 2093053 (D. Nev. June 10, 2023)). *Bartell Ranch* ruled pre-*Jeffries* that a privilege log was required for deliberative-process documents in an APA case, rejecting what is now Ninth Circuit precedent (*Jeffries*) that deliberative documents are not part of the AR. *Id*. at *4. *Bartell Ranch* is a practical nullity; *Jeffries* has effectively vitiated *Bartell Ranch* in concluding that deliberative-process privileged materials are not part of the AR and are not required to be placed on a privilege log. *See* ECF 45 at 4.

Aside from this legal problem in relying on *Bartell Ranch*, the factual circumstances in that case are far afield from the circumstances here. First, *Bartell Ranch* exclusively involved items subject to the deliberative process privilege, not confidential (and non-deliberative) documents such as the tribal documents identified in the privilege log here. *Bartell Ranch,* further, was a Rule 37 sanctions case and did not address the bad faith/improper behavior standard that is relevant to whether a privilege log may be appropriate for deliberative materials.

Looking to *Bartell Ranch*, Plaintiffs also take issue with the training of the Forest Service official who prepared the AR certifications in this case. Pls.' Mot. 8. But those certifications are not "improper behavior," as explained above.

Page 12     Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

The Forest Service represented its view that a privilege log was not necessary, and the Magistrate Judge agreed with that interpretation. Then, when this Court overruled the Magistrate Judge, the Forest Service promptly supplied the necessary log. *See also Roe*, 2024 WL 5198705 at *11 (noting a lack of case law to support the proposition for discovery into <u>how</u> an agency compiled a record). Plaintiffs' argument is also undercut by *Save The Colorado*, 517 F. Supp. at 899-900. There, the district court rejected a plaintiff's argument that an administrative record's presumption of regularity was overcome when an agency did not explain what process it followed in compiling the record and did not indicate how deliberative materials were handled. *Id.*

Nor do Plaintiffs make a showing that any AR documents were improperly withheld under any other privileges that would warrant a new privilege log. *See* Pls.' Mot. 9 (requesting an order requiring the Forest Service to file a privilege log of any documents withheld from the AR "under any other claim of privilege"). *See Save The Colorado*, 517 F. Supp. 3d at 902 (finding that a plaintiff "has not made a showing of other privileged documents . . . that would require the [government] to produce a privilege log.").

This Court should therefore reject Plaintiffs' attempt to compel production of a broad new privilege log.

Page 13    Defendants' Response to Plaintiffs' Motion to Compel Completion of
           the Administrative Record; *Thrive Hood River, et al. v.
           Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

**B.  It is unwarranted to require the AR to be "completed" with further production of privileged documents regarding tribal sites/resources.**

Plaintiffs also fail to establish that further production is appropriate regarding the 13 tribal-related documents identified in the privilege log. *See* ECF 52-1. In the log, Defendants identified two statutory privileges protecting the documents' confidentiality: the Cultural and Heritage Cooperation Authority ("CHPA") and the National Historic Preservation Act ("NHPA"). *See id.*

Under the CHCA, public disclosure of information is restricted concerning the identity, use, or specific location of a site or resource used for traditional and cultural purposes by an Indian tribe. 25 U.S.C. § 3056(a)(2)(A). The privilege log identifies that the 13 withheld documents regard the concerns of the Confederated Tribes of the Warm Springs and the Confederated Tribes of the Grand Ronde as to sensitive sites/resources. ECF 52-1.

The privilege log cites a Forest Service technical guide for implementing the CHCA that emphasizes the importance of confidentiality. *See id.* This public document notes that the agency "heard directly from Tribes about their significant concerns regarding the Agency's ability to protect confidential information that Tribes may provide." Technical Guide at p. 19, *available at* https://www.fs.usda.gov/sites/default/files/fs_media/fs_document/tribal-authority-guide.pdf (last visited April 10, 2025). According to the Technical

Page 14 Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

Guide, the "[p]rotection of confidential Tribal information is a key component of success in achieving . . . the U.S. policy of protecting and preserving the traditional, cultural, and ceremonial rites and practices of Indian Tribes." *Id.* (cleaned up).  The Technical Guide therefore directs that it is "incumbent upon Agency personnel to respect Tribal concerns and make full use of available authorities and Tribal consultation in protecting Tribal information from disclosure." *Id.*

Under the NHPA, public disclosure of information regarding sensitive historic resources is barred if an agency determines that disclosure may cause a significant invasion of privacy, risk harm to a historic property, or impede the use of a traditional religious site by practitioners.  54 U.S.C. § 307103.

Plaintiffs' February 2025 notification to the government of their concerns regarding the log—and their instant motion—fail to articulate a basis for further production of the 13 privileged documents.  In their notification to the government, Plaintiffs stated only that "[i]t is unclear" to them that the Forest Service could withhold the documents.  Exhibit A at 2, Martin Decl.  But the CHCA and NHPA allow for withholding, and Plaintiffs' motion fails to rebut the presumption of regularity that accompanies the agency's designation of the privilege log.  *See Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (noting that "official agency actions" are "subject to a presumption of regularity," which may only be rebutted with "clear evidence to the contrary").

Page 15   Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

Plaintiffs also fail to explain why further disclosure of the tribal-related information referenced in the log is necessary to the Court's ability to undertake judicial review of their claims. Plaintiffs lack standing to represent tribes or tribal interests and do not allege any claims regarding tribal resources or sites or discussions and communications with tribes. *See* ECF 4 (operative complaint). Instead, Plaintiffs' claims are centered on their concerns over Forest Service financial appraisals and monetary land valuations, and their claims will be reviewed by looking to the agency's stated rationale for its record of decision. *Cf. Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (party has "heavy burden to show that the additional materials sought are necessary to adequately review" the agency's challenged decision).

Entertaining a proverbial "fishing expedition" into tribal-related matters will further delay this case and is not necessary to resolve Plaintiffs' claims. Further, that course of action is not in the best interests of—and does not respect—the Warm Springs and Grand Ronde tribes and other tribal organizations' interests.

//
//
//
//
//

Page 16   Defendants' Response to Plaintiffs' Motion to Compel Completion of the Administrative Record; *Thrive Hood River, et al. v. Loftsgaarden, et al.*, Case No. 3:22-cv-01981-AR

**Conclusion**

For these reasons, this Court should deny Plaintiffs' motion.

Dated this 11th day of April 2025.

                Respectfully submitted,

                WILLIAM M. NARUS
                Acting United States Attorney
                District of Oregon

                */s/ Sean E. Martin*
                SEAN E. MARTIN
                Assistant United States Attorney