Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,<br><br>Plaintiffs,<br><br>v.<br><br>META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,<br><br>Defendants,<br>and<br><br>MT. HOOD MEADOWS OREG., LLC,<br><br>Defendant-Intervenor. | Case No. 3:22-cv-01981-AR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD WITH 13 NEWLY-DISCLOSED DOCUMENTS AND PRIVILEGE LOG** |

Page 1:    PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
           COMPLETION OF THE ADMINISTRATIVE RECORD

# Introduction

Plaintiffs timely conferred with the Forest Service about their record and privilege log concerns. The Administrative Record (AR) should be completed—even if parts of it are redacted or filed under seal—with the 13 documents that the Forest Service now admits are part of the AR. The Court should also now order a full privilege log to facilitate judicial review of whether documents excluded from the AR as "deliberative" were, or were not, properly excluded.

# Argument

### A. The parties' conferral was timely

The Forest Service claims that Plaintiffs did not timely notify it about the privilege log concern.[1] Response, ECF 54 at 9. But in fact, Plaintiffs did raise that very issue.

The Court's Scheduling Order (ECF 50) governs here. It says in applicable part:

> "Federal defendants' privilege log as specified in Order [45] is due by 2/14/2025; plaintiffs must inform federal defendants about concerns/objections to privilege log by 2/28/2025. […] If plaintiffs have concerns, the parties must conclude conferral on privilege log issues by 3/7/2025."

*Id.* In compliance with that Order, Plaintiffs initiated conferral with the Forest Service on February 28, 2025. Plaintiffs did so by sending an email outlining their concerns. Martin Decl., Ex. A.

Much of that initial conferral email was dedicated to Plaintiffs' concerns about Forest Service employee Stacey Grimes' preparation of the AR and her classification of documents as "deliberative." *Id.* at 1. After outlining their concern about a non-lawyer making legal judgments

---

[1] The Forest Service does not raise a similar timeliness-of-conferral objection regarding Plaintiffs' request for completion of the AR with the 13 documents identified in the privilege log that has now been produced by the Forest Service.

Page 2:   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
          COMPLETION OF THE ADMINISTRATIVE RECORD

in this way (i.e. determining which documents should be classified as "deliberative" and therefore not included—and also not logged in a privilege log), Plaintiffs asked the Forest Service to provide "more information about how the 'deliberative' document determinations have been made, and by whom, in relation to this land trade." *Id.* To the extent that the agency relied on non-lawyer staff (such as Ms. Grimes) to classify and exclude documents as "deliberative," Plaintiffs requested that "those documents should be described in the privilege log." *Id.* In short, Plaintiffs' February 28th email to the Forest Service clearly did raise the privilege log concern, in compliance with the Scheduling Order.[2]

Ultimately, when the Forest Service refused to provide the requested information, and to log the excluded documents that had been classified as "deliberative" by non-lawyer agency staff, Plaintiffs followed through and filed the Motion to Compel. That Motion seeks the privilege log requested in Plaintiffs' initial February 28th conferral-initiation email. The Forest Service was on notice regarding Plaintiffs' concerns—and requested solution—from the beginning of the conferral. The Forest Service's objection based on timeliness should be rejected.

**B. The Court should use the correct standard in deciding whether to order a privilege log.**

The Court should reject the Forest Service's attempt to modify the legal standard established by *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024),

---

[2]  As noted, the Order (ECF 50) required the parties to conclude their conferral by March 7th. Between February 28th and March 7th the parties communicated back-and-forth in writing multiple times in an effort to reach a resolution regarding the issues raised by Plaintiffs' initial conferral email. The parties were ultimately unable to do so. Plaintiffs do not provide the Court with copies of those written conferral communications because, although relevant, they contain negotiations or settlement communications that are not appropriately filed with the Court.

Page 3:    PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
           COMPLETION OF THE ADMINISTRATIVE RECORD

1    *cert. denied*, ___ S. Ct. ___, 2025 WL 76440 (January 13, 2025) ("*Jeffries*"). As the Court

2    knows, *Jeffries* established that "'a showing of bad faith or improper behavior' might justify

3    production of a privilege log to allow the district [court] to determine whether excluded

4    documents are actually deliberative." *Id.* (quoting *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C.

5    Cir. 2019)). The Forest Service, however, urges the Court to apply a different standard. The

6    Forest Service argues that the standard is that a Plaintiff must make a "*strong* showing of bad

7    faith or improper behavior." Response, ECF 52 at 7 (emphasis added).

8        As the above-quoted portion of *Jeffries* shows, there is no such "strong" requirement. It

9    appears that the Forest Service is trying to import, into the *Jeffries* standard, language taken rom

10   *Biden v. Texas*, 597 U.S. 785 (2002). Response, ECF 54 at 7. Doing so would not be proper.

11       The *Biden* case does not apply here, nor does *Department of Commerce v. New York*,

12   588 U.S. 752 (2019), which *Biden* cites. Neither case involved a request to complete an AR or to

13   require a privilege log. Rather, the requirement of making a "strong" showing of bad faith or

14   improper behavior applies to requests for "extra-record *discovery*." *Department of Commerce*,

15   588 U.S. at 781 (quoting *Citizens to Preserve Overton Park*, *Inc.* v. *Volpe*, 401 U.S. 402, 420

16   (1971)).

17       The Motion before this Court does not involve a request for extra-record discovery,

18   which would improperly invade the "mental processes" of agency personal. *Id.* Instead, it

19   involves a request for a privilege log. *Jeffries*, which was decided several years after both *Biden*

20   and *Department of Commerce*, does not impose a "strong" requirement in its articulated standard

21   for when a privilege log can be required.

22   / / / / /

23   / / / / /

Page 4:      PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
                COMPLETION OF THE ADMINISTRATIVE RECORD

C. **Plaintiffs have made the necessary showing of impropriety**

In any event, even if the improper standard were to be applied, Plaintiffs have in fact made a strong showing of Forest Service impropriety with regard to this AR. Plaintiffs have now demonstrated that the agency staff responsible for compiling that AR—Stacey Grimes—filed two declarations that incorrectly certified the AR as complete, without accurately noting that 13 record documents were being withheld under a claim of privilege. Motion, ECF 51 at 7-8. *That misrepresentation and omission*, not the Forest Service's prior refusal to provide a privilege log, constitutes the "impropriety" and it meets even the improperly articulated standard proposed by the Forest Service, as well as the actual standard stated in *Jeffries*.

As explained in the Motion, the information provided by the Forest Service suggests that Ms. Grimes was responsible for determining which documents were "deliberative" and therefore *not* part of the AR. *Id.* at 8-9. But Ms. Grimes is apparently not a lawyer, and the classification of documents as "deliberative" or not is a legal question that requires the legal judgment of *a lawyer*. *Id.*

Yet here, the facts show that the same non-lawyer twice certified and filed an incomplete AR, without disclosing the withheld *non*-deliberative documents (i.e. the 13 documents recently disclosed in the limited privilege log, that the Forest Service now admits *are* part of the AR). This, as Plaintiffs have outlined, demonstrates that Ms. Grimes' two declarations contain material misrepresentations regarding the completeness of the AR.

For these reasons, it would not be reasonable to rely on Ms. Grimes to have exercised perfect legal judgment and to have correctly and properly classified documents as "deliberative" (or not). Hence the need for a privilege log describing those documents excluded under a claim that they are "deliberative." *See Jeffries,* 99 F.4th at 445 ("'[A] showing of … improper behavior'

Page 5:    PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
           COMPLETION OF THE ADMINISTRATIVE RECORD

might justify production of a privilege log to allow the district [court] to determine whether excluded documents are actually deliberative." *Id.* (emphasis added) (quoting *Oceana*, 920 F.3d at 865).

To be clear, Plaintiffs agree that under *Jeffries* deliberative documents are not part of the AR. Plaintiffs seek the privilege log, however, to make sure that the documents classified—apparently by Ms. Grimes—as "deliberative" actually fit the requirements to be deliberative. *Jeffries* expressly blesses this approach.

**D. The AR should be completed with the 13 identified documents**

As explained in the Motion, the 13 specific documents identified on the privilege log recently produced by the Forest Service should be included in the AR. That is appropriate because the Forest Service *admits* they are part of the AR. That is, the Forest Service acknowledges that they were considered by the Forest Service in reaching the decision challenged in this case.

In withholding those documents, the Forest Service leans on its claims of privilege, completely ignoring Plaintiffs' invitation to partially redact the documents or to file them under seal or protective order so they are not available to the public. But proceeding under one of those options is necessary here, so that: (1) Plaintiffs and this Court can evaluate the claims of privilege; and (2) Plaintiffs can assess whether the documents impact their claims on the merits.

On the latter point, while this Court has already rejected the Forest Service's argument that only "relevant" documents should be included in the AR, ECF 36 at 7 ("As plaintiffs argue, there is a distinction between relevance and completion of the record."), the 13 tribal-related documents being withheld by the Forest Service could easily be relevant to Plaintiffs' claims on the merits. *See also* Motion to Complete, ECF 23 at 11 ("[W]hether or not the Forest Service's

Page 6:   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
          COMPLETION OF THE ADMINISTRATIVE RECORD

communications with the tribes are relevant to Plaintiffs' claims in this case is not for the Forest Service to decide. Until Plaintiffs can see and evaluate those documents, the Plaintiffs will not know if they contain relevant material or not.").

For example, some or all of the 13 withheld documents could shed light on the Forest Service's decision *not* to exchange the second Government Camp parcel, which is the focus of Plaintiffs' Second Claim for Relief (Count One). First Amended Complaint, ECF 4 at 18. In its Record of Decision (ROD), the Forest Service asserts that its decision to exchange only *one* of the two federal parcels will benefit the tribes by protecting cultural resources on the remaining, unexchanged parcel. AR 29. To the extent any of the 13 withheld documents are relevant to the Forest Service's decision to trade only one of the two federal parcels, that could directly implicate Plaintiffs' Second Claim for Relief (Count One), which challenges the lack of findings explaining the Forest Service's "need" to reduce the exchanged acreage:

> "Further, the EIS and ROD contain no findings regarding the necessity of those land area reductions to equalize values, and there is no actual need to reduce the exchange acreages at all. To correct these problems, the ROD should be modified so that either all 107 acres of Federal land, all 764 acres of non-Federal land, or both, are traded in the exchange. And if either acreage amount is reduced to a 'lesser area' under section (a)(2)(H)(i) of the Act, then findings and an explanation regarding the 'necessity' of that reduction are required."

First Amendment Complaint, ECF 4 at 18. That said, without actually seeing the withheld documents (at least in redacted form, or filed under seal or under a protective order), Plaintiffs cannot evaluate them for relevance.

/ / / / /

/ / / / /

/ / / / /

Page 7:   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
          COMPLETION OF THE ADMINISTRATIVE RECORD

**Conclusion**

For the reasons set forth Plaintiffs' Motion (ECF 51) and this Reply, the 13 documents listed in the Forest Service's privilege log should be added to the AR. In addition, the Forest Service should be directed to file a full privilege log, which includes documents excluded from the AR by a non-lawyer as purportedly being purely "deliberative."

Respectfully submitted this 18th day of April 2025.

   */s/ Jesse A. Buss*
Jesse A. Buss, OSB # 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

   */s/ Karl G. Anuta*
Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs*

Page 8:    PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD