Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@integra.net

*Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,<br><br>Plaintiffs,<br><br>v.<br><br>META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,<br><br>Defendants,<br><br>and<br><br>MT. HOOD MEADOWS OREG., LLC,<br><br>Defendant-Intervenor. | Case No. 3:22-cv-01981-AR<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: PRIVILEGE ISSUES** |

Page 1:    PLAINTIFFS' SUPPLEMENTAL BRIEF RE: PRIVILEGE ISSUES

**Introduction**

The Court requested additional briefing from the parties regarding the adequacy of the Forest Service's privilege log and related matters. ECF 57. The Court provided the following direction:

> "Specifically, the parties must identify the legal standard by which the court is to evaluate defendants' claims of privilege under the CH[C]A, 25 U.S.C. 3056(a)(2)(A), and NHPA, 54 U.S.C. 307103, and must explain how the information provided in the privilege log for each of the 13 documents satisfies that standard, or fails to meet that standard. The parties also should address plaintiffs' request to place the 13 documents under seal, produce them in redacted form, or under a protective order, and the propriety of doing so in this case."

*Id.* Plaintiffs address each issue below.

**Argument**

**A. The Cultural and Heritage Cooperation Authority (CHCA) does not justify withholding the 13 documents listed in the privilege log.**

Under the Cultural and Heritage Cooperation Authority (CHCA) provision relied upon by the Forest Service, "the Secretary shall not be required to disclose information under section 552 of title 5 (commonly known as the 'Freedom of Information Act' [(FOIA)]), concerning the identity, use, or specific location in the National Forest System of [] a site or resource used for traditional and cultural purposes by an Indian tribe." 25 U.S.C. § 3056(a)(2)(A); ECF 54 at 15. Disclosure of protected information is nonetheless allowed where "[t]he Secretary, in consultation with appropriate Indian tribes, [] determines that disclosure of the information to the public—(A) would advance the purpose of this chapter; (B) would not create an unreasonable risk of harm, theft, or destruction of the resource, site, or object, including individual organic or inorganic specimens; and (C) would be consistent with other applicable laws." 25 U.S.C. § 3056(b)(2).

Page 2:     PLAINTIFFS' SUPPLEMENTAL BRIEF RE: PRIVILEGE ISSUES

In sum, the CHCA statute relied on by the Forest Service expressly applies only to FOIA cases, and even then protected information is subject to disclosure if the Forest Service consults with the affected tribe(s) and determines that disclosure is otherwise appropriate. Thus, the CHCA does not aid the Forest Service here.

This is an APA case, not a FOIA case. Since the CHCA statute cited by the Forest Service—25 U.S.C. § 3056(a)(2)(A)—expressly applies only to FOIA cases, and does not even mention the APA,[1] it simply does not apply here. The CHCA therefore is not a lawful basis for withholding the 13 documents described in the privilege log. ECF 54 at 15.

Even assuming for the sake of argument that the CHCA applied to APA cases, the Forest Service's privilege log does nothing to address the disclosure factors that must be considered under 25 U.S.C. § 3056(b)(2). The Forest Service has provided no information—other than a general citation to "Sensitive Tribal Sites Information" in the privilege log—that would allow the parties and the Court to evaluate whether disclosure would advance the purpose of the CHCA, would or would not create an unreasonable risk of harm, theft, or destruction of cultural resources, or would otherwise be consistent with applicable law.[2] *Id.* And no information is provided in the privilege log about consultation with the tribes regarding disclosure.

In sum, the CHCA does not apply here, and even if it did, the Forest Service has not carried its burden to show that the disclosure factors favor withholding. The 13 documents should therefore be disclosed, either in full, in redacted form, and/or under seal.

---

[1] Nor does the Technical Guide relied upon by the Forest Service mention the APA.

[2] Of course, ensuring that the Administrative Record is complete under the APA's "whole record" standard by including the 13 withheld documents *is* consistent with applicable law.

Page 3:    PLAINTIFFS' SUPPLEMENTAL BRIEF RE: PRIVILEGE ISSUES

**B. The National Historic Preservation Act (NHPA) doesn't apply, either.**

The Forest Service also cites 54 U.S.C. § 307103, part of the National Historic Preservation Act (NHPA), as justifying the withholding of the 13 documents listed in the privilege log. ECF 54 at 16. That statute allows the Forest Service to "withhold from disclosure to the public information about the location, character, or ownership of a historic property if the Secretary and the agency determine that disclosure may—(1) cause a significant invasion of privacy; (2) risk harm to the historic property; or (3) impede the use of a traditional religious site by practitioners." 54 U.S.C. § 307103(a). But even when information is withheld from the general public, as the Technical Guide relied on by the Forest Service acknowledges, the government may still "determine who may have access to the information." https://www.fs.usda.gov/sites/default/files/fs_media/fs_document/tribal-authority-guide.pdf, at 21 (last accessed May 1, 2025); 54 U.S.C. §307103(b). And as it does with the CHCA, the Tribal Guide cites the NHPA as prohibiting disclosure *under FOIA*, while disclosure under the APA is not even mentioned. *See id.* at 24.

Even if the NHPA's disclosure limitations applied in the APA "whole record" context, the Forest Service has not explained—or even suggested—under which of the three alternative statutory grounds it is withholding the 13 documents. Instead, in its privilege log the Forest Service makes only repeated general references to "Sensitive Tribal Sites Information" and the 58-page Technical Guide (which, it appears, is not binding anyway). That is simply insufficient information upon which to evaluate the claims of privilege under the NHPA. The Forest Service should therefore be ordered to complete the Administrative Record with the withheld documents, or to explain in much greater detail—and in a way that the Court and Plaintiffs can meaningfully evaluate—what the records are and why the privilege applies.

**C. Producing the 13 withheld documents under seal, partially redacted, or under a protective order is an available option.**

Because neither the CHCA nor the NHPA apply to APA "whole record" litigation—they apply to FOIA disclosure requirements—the Court should order the Forest Service to add the 13 withheld documents to the publicly-accessible filed Administrative Record. However, short of ordering immediate and full public disclosure, the Court could appropriately order the Forest Service to complete the Administrative Record with those documents under seal, partially redacted, and/or subject to a protective order.

FRCP 5.2 appears to apply here. That rule ("Privacy Protection For Filings Made with the Court") allows the Court to order "that a filing be made under seal without redaction," and/or to enter a protective order "for good cause" requiring redaction of certain information or limiting or prohibiting non-parties' access to documents. *Id.* at (d) and (e). *See also* FRCP 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

Finally, "in assessing a claim of privilege, even if the parties do not explicitly request such a step, a district court may be well advised to conduct an *in camera* review." *In re Grand Jury Subpoena*, 127 F.4th 139, 145 (9th Cir. 2025) (citing with approval *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 70 (1st Cir. 2011)) (internal quotation marks omitted).

## Conclusion

In sum, neither the CHCA nor the NHPA apply to prevent disclosure of the 13 documents currently being withheld by the Forest Service. Again, the Forest Service now admits that these documents are part of the "whole record" under the APA, and that it would now include the documents in the filed Administrative Record **but-for** the assertions of privilege

1  under the two cited statutes. Those documents should therefore be added to the publicly-
2  accessible filed Administrative Record. Short of that, they should be filed under seal, or in
3  partially redacted form, and/or made subject to a protective order. And in deciding which
4  approach is most appropriate, it may aid the Court to first conduct an *in camera* review of the 13
5  withheld documents.

7  Respectfully submitted this 2nd day of May 2025.

      */s/ Jesse A. Buss*
Jesse A. Buss, OSB # 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

      */s/ Karl G. Anuta*
Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@lokga.net

*Attorneys for Plaintiffs*

Page 6:       PLAINTIFFS' SUPPLEMENTAL BRIEF RE: PRIVILEGE ISSUES