UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY, | Case No. 3:22-cv-01981-AR |
| | **OPINION AND ORDER ON MOTION TO COMPEL** |
| Plaintiffs, | |
| v. | |
| META LOFTSGAARDEN, *Forest Supervisor for the Mt. Hood National Forest*, UNITED STATES FOREST SERVICE, and MT. HOOD MEADOWS OREG., LLC, | |
| Defendants. | |

_____

**ARMISTEAD, United States Magistrate Judge**

Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of

Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy (plaintiffs) challenge the

legality of defendants Meta Loftsgaarden's and the United States Forest Service's (federal

defendants) approval of Government Camp/Cooper Spur land exchange (the Proposed

Exchange) between the Forest Service and a private entity, defendant Mt. Hood Meadows Oreg., LLC. Before the court is plaintiffs' second motion challenging the completeness of the administrative record produced by federal defendants. Plaintiffs' first motion resulted in federal defendants creating a log identifying 13 documents they contend are privileged under the Cultural and Heritage Cooperation Authority (CHCA), 25 U.S.C. § 3056(a), and the National Historic Preservation Act (NHPA), 54 U.S.C. § 307103. Plaintiffs now seek to require federal defendants to prepare a full privilege log identifying documents withheld based on any privilege—deliberative process or otherwise—and, to include the 13 documents in the AR. As explained below, plaintiffs' motion is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

In a November 18, 2024, Opinion and Order (ECF 36), *available at* 2024 WL 4825156 (D. Or. Nov. 18, 2024), the court granted plaintiffs' motion to compel in part and required federal defendants to include in the AR the Clackamas County Comprehensive Plan (CCCP). *Id.* at *2-3. The court denied plaintiffs' motion to include a video recording of a May 5, 2021, Objection Resolution hearing. *Id.* at *4. Also denied by the court was plaintiffs' motion to compel inclusion in the AR all communications between federal defendants and various tribal entities, and if any documents were withheld based on any privilege, that such documents be identified in a privilege log. *Id.* at 3. The court's denial was two-fold: (1) plaintiffs had not overcome the presumption of regularity and completeness with clear evidence, *id.* at *3; and (2) *Blue*

*Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024),[1] not Federal Rule of Civil Procedure 26(b)(5), supplied the correct framework for determining whether a privilege log was required for documents that are withheld based on any privilege—deliberative process, attorney-client, or other privilege, *id.* at *5-6. Plaintiffs appealed.

In a January 6, 2025, Order (ECF 45), District Judge Michael H. Simon affirmed this court's factual determinations and legal rulings concerning the CCCP and video recording. Judge Simon overruled, however, this court's legal conclusion that the *Jeffries* rationale extended to documents that are privileged based on grounds *other than* deliberative process:

> When documents that otherwise *would* be in the administrative record are withheld on privilege grounds, however, then they are distinguishable from the documents described in *Jeffries* and the Court holds that such documents must be described in a privilege log. In other words, documents that an administrative agency considers properly part of the administrative record must either be placed in the administrative record or in a privilege log, if withheld on the basis of some other privilege.

*Thrive v. Loftsgaarden*, 2025 WL 689496, at *2 (D. Or. Jan. 6. 2025). Judge Simon also concluded that, because there had been no showing of bad faith or impropriety so far, federal defendants were not required to produce a privilege log for deliberative process materials or other privileged materials that "generally would *not* be part of the administrative record." *Id.* Federal defendants were ordered to produce a privilege log for "materials that ordinarily would be part of the administrative record but are being withheld or redacted based on the grounds of privilege or the attorney work product doctrine." *Id.*

---

[1]    The *Jeffries* decision was discussed thoroughly in this court's November 2024 Opinion and Order and in Judge Simon's January 2025 Order. Because the parties are familiar with its facts and holdings, the court does not recount it here.

After Judge Simon's Order, the court entered the parties' proposed scheduling order to resolve the AR. Federal defendants' privilege log "as specified in Order [ECF 45]" was due by February 14, and plaintiffs' "must inform federal defendants about concerns/objections to [the] privilege log" by February 28. (ECF 49.)

On February 14, federal defendants provided plaintiffs a privilege log that identified 13 documents containing "confidential and sensitive information regarding tribal sites/resources over which the government asserted privilege under the Cultural and Heritage Cooperation Authority and National Historic Preservation Act." (Defs.' Resp. at 5, ECF 54 (citing Privilege Log, ECF 52-1).) Plaintiffs raised concerns and objections, and this motion followed.

## LEGAL STANDARD

Under the APA, courts review agency action based on the "whole record" developed during the agency's decision-making process. 5 U.S.C. § 706; *Goffney v. Beccera*, 995 F.3d 737, 748 (9th Cir. 2021). The whole record consists of all documents and materials that were "directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (holding that the "whole record" is based on "the full administrative record that was before the [agency] at the time [it] made [the] decision"), *abrogated on other grounds by*, *Califano v. Sanders*, 430 U.S. 99, 105 (1977). "[L]ike other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity." *Goffney*, 995 F.3d at 748.

\ \ \ \ \

\ \ \ \ \

Page 4 – OPINION AND ORDER ON MOTION TO COMPEL
*Thrive Hood River v. Loftsgaarden*, 3:22-cv-01981-AR

**DISCUSSION**

A.     *Full Privilege Log for Deliberative Process Documents*

To rebut the presumption of regularity and completeness given to an agency's production of an AR, the plaintiff must present "clear evidence to the contrary." *Goffney*, 995 F.3d at 748. To satisfy "clear evidence to the contrary," district courts have required that the plaintiff identify "the allegedly omitted materials with sufficient specificity" and "reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Ross*, 19-cv-03809-LHK (SVK), 2020 WL 511899, at *2 (N.D. Cal. Jan. 31, 2020). In "appropriate circumstances," such as "a showing of bad faith or improper behavior," district courts may require a privilege log to aid analysis of whether materials are deliberative. *Jeffries*, 99 F.4th at 445.

Plaintiffs argue that they have presented "clear evidence" that the AR is incomplete because federal defendants have admitted that the 13 documents containing tribal communications—and now identified in the privilege log—were considered by federal defendants yet omitted from the AR. According to plaintiffs, their first motion to compel was denied because they failed to identify with sufficient specificity that documents revealing tribal communications existed. Now that 13 documents revealing tribal communications have been identified, in plaintiffs' view, they have presented "clear evidence" that tribal documents were in fact considered, and therefore, it is has overcome the presumption of regularity. (Pls.' Mot. Compel at 5, ECF 51.)

The court is not convinced. In its earlier motion, plaintiffs argued that any tribal communications and documents that federal defendants were withholding as "*protected and/or*

*privileged*" should be identified in a privilege log. (Reply at 4, ECF 31.) At the time, defendants argued that the non-protected tribal communications were not relevant to plaintiffs' claims, and that under *Jeffries*, they were not required to produce a privilege log for *any* privileged documents because such documents were "deliberative." (Resp. at 7, 13-14, ECF 29 ("Plaintiffs miss the elemental point that the Ninth Circuit precedent establishes that deliberative materials are not part of the administrative record to begin with, and such materials are not required to be placed on a privilege log, absent a showing of impropriety or bad faith by the agency.").) Although federal defendants' legal theory concerning privileges *other than* deliberative process ultimately did not prevail, after Judge Simon ordered that a privilege log be produced for those other privileges, federal defendants promptly did so.

Plaintiffs now attempt to recast federal defendants' mistaken legal position as something more nefarious. Plaintiffs contend that federal defendants' failure to include those 13 documents in the AR or place them in a privilege log demonstrates that the previously filed certifications of the AR contained "material misrepresentations." (*Id.* at 6.) According to plaintiffs, Forest Service employee Stacey Grimes twice declared that the AR prepared under her "direction and oversight" was complete when it was not. (ECFs 19, 27.) Grimes, who is not a lawyer, was responsible for assessing which documents were "deliberative," something that in plaintiffs' view is a legal judgment that should have been determined by a lawyer. Plaintiffs contend that Grimes' omissions regarding the 13 documents therefore render her declarations unreliable, constitute impropriety under *Jeffries*, and justify requiring federal defendants to prepare a "full" privilege log that explains the basis for withholding documents under any privilege, including deliberative process. Not so.

Page 6 – OPINION AND ORDER ON MOTION TO COMPEL
*Thrive Hood River v. Loftsgaarden*, 3:22-cv-01981-AR

An erroneous legal argument, without more, does not mean that Grimes's certifications are inherently flawed and contain material misrepresentations. When resolving plaintiffs' first motion, federal defendants indicated that protected tribal documents exist. (Defs.' Resp. at 7, 13-14, ECF 29; Pls. Reply at 4, ECF 31.) That federal defendants have now logged those protected documents is not new information. Grimes' declarations about which plaintiffs now complain were filed in September 2023 and January 2024, well before this court's November 2024 Opinion. And in his January 2025 Order, Judge Simon agreed that "thus far there is no showing of bad faith or impropriety" and he declined to require the type of full privilege log plaintiffs now seek. Therefore, the fact that 13 documents now have been included on a privilege log as required by Judge Simon's order is not "clear evidence" sufficient to rebut the presumption that the AR is complete. Nor does it reveal bad faith or improper behavior to justify a full privilege log for all documents withheld based on deliberative process privilege. *See Jeffries*, 99 F.4th at 445 (stating that a showing of bad faith or improper behavior could justify privilege log for documents excluded based on deliberative process).

That Grimes is not a lawyer also is not evidence of impropriety. Plaintiffs argue that classifying documents as "deliberative" requires a legal judgment, and because Grimes is not a lawyer, "it would not be reasonable" to rely on her to have exercised "perfect legal judgment" and to have "properly classified documents as 'deliberative (or not).'" (Pls.' Reply at 5, ECF 56.) Under plaintiffs' theory, a full privilege log of deliberative documents is required to ensure that Grimes's determinations are correct. What plaintiffs seek here is, in short, legal review of what is deliberative or not. (Pls.' Reply at 6.)

Yet plaintiffs identify no binding authority for the proposition that only lawyers may determine what documents are deliberative, or certify administrative records, and the court declines to undertake such a search. And imposing plaintiffs' view may yield unintended consequences. As one court aptly observed in somewhat similar circumstances, requiring a full deliberative process privilege log "premised on the possibility that the agency failed to exercise its official duty in accordance with the law" runs counter to the presumption of completeness, imposes "undue burdens on agencies," and risks turning APA-review cases into "a de novo hearing." *CAN Softtech, Inc. v. United States*, 174 Fed. Cl. 412, 419 (2024) (reissued on Jan. 2, 2025) (denying rehearing).

Accordingly, the court concludes that federal defendants' log of 13 documents as privileged and Grimes' certifications of the AR as a non-lawyer are not clear evidence sufficient to rebut the presumption of completion and do not amount to bad faith or impropriety that would not require production of a full privilege log of documents withheld as deliberative.[2] *Jeffries*, 99 F.4th at 445.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

---

[2]     Because the court resolves the merits of plaintiffs' arguments, the court declines to address federal defendants' contention that those arguments were not fully or timely asserted by the February 28, 2025, deadline. (Resp. at 8, ECF 54.)

**B.**    *Assertions of Privilege*[3]

Federal defendants assert that the 13 documents it is withholding contain confidential and sensitive information regarding tribal sites and resources and are privileged under the CHCA and NHPA. (Buss Decl. Ex. 1, ECF 52-1.)

The CHCA provides in relevant part that the Forest Service "shall not be required to disclose information" under the Freedom of Information Act (FOIA) concerning the "identity, use, or specific location in the National Forest System of . . . a site or resource used for traditional and cultural purposes by an Indian tribe." 25 U.S.C. § 3056(a)(2)(A). That statute also provides that such information may be disclosed if the Secretary [of the Interior] consults with appropriate Indian tribes and determines that "disclosure of the information to the public—(A) would advance the purposes of this chapter; (B) would not create an unreasonable risk of harm, theft, or destruction of the resource, site, or object, . . . and (C) would be consistent with other laws." *Id.* § 3056(b)(2).

The NHPA provides that the "head of a federal agency, after consultation with the Secretary [of the Interior], shall withhold from disclosure to the public information about the location, character, or ownership of a historic property if the Secretary and agency determine that the disclosure may—(1) cause a significant invasion of privacy; (2) risk harm to the historic property; or (3) impede the use of a traditional religious site by practitioners." 54 U.S.C.

---

[3]     The bulk of plaintiffs' motion focuses on providing a full privilege log. On April 25, the court requested supplemental briefing concerning federal defendants' statutory privileges, the appropriate legal standard to apply, and the propriety of producing the documents *in camera* for the court's consideration or including them in the administrative record under seal or in redacted form. (Order ECF 57.)

§ 307103 (formerly codified at 16 U.S.C. § 470w-3).

The CHCA and NHPA, in federal defendants' view, require them to withhold from public disclosure documents expressing concerns raised by the Confederated Tribes of the Warm Springs and the Confederated Tribes of the Grande Ronde. (Resp. at 14-15.) According to federal defendants, plaintiffs have not rebutted the presumption of regularity that accompanies the agency's designation of a privilege log.

In its supplemental briefing, plaintiffs contend that the CHCA and NHPA privileges do not apply here because those statutes pertain solely to FOIA cases. Plaintiffs argue that, because this is an APA case, the 13 documents are part of the "whole record" and must be included in AR. Also asserted by plaintiffs is that, even if the CHCA is applicable, federal defendants have not undertaken consultation with the applicable tribes or demonstrated how disclosure would create an "unreasonable risk of harm" under the § 3056(b)(2) factors. Similarly, plaintiffs contend that under the NHPA, federal defendants have not determined who may have access to the information as permitted by § 307103(b) (providing that the Secretary and agency "shall determine who may have access to the information"). Alternatively, plaintiffs suggest that the 13 documents be included in the AR in redacted form or subject to a protective order, or alternatively, be submitted to the court for *in camera* review. (Pls.' Supp. Br. at 2-5, ECF 58.)

Federal defendants highlight in their supplemental briefing that their obligations to protect sensitive information pertaining to tribes under the CHCA and NHPA are the same whether the case is brought under FOIA or the APA. According to federal defendants, plaintiffs' claims have nothing to do with the tribal rights, interests, or concerns, and plaintiffs have not articulated why the documents are necessary for judicial review. Although *in camera* review of

Page 10 – OPINION AND ORDER ON MOTION TO COMPEL
*Thrive Hood River v. Loftsgaarden*, 3:22-cv-01981-AR

the documents is unnecessary, federal defendants posit, they have agreed to provide them at the court's request. (Defs.' Supp. Br. at 9, ECF 59.)

The court is not persuaded by plaintiffs' contention that the CHCA and NHPA cannot apply to the documents because this action is proceeding under the APA and not FOIA. Just as federal courts have examined FOIA precedent in non-FOIA deliberative-process privilege claims, the court can consider the privacy aims of the CHCA and NHPA in federal defendants' asserted privilege for this APA proceeding. *See F.T.C. v. Warner Comm'cns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (examining FOIA cases when assessing deliberative process privilege claim in litigation seeking to block merger); *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, CV 14-1667 PSG (Cwx), 2015 WL 3606419, at *2, 8-9 (C.D. Cal. 2015) (considering assertion of privilege under NHPA in APA case); *All. for the Rockies v. Pena*, 2:16-cv-294-RMP, 2017 WL 8778579, at *2 (E.D. Wash. Dec. 12, 2017) (discussing FOIA and APA cases when considering deliberative process privilege). Even so, the court cannot tell from the limited privilege log that the 13 documents include the kind of information protected by CHCA and NHPA. That is, federal defendants have not provided enough information about each of the 13 documents for the court to assess whether the tribal resources are identified by site, use, or specific location, their efforts to consult with the Secretary or the applicable tribes to assess the risk of harm, or if redacting sensitive character or locational information would adequately protect tribal interests in the circumstances of this case.

Accordingly, the court concludes that reviewing the documents *in camera* is the promptest way to resolve the parties' dispute. *See In re Grand Jury Subpoena*, 127 F.4th 139, 145 (9th Cir. 2025) (stating that district court has authority to require documents be produced *in*

*camera* to assess claim of privilege). Federal defendants must provide the court with copies of the 13 documents identified in the privilege log within seven days of the date of this Opinion and Order. After reviewing those documents, the court will determine which, if any, documents are privileged or must be included in the administrative record and in what form.

## CONCLUSION

For the above reasons, plaintiffs' motion to compel completion of the administrative record (ECF 51) is DENIED IN PART and GRANTED IN PART. Federal defendants must provide the 13 documents they contend are privileged under the CHCA and NHPA within **seven days (or May 21, 2025)**.

DATED: May 14, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge