Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@lokga.net

*Attorneys for Plaintiffs Thrive Hood River, Oregon Wild, Sierra Club, Oregon Nordic Club, Friends of Mount Hood, Oregon Kayak and Canoe Club, and Mike McCarthy*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| THRIVE HOOD RIVER, OREGON WILD, SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB, and MIKE McCARTHY,<br><br>          Plaintiffs,<br><br>    v.<br><br>META LOFTSGAARDEN, Forest Supervisor for the Mt. Hood National Forest, and the UNITED STATED FOREST SERVICE,<br><br>          Defendants,<br>and<br><br>MT. HOOD MEADOWS OREG., LLC,<br><br>          Defendant-Intervenor. | Case No. 3:22-cv-01981-AR<br><br>**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE ARMISTEAD'S NON-DISPOSITIVE PRETRAIL OPINION AND ORDER DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** |

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a),[1] Plaintiffs object to Magistrate Judge Armistead's Opinion and Order on Motion to Compel ("Order," ECF 60) insofar as it declines to grant Plaintiffs' request (ECF 51) to require the Forest Service to prepare and file a full privilege log.

When reviewing nondispositive rulings from a magistrate judge, the Court should modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The 'contrary to law' standard applies to conclusions of law and allows for *de novo* review." *Nationstar Mortg., LLC v. Decker*, 3:13-CV-1793-PK, 2015 WL 519884, at *1 (D. Or. Feb. 9, 2015). "The 'clearly erroneous' standard applies to findings of fact." *Id.* "There is clear error when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. Nov. 5, 2009) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Plaintiffs specifically object to the portion of the Order declining to require a full privilege log of documents withheld by the Forest Service as "deliberative." ECF 60 at 5-8. As explained in Plaintiffs' Motion to Compel (ECF 51), circumstances have changed such that there is now adequate justification for this Court to require the preparation of a full privilege log detailing the alleged "deliberative" documents withheld by the Forest Service. As recently revealed, the Forest Service's improper handling of the administrative record (AR) has overcome any applicable presumption of regularity regarding its preparation. As such, the portion of the

---

[1] Rule 72(a) provides, in part, that "[a] party may not assign as error [on appeal] a defect in [a magistrate judge's] order not timely objected to."

Order denying Plaintiffs' request for a full privilege log is clearly erroneous and contrary to law and should be set aside.

Events of the past few days underscore the need to scrutinize the Forest Service's AR-related decisions. The Forest Service has for months said that it was withholding documents as privileged under the Cultural and Heritage Cooperation Authority and National Historic Preservation Act. *See, e.g.,* ECF 52-1 & 52-2. Plaintiffs challenged the withholding of those documents, the issue was fully briefed, and Judge Armistead ordered the Forest Service to produce the withheld documents for *in camera* review to decide whether they should be added to the AR, redacted or withheld, or some combination of the two. ECF 60 at 9-12.[2] Upon receiving the "withheld" documents from the Forest Service, Judge Armistead discovered that they were, in fact, *already in the AR previously filed by the Forest Service*. *See* ECF 63. The Forest Service's representation that it was withholding certain documents was, therefore, false.

This is just the latest example of incorrect statements and questionable actions undermining the Forest Service's credibility with regard to the AR in this case. Others are discussed in Plaintiffs' Motion to Compel (ECF 51). If the Forest Service cannot be trusted to check the existing AR before making claims of withholding and privilege—leading to motion practice and significant expenditure of time and resources from the parties and the Court—it cannot be trusted with its unilateral (and as yet unreviewed) determinations *by a non-lawyer* that many additional withheld documents are "deliberative." In sum, there is now ample evidence of "impropriety" regarding the Forest Service's preparation and handling of the AR and any applicable presumption of regularity has been overcome. A full privilege log describing the withheld "deliberative" documents is now justified.

---

[2]    Plaintiffs do not challenge this portion of the Opinion and Order.

In objecting to the Order, Plaintiffs specifically rely upon and incorporate herein the arguments and authorities cited in the Motion to Complete (ECF 51), the supporting Declaration (ECF 52), and the Reply (ECF 56).

For these reasons, Plaintiffs respectfully request that the Court modify or set aside the portions of the Order (ECF 60) declining to require the Forest Service to prepare a full privilege log.

Respectfully submitted this 6th day of June 2025.

    /s/ Jesse A. Buss
Jesse A. Buss, OSB # 122919
Bridgett Chevallier, OSB #204997
Willamette Law Group, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

    /s/ Karl G. Anuta
Karl G. Anuta, OSB No. 861423
Law Office of Karl G. Anuta, P.C.
735 S.W. First Ave.
Portland OR 97204
Tel: 503-827-0320
Fax: 503-386-2168
Email: kga@lokga.net