IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THRIVE HOOD RIVER**, **OREGON WILD**, **SIERRA CLUB, OREGON NORDIC CLUB, FRIENDS OF MOUNT HOOD, OREGON KAYAK AND CANOE CLUB,** and **MIKE MCCARTHY,**<br><br>        Plaintiffs,<br><br>        v.<br><br>**META LOFTSGAARDEN**, **Forest Supervisor for the Mt. Hood National Forest**, and the **UNITED STATES FOREST SERVICE,**<br><br>        Defendants,<br><br>and<br><br>**MT. HOOD MEADOWS OREG., LLC**,<br><br>        Defendant-Intervenor | Case No. 3:22-cv-1981-AR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      Before the Court is Plaintiffs' appeal of United States Magistrate Judge Jeff Armistead's June 6, 2025 Opinion and Order granting in part and denying in part Plaintiffs' motion to compel. The Court overrules Plaintiffs' objection and affirms Judge Armistead's ruling.

PAGE 1 – ORDER

## STANDARDS

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997) (quotation

marks omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

## BACKGROUND

On May 14, 2025, Judge Armistead issued an Opinion and Order granting in part and denying in part Plaintiffs' motion to compel completion of the administrative record ("AR"). Judge Armistead ordered that Defendants Meta Loftsgaarden and the United States Forest Service ("Federal Defendants") provide within seven days 13 documents they asserted were privileged under two federal statutes. *See* ECF 60 at 12. On June 6, 2025, after reviewing the AR, Judge Armistead learned that those 13 documents *already* were contained within the AR. After he notified the parties, the parties agreed that the 13 documents would remain in the AR with only specific locational information about peeled cedar trees redacted. Judge Armistead ruled that the portion of Plaintiffs' motion concerning those 13 documents was moot.

In the same Opinion and Order, Judge Armistead denied Plaintiffs' motion to compel the Federal Defendants to produce a full privilege log identifying documents withheld as "deliberative process" documents. Plaintiffs object that the Forest Service should be required to provide a privilege log because the Forest Service improperly handled the creation of the AR.

## DISCUSSION

Plaintiffs argue that they are entitled to a full privilege log because of the Forest Service's error in listing on its privilege log documents already contained in the AR. According to

Plaintiffs, the Forest Service's oversight "is just the latest example of incorrect statements and questionable actions undermining the Forest Service's credibility with regard to the AR in this case." But as the Federal Defendants assert, Plaintiffs have not provided authorities or persuasive argument that this error establishes bad faith or impropriety. The AR is more than 50,000 pages long; the pending motion concerns 13 relatively short documents. The Federal Defendants overlooking these 13 documents was an error that led to a waste of time and resources, but the Court declines to find "a showing of bad faith or improper behavior" such that it would warrant Plaintiffs' sought relief. *See Blue Mountains Biodiversity Proj. v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (quotation marks omitted). Judge Armistead's Opinion and Order denying Plaintiffs' motion to compel a full privilege log is not clearly erroneous nor contrary to law.

Moreover, Federal Defendants are not solely to blame for what Plaintiffs describe as "significant expenditure of time and resources from the parties and the Court." The Federal Defendants' privilege log, which lists the 13 documents, is located at ECF 52-1 as the first attachment to the Declaration of Jesse A. Buss, ECF 52. The privilege log contains the following information with respect to each document: date, author, recipient, a short description, and the source of privilege. The Federal Defendants' index to the AR, located at ECF 39-1, is 138 pages long and lists each document by date, author, description, and pagination in the AR. Using the information in the privilege log, the Court easily was able to find the documents in the privilege log within the AR index. Plaintiffs could have also conducted a quick search of the AR for the documents listed in the privilege log before filing their motion to compel. If Plaintiffs had done so, then they could have avoided filing the pending motion.

PAGE 4 – ORDER

## CONCLUSION

The Court OVERRULES Plaintiffs' objections, ECF 64, and AFFIRMS Judge Armistead's Opinion and Order, ECF 60.

**IT IS SO ORDERED**.

DATED this 24th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge